# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ABBE, individually and on behalf of all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 05cv1629 DMS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL**<br><br>[Doc. 291] |

On November 9, 2007, the Court granted in part and denied in part Defendant's motion for summary judgment (the "Summary Judgment Order"). On February 4, 2008, the Court denied reconsideration of the Summary Judgment Order (the "Reconsideration Order"). In the Reconsideration Order, the Court indicated the following three portions of the Summary Judgment Order may be appropriate for interlocutory appeal: (1) the Court's decision that Plaintiffs' evidence failed to create a material question of fact regarding whether Plaintiffs' pre-shift and post-shift donning and doffing of uniforms and equipment is compensable under the Portal-to-Portal Act; (2) the Court's determination that police uniforms (excluding safety equipment) constitute "clothes" within the meaning of 29 U.S.C. Section 203(o); and (3) the Court's determination that Defendant established a Section 207(k) schedule as a matter of law (collectively, the "Appealable Issues").

1      Plaintiffs now bring a motion "to certify this Court's Order of February 4, 2008 [the
2 Reconsideration Order]." The motion is granted in part and denied in part, and further proceedings
3 shall be stayed while Plaintiffs' application for interlocutory appeal is pending in the Ninth Circuit
4 Court of Appeals.

5      Formal certification of issues for interlocutory appeal requires the Court to find the
6 interlocutory order "involves a controlling question of law as to which there is substantial ground for
7 difference of opinion and that an immediate appeal from the order may materially advance the ultimate
8 termination of the litigation." 28 U.S.C. § 1292(b). Here, all parties and the Court agree that the three
9 Appealable Issues meet this standard. Those three issues are therefore certified for interlocutory appeal
10 under the standard set forth in Section 1292(b).

11     However, the Appealable Issues were decided in the Summary Judgment Order, not the
12 Reconsideration Order. In the Reconsideration Order, the Court determined reconsideration of the
13 Summary Judgment Order was unwarranted, since (1) it contained no manifest errors of law; (2) there
14 has been no intervening change in law; (3) Plaintiffs produced no newly-discovered or previously
15 unavailable evidence; and (4) reconsideration would not have prevented manifest injustice.
16 (Reconsideration Order at 1, 5). The determination that reconsideration of the Summary Judgment
17 Order was unwarranted does not "involve a controlling question of law as to which there is substantial
18 ground for difference of opinion." *See* 28 U.S.C. § 1292(b).

19     The Court therefore certifies the Appealable Issues decided in the Summary Judgment Order
20 for interlocutory appeal to the Court of Appeals for the Ninth Circuit and stays further proceedings in
21 this Court pending a decision on Plaintiffs' petition for interlocutory review. Certification of the
22 Reconsideration Order and the issues decided therein is denied.

23 **IT IS SO ORDERED.**

24 DATED: February 12, 2008

26                        HON. DANA M. SABRAW
                         United States District Judge