1  Peter H. Benzian (Bar No. 47456)
   Colleen C. Smith (Bar No. 231216)
2  Michael P. Pulos (Bar No. 246474)
   Aryn P. Thomas (Bar No. 247989)
3  LATHAM & WATKINS LLP
   600 West Broadway, Suite 1800
4  San Diego, California  92101-3375
   Telephone:  (619) 236-1234
5  Facsimile:  (619) 696-7419

6  George F. Schaefer (Bar No. 125239)
   Deputy City Attorney
7  Office of the City Attorney
   1200 Third Avenue, Suite 1100
8  San Diego, California 92101-4100
   Telephone:  (619) 533-5800
9  Facsimile:  (619) 533-5856
   Attorneys for Defendant the City
10 of San Diego

11 H. Alim Malik (Bar No. 145546)
   Christopher D. Nissen (Bar No. 202034)
12 JACKSON, DeMARCO, TIDUS & PECKENPAUGH
   2030 Main Street, Suite 1200
13 Irvine, California  92614
   Telephone:  (949) 752-8585
14 Facsimile:  (949) 752-0597
   Attorneys for Plaintiffs Marcus Abbe *et al.*
15
   Gregory G. Petersen (Bar No. 77744)
16 Kim Nguyen (Bar No. 162783)
   Juan D. Garcia (Bar No. 215980)
17 Fenja Klaus (Bar No. 224498)
   PETERSEN LAW FIRM, A Law Corporation
18 3100 Airway Avenue, Suite 109
   Costa Mesa, California 92626
19 Telephone:  (949) 335-1300
   Facsimile:  (714) 850-0274
20 Attorneys for Plaintiffs Marcus Abbe *et al.*

21                    UNITED STATES DISTRICT COURT

22                   SOUTHERN DISTRICT OF CALIFORNIA

23

24 MARCUS ABBE, *et al*.            NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

25              Plaintiffs,

26        v.                       **[PROPOSED] JOINT JURY
                                   INSTRUCTIONS**
27 CITY OF SAN DIEGO,

28              Defendant.

SD\651342.1

1

**JOINT PROPOSED JURY INSTRUCTIONS**

2        The parties have met and conferred and, through their respective undersigned counsel,

3   pursuant to this Court's Order Amending Trial Order (Dkt # 495), dated September 2, 2008,

4   submit the following joint proposed Jury Instructions.  The parties will separately file proposed

5   special instructions.  On October 6, 2008, the parties will file objections to the proposed special

6   instructions, in accordance with the Court's Order dated September 24, 2008 (Dkt # 508).

7   Respectfully submitted,

8   Dated:  September 26, 2008              **LATHAM & WATKINS LLP**

9

10                                         By_____s/Colleen C. Smith_____
                                              Colleen C. Smith
11                                            colleen.smith@lw.com
                                              Attorneys for Defendant City of San Diego
12

13   Dated:  September 26, 2008             **JACKSON, DeMARCO, TIDUS &
                                            PECKENPAUGH**
14

15                                         By_____s/Christopher D. Nissen_____
                                              Christopher D. Nissen
16                                            cnissen@jdtplaw.com
                                              Attorneys for Plaintiffs Marcus Abbe *et al.*
17

18   Dated:  September 26, 2008             **PETERSEN LAW FIRM**

19                                         By_____s/Gregory G. Petersen_____
                                              Gregory G. Petersen
20                                            gpetersen@petersenlawfirm.com
                                              Attorneys for Plaintiffs Marcus Abbe *et al.*

21

22

23

24

25

26

27

28

# INSTRUCTIONS BEFORE TRIAL

## JOINT PROPOSED JURY INSTRUCTION NO. 1

### 1.1B Duty of Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 1.1B Duty of Jury

1

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

2

**1.3 Burden of Proof—Preponderance of the Evidence**

3
4

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

5

You should base your decision on all of the evidence, regardless of which party presented it.

6
7

Source:       Ninth Circuit Civil Model Jury Instructions (2007), No. 1.3 Burden of Proof—Preponderance of the Evidence

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

2 **1.6 What Is Evidence**

3 The evidence you are to consider in deciding what the facts are consists of the following:

4 (1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
5 (3) any facts to which the lawyers have agreed.

6 Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 1.6 What is Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

**1.7 What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source:           Ninth Circuit Civil Model Jury Instructions (2007), No. 1.7 What is Not Evidence

1    **JOINT PROPOSED JURY INSTRUCTION NO. 5**

2    **1.9 Direct And Circumstantial Evidence**

3    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as
     testimony by a witness about what that witness personally saw or heard or did. Circumstantial
4    evidence is proof of one or more facts from which you could find another fact. You should
     consider both kinds of evidence. The law makes no distinction between the weight to be given to
5    either direct or circumstantial evidence. It is for you to decide how much weight to give to any
     evidence.
6
     By way of example, if you wake up in the morning and see that the sidewalk is wet, you may
7    find from that fact that it rained during the night. However, other evidence, such as a turned on
     garden hose, may provide a different explanation for the presence of water on the sidewalk.
8    Therefore, before you decide that a fact has been proved by circumstantial evidence, you must
     consider all the evidence in the light of reason, experience, and common sense.
9
     Source:      Ninth Circuit Civil Model Jury Instructions (2007), No. 1.9 Direct and
10                Circumstantial Evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

**1.10 Ruling On Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source:     Ninth Circuit Civil Model Jury Instructions (2007), No. 1.10 Ruling on Objections

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

**1.11 Credibility Of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;
(2)     the witness' memory;
(3)     the witness' manner while testifying;
(4)     the witness' interest in the outcome of the case and any bias or prejudice;
(5)     whether other evidence contradicted the witness' testimony;
(6)     the reasonableness of the witness' testimony in light of all the evidence; and
(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Source:     Ninth Circuit Civil Model Jury Instructions (2007), No. 1.11 Credibility of Witnesses

1 **JOINT PROPOSED JURY INSTRUCTION NO. 8**

2 **1.12 Conduct Of The Jury**

3 I will now say a few words about your conduct as jurors.

4 First, you are not to discuss this case with anyone, including members of your family, people
involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or
5 through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit
others to discuss the case with you. If anyone approaches you and tries to talk to you about the
6 case, please let me know about it immediately;

7 Second, do not read or listen to any news stories, articles, radio, television, or online reports
about the case or about anyone who has anything to do with it;

8

9 Third, do not do any research, such as consulting dictionaries, searching the Internet or using
other reference materials, and do not make any investigation about the case on your own;

10 Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk]
[law clerk] to give to me; and

11

12 Fifth, do not make up your mind about what the verdict should be until after you have gone to
the jury room to decide the case and you and your fellow jurors have discussed the evidence.
Keep an open mind until then.

13

14 Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the
case with your fellow jurors.

15 Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 1.12 Credibility of
Witnesses

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 9**

2

**1.13 No Transcript Available To Jury**

3

During deliberations, you will have to make your decision based on what you recall of the
evidence. You will not have a transcript of the trial. I urge you to pay close attention to the
testimony as it is given.

4

5

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me
know so that I can correct the problem.

6

7

Source:         Ninth Circuit Civil Model Jury Instructions (2007), No. 1.13 No Transcript
                Available to Jury

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 10**

**1.14 Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source:         Ninth Circuit Civil Model Jury Instructions (2007), No. 1.14 Taking Notes

# JOINT PROPOSED JURY INSTRUCTION NO. 11

**1.15 Questions to Witnesses by Jurors**

INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate. Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1. At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

3. The judge asks the question of the witness;

4. Counsel are permitted to ask appropriate follow-up questions; and

5. The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 1.15 Questions to Witnesses by Jurors

**JOINT PROPOSED JURY INSTRUCTION NO. 12**

**1.18 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 1.18 Taking Notes

**JOINT PROPOSED JURY INSTRUCTION NO. 13**

**1.19 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 1.19 Taking Notes

1

**JURY INSTRUCTIONS DURING TRIAL**

2

**JOINT PROPOSED JURY INSTRUCTION NO. 14**

3

**Conduct of the Jury**

4

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

5

6

7

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it.

8

9

Likewise, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

10

11

If you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me. I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

12

Source:        (Modified) Ninth Circuit Civil Model Jury Instructions (2007), No. 1.12
               Credibility of Witnesses

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 15**

2

**2.1 Stipulated Testimony**

3

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

4

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 2.1 Stipulated Testimony

5

Note:            These matters have not been discussed between counsel and will be decided

6                    before or at the Pre-Trial Conference.  Therefore, this instruction is offered only
                    in the event that it is needed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

2

**2.2 Stipulations of Fact**

3

The parties have agreed to certain facts [to be placed in evidence as Exhibit ____] [that will be read to you].  You should therefore treat these facts as having been proved.

4

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 2.2 Stipulation of Fact

5

Note:            These matters have not been discussed between counsel and will be decided

6

before or at the Pre-Trial Conference.  Therefore, this instruction is offered only in the event that it is needed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 17**

**2.3 Judicial Notice**

The court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject. You must accept this fact as true.

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 2.3 Judicial Notice

Note:          These matters have not been discussed between counsel and will be decided before or at the Pre-Trial Conference.  Therefore, this instruction is offered only in the event that it is needed.

**JOINT PROPOSED JURY INSTRUCTION NO. 18**

**2.4 Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 2.4 Deposition in Lieu of Live Testimony

Note:            These matters have not been discussed between counsel and will be decided before or at the Pre-Trial Conference.  Therefore, this instruction is offered only in the event that it is needed.

1

**JOINT PROPOSED JURY INSTRUCTION NO. 19**

2

**2.10 Use of Interrogatories of A Party**

3

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

4

5

6

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 2.10 Use of
                   Interrogatories of A Party

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1

**JOINT PROPOSED JURY INSTRUCTION NO. 20**

2

**2.11 Expert Opinion**

3

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

4

5

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

6

7

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 2.11 Expert Opinion

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

2

**2.12 Charts and Summaries Not Received in Evidence**

3

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.

4

They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries

5

and determine the facts from the underlying evidence.

6

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 2.12 Charts and
                      Summaries Not Received in Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 22**

2

**2.13 Charts and Summaries in Evidence**

3

Certain charts and summaries [may be] [have been] received into evidence to illustrate
information brought out in the trial. Charts and summaries are only as good as the underlying
4   evidence that supports them. You should, therefore, give them only such weight as you think the
underlying evidence deserves.

5

Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 2.13 Charts and
6                      Summaries in Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **JOINT PROPOSED JURY INSTRUCTION NO. 23**

2    **2.14 Evidence in Electronic Format**

3    Those exhibits capable of being displayed electronically will be provided to you in that form, and
     you will be able to view them in the jury room. A computer, projector, printer and accessory
4    equipment will be available to you in the jury room.

5    A court technician will show you how to operate the computer and other equipment; how to
     locate and view the exhibits on the computer; and how to print the exhibits. You will also be
6    provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a
     paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)

7

8    If you need additional equipment or supplies, you may make a request by sending a note.  In the
     event of any technical problem, or if you have questions about how to operate the computer or
     other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by
9    one or more members of the jury. Be as brief as possible in describing the problem and do not
     refer to or discuss any exhibit you were attempting to view.

10

11   If a technical problem or question requires hands-on maintenance or instruction, a court
     technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole
     purpose of assuring that the only matter that is discussed is the technical problem.] When the
12   court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may
     say anything to the court technician or any non-juror other than to describe the technical problem
13   or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of
     the case.

14

15   The sole purpose of providing the computer in the jury room is to enable jurors to view the
     exhibits received in evidence in this case. You may not use the computer for any other purpose.
     At my direction, technicians have taken steps to make sure that the computer does not permit
16   access to the Internet or to any "outside" website, database, directory, game, or other material.
     Do not attempt to alter the computer to obtain access to such materials.  If you discover that the
17   computer provides or allows access to such materials, you must inform me immediately and
     refrain from viewing such materials. Do not remove the computer or any electronic data [disk]
18   from the jury room, and do not copy any such data.

19   Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 2.14 Evidence in
                    Electronic Format
20

21

22

23

24

25

26

27

28

## JURY INSTRUCTIONS AFTER CLOSE OF EVIDENCE

### JOINT PROPOSED JURY INSTRUCTION NO. 24

**1.1C Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 1.1C Duty of Jury

**JOINT PROPOSED JURY INSTRUCTION NO. 25**

**3.1 Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 3.1 Duty to Deliberate

1          **JOINT PROPOSED JURY INSTRUCTION NO. 26**

2     **3.2 Communication With Court**

3     If it becomes necessary during your deliberations to communicate with me, you may send a note
      through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the
4     jury. No member of the jury should ever attempt to communicate with me except by a signed
      writing; I will communicate with any member of the jury on anything concerning the case only
5     in writing, or here in open court. If you send out a question, I will consult with the parties before
      answering it, which may take some time. You may continue your deliberations while waiting for
6     the answer to any question. Remember that you are not to tell anyone—including me—how the
      jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have
7     been discharged. Do not disclose any vote count in any note to the court.

8     Source:        Ninth Circuit Civil Model Jury Instructions (2007), No. 3.2 Communication With
                     Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 27**

2

**3.3 Return of Special Verdict**

3

    A special verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the special verdict form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

4

5

Source:         Ninth Circuit Civil Model Jury Instructions (2007), No. 3.3 Return of Verdict (modified)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 28**

**3.5 Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

Source:          Ninth Circuit Civil Model Jury Instructions (2007), No. 3.5 Deadlock Jury

1

## INSTRUCTIONS ON THE LAW

2

### JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 29

3

**Statute of Limitations**

4

Under Federal law, the normal statute of limitations for FLSA violations is two years, meaning that an employee has two years after the wrongful conduct occurred to file suit.

5

6

The two year federal statute of limitations applies, unless the claim for unpaid overtime arises out of a willful violation.  Claims arising out of a willful violation may be commenced within a three year statute of limitation after the wrongful conduct occurred.

7

8

Thus, if you find for the Plaintiffs on their claims for unpaid overtime, Plaintiffs may be entitled to extend the statute of limitations by one year if they prove by a preponderance of the evidence that Defendant's failure to pay overtime was willful.

9

Authority:      29 U.S.C. § 255(a); Pattern Jury Instructions, Labor and Employment Claims, No. 11.1 (5th Cir., 1992 ed).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 30**

2    **Preliminary and Postliminary Activities**

3    Under federal law, an employer does not have to pay its employees for activities that are
     "preliminary" or "postliminary" to the principal activities that they were employed to perform.
4

5    Authority:        29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*,
                       546 U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956).
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 31**

2

**Work Performed Away From Premises**

3

Plaintiffs have alleged that they performed "work" at home or other locations at times outside of their scheduled shifts, for which they have not been compensated.

4

5

If you find that Plaintiffs did perform activities at home or other locations, you must determine: 1) whether such activities were "work" ([cross-reference work instruction(s)]), and 2) whether the City "suffered or permitted" the Plaintiffs to perform work at home.  ([cross-reference "suffered or permitted" instruction(s)).

6

7

Authority:     *Tenn. Coal, Iron and R. Co. v. Mucsoda Local No. 123*, 321 U.S. 590, 598 (1944); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944);  *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984); *Lamon v. City of Shawnee*, 972 F.2d 1145, 1158 (10th Cir. 1992); *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162 (D.C. Cir. 1975);  *Smith v. Aztec Well Servicing Co.*, 321 F. Supp. 2d 1234, 1237 (D. N.M. 2004), *aff'd* 462 F.3d 1274 (10th Cir. 2006); *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 713 (E.D. Tex. 2007); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 7, 10.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28