1  Peter H. Benzian (Bar No. 47456)
   Colleen C. Smith (Bar No. 231216)
2  Michael P. Pulos (Bar No. 246474)
   Aryn P. Thomas (Bar No. 247989)
3  LATHAM & WATKINS LLP
   600 West Broadway, Suite 1800
4  San Diego, California  92101-3375
   Telephone:  (619) 236-1234
5  Facsimile:   (619) 696-7419

6  George F. Schaefer (Bar No. 125239)
   Deputy City Attorney
7  Office of the City Attorney
   1200 Third Avenue, Suite 1100
8  San Diego, California 92101-4100
   Telephone:  (619) 533-5800
9  Facsimile:   (619) 533-5856
   Attorneys for Defendant the City
10 of San Diego

11

12

13                     UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

16  MARCUS ABBE, *et al*.                    NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

17              Plaintiffs,
                                             **DEFENDANT CITY OF SAN DIEGO'S**
18       v.                                  **[PROPOSED] SUPPLEMENTAL JURY**
                                             **INSTRUCTIONS**
19  CITY OF SAN DIEGO,

20              Defendant.

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651397.1

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S [PROPOSED]
SUPPLMENTAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

2         Pursuant to this Court's Order Amending Trial Order (Dkt # 495), dated September 2,

3  2008, Defendant the City of San Diego submits the following Supplemental Jury Instructions,

4  numbered 301–328.[1]  The City reserves the right to supplement these proposed instructions once

5  the ten Trial Plaintiffs have been identified to more accurately address the actual claims to be

6  tried.

7

8                                                 Respectfully submitted,

9  Dated:  September 26, 2008                     LATHAM & WATKINS LLP
                                                   Office of the City Attorney
10                                                 George Schaefer, Deputy City Attorney

11                                                 By:  /s/ Colleen C. Smith
                                                       Colleen C. Smith
12                                                     colleen.smith@lw.com
                                                   Attorneys for Defendant the City of San Diego
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[1] For purposes of this submission, and for ease of reference, the parties agreed that Joint Instructions shall be numbered as follows: 1–100 (Joint Instructions); 201–300 (Plaintiffs' Supplemental Instructions); 301–400 (Defendants' Supplemental Instructions).

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651397.1

i

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 301.**
**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs claim that the City failed to compensate them for all hours worked, as is required by the Fair Labor Standards Act (commonly referred to as the FLSA). The Plaintiffs have the burden of proving these claims.

The City denies those claims.  In addition, the City claims that even if the Plaintiffs were entitled to overtime compensation, the City is legally entitled to offset portions of the Plaintiffs' claimed overtime hours.  The City further claims that, in any event, it acted in good faith. These are affirmative defenses for which the City has the burden of proof.

The Plaintiffs deny the City's affirmative defenses.

**Authority**:  Ninth Circuit Model Jury Instructions, 1.2 Claims and Defenses (modified).

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 302.
ELEMENTS OF FAIR LABOR STANDARDS ACT CAUSE OF ACTION**

The FLSA is a federal law that provides for the payment of time-and-a-half overtime pay under certain circumstances. The Plaintiffs claim that the City did not pay them the legally required overtime pay.

In order to prevail on their claims, each Plaintiff must demonstrate all of the following by a preponderance of the evidence:

1. That the Plaintiff was employed by the City;

2. That the Plaintiff's work was engaged in commerce or in the production of goods for commerce;

3. That the Plaintiff actually worked overtime without compensation;

4. The amount and extent of overtime worked; and

5. That the City "suffered or permitted" the Plaintiffs to work uncompensated overtime.

**Authority:** Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act); Eleventh Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act); *see also* 29 U.S.C. § 201 et seq.; 29 U.S.C. §§ 203(g), 207(a)(1), 216; 5 C.F.R. § 551.104 (2006); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988).

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 303.
COMMERCE**

2

3   The term "commerce" has a very broad meaning and includes trade, commerce, transportation,
transmission or communication between any state and any place outside that state.

4

5   **Authority**: Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act) [verbatim];
Eleventh Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act) [verbatim].

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 304.
ENGAGED IN THE PRODUCTION OF GOODS**

3
4
5

A person is considered to have been engaged in the production of goods if the person produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

6
7

**Authority**: Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act) [verbatim]; Eleventh Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act) [verbatim].

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 305.
"WORK"**

2

3   "Work" is any (1) physical or mental exertion (whether burdensome or not), (2) controlled or required by the employer, and (3) pursued necessarily and primarily for the benefit of the employer and its business.

4

5

6   **Authority**:  *Tenn. Coal, Iron & R. Co. v. Mucsoda Local No. 123*, 321 U.S. 590, 598 (1944); *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162 (D.C. Cir. 1975).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 306.
### "NECESSARILY AND PRIMARILY FOR THE BENEFIT OF THE EMPLOYER"

2

3      Mere presence at the workplace does not require compensation.

4      If a Plaintiff engages in an activity as a matter of personal preference or convenience, it is not
       performed primarily and necessarily for the benefit of the employer and is not "work."

5

6      In addition, if job-related activities -- that could be completed during scheduled shift hours -- are
       performed by Plaintiff outside of his or her scheduled shift hours as a matter of his or her own
       convenience or preference, and not primarily for the City's benefit, this time is not "work" and
7      therefore not compensable under the FLSA.

8

       **Authority**:  *Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944);
9      *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984); *see also Lamon v. City of
       Shawnee*, 972 F.2d 1145, 1158 (10th Cir. 1992); *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162
10     (D.C. Cir. 1975);  *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 713 (E.D. Tex.
       2007); *Smith v. Aztec Well Servicing Co.*, 321 F. Supp. 2d 1234, 1237 (D. N.M. 2004), *aff'd* 462
11     F.3d 1274 (10th Cir. 2006); *Clarke v. City of New York*,  2008 WL 3398474, *8  (S.D.N.Y. June
       16, 2008); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 7, 10.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 307.
"SUFFERED OR PERMITTED"
ACTUAL OR CONSTRUCTIVE KNOWLEDGE**

2

3

An employer has "suffered or permitted" an employee to work uncompensated overtime only if the employer had "actual or constructive knowledge" that the employee worked overtime without compensation, and the employer had the opportunity to prevent the work from being performed.

4

5

An employer has *actual knowledge* of uncompensated overtime work when the employer actually knows of the particular employee's performance of uncompensated overtime work.

6

7

An employer has *constructive knowledge* of uncompensated overtime work when the employer should have known of the employee's uncompensated overtime work.  Thus, if you find that the City merely "could have known" about uncompensated overtime work being performed by a Plaintiff, there is no constructive knowledge.

8

9

10

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Lindow v. United States*, 738 F.2d 1057, 1060–62 (9th Cir. 1984); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988), *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Fox v. Summit King Mines, Ltd.*, 143 F.2d 926, 932 (9th Cir. 1944); *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 12–13.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 308.**
**"SUFFERED OR PERMITTED"**
**ACTUAL OR CONSTRUCTIVE KNOWLEDGE**

3

4

An employer who is armed with actual or constructive knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.

5

6

7

8

However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA, unless the employee can prove that the employer instructed the employee to falsify his or her time records to underreport overtime worked.

9

10

**Authority**:  *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 309.
## "SUFFERED OR PERMITTED"
## ACTUAL OR CONSTRUCTIVE KNOWLEDGE

An employer must have an opportunity to comply with the provisions of the FLSA. This is not to say that an employer may escape responsibility by negligently maintaining records required by the FLSA, or by deliberately turning its back on a situation.  However, where the acts of an employee prevent an employer from acquiring knowledge of alleged uncompensated overtime hours, the employer cannot be said to have "suffered or permitted" the employee to work in violation of the FLSA.

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Millington v. Morrow County Bd. of Comm'rs*, No. 2:06-cv-347, 2007 WL 2908817, *9; 2007 U.S. Dist. LEXIS 74348, *23 (S.D. Ohio Oct. 4, 2007) (*citing Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984)); *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999).

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 310.**
**ACTUAL OR CONSTRUCTIVE KNOWLEDGE**
2
**THE EMPLOYER -- DEFINED**

3

For purposes of determining whether the City had "actual or constructive knowledge," you must
4    look to the knowledge possessed by the City's upper management, in other words, City Officials
or San Diego Police Department personnel of the rank of Lieutenant or above.
5

6    **Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *In re Food Lion
Effective Scheduling Litig.*, 861 F. Supp. 1263, 1272–73 (E.D.N.C. 1994); *Pforr v. Food Lion,
7    Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir.
1986) (companion cases).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 311.
### "SUFFER OR PERMITTED"
### UNCOMPENSATED OVERTIME IN LIGHT OF EMPLOYER DIRECTIVE

3

4

5

6

An employer may take steps to help live within its budget by issuing directives to employees not to work overtime without authorization. If the employee could have performed the work during regular hours and the employer did not pressure the employee to work overtime, an employer's directive not to work overtime establishes that the employer did not "suffer or permit" work to be done. Under these circumstances, the employer is not liable for overtime compensation.

7

8

9

10

11

**Authority**: *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Lindow v. United States*, 738 F.2d 1057, 1060–62 (9th Cir. 1984); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988), *Davis v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Fox v. Summit King Mines, Ltd.*, 143 F.2d 926, 932 (9th Cir. 1944); *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 12–13; *Millington v. Morrow County Bd. of Comm'rs*, No. 2:06-cv-347, 2007 WL 2908817, *9; 2007 U.S. Dist. LEXIS 74348, *23 (S.D. Ohio Oct. 4, 2007) (*citing Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984)).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 312.**
**"AMOUNT AND EXTENT OF OVERTIME WORKED"**

2

3   If an employee establishes that he or she actually worked compensable overtime, then the
employee must next prove the amount and extent of overtime worked.

4

5   If the employee is unable to produce accurate evidence of the overtime hours he or she worked
using the employer's records, the employee may meet his or her burden of proof by showing that
the employer failed to keep accurate and complete records of all hours worked.  If the employee
6   makes this showing, then the employee may establish the hours he or she worked by "just and
reasonable inference."

7

8   However, if the inaccuracy or incompleteness of the employer's records is caused by the
employee's own failure to provide accurate information to the employer regarding the amount of
overtime worked, then the employee is responsible for inaccuracies in the records pertaining to
9   him or her.  In that case, the employee may not claim that the employer's records were
inaccurate and incomplete, unless the employee can prove that the employer instructed the
10   employee to falsify his or her time records to underreport overtime worked.

11

**Authority**:  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Newton v. City of*
12   *Henderson*, 47 F.3d 746, 749–50 (5th Cir. 1995); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d
1324, 1327 (5th Cir. 1972), relied upon in *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 574 F.
13   Supp. 630, 632 (D. Ore. 1979), *aff'd at* 646 F.2d 413 (9th Cir. 1981); *Walling v. Woodruff*, 49 F.
Supp. 52, 55 (M.D. Ga. 1942).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 313.**
**"*DE MINIMIS*"**

2

3   If you find that any of the activities for which Plaintiffs claim compensation should be
considered "work," the City is not required to pay Plaintiffs for any of these activities that take
4   only an insubstantial or "*de minimis*" amount of time to complete.  *De minimis* is a legal term
that is used to describe something that is so insubstantial or minimal that it is unworthy of the
5   law's attention.  The *de minimis* rule allows the City to disregard insubstantial or insignificant
amounts of time outside of the scheduled work hours, which cannot be precisely recorded for
6   payroll purposes.

7   While there is no precise amount of time that should be considered *de minimis*, if an employee
spends less than ten minutes each day engaged in the activity, this time may be considered *de*
8   *minimis*.

9   Plaintiffs have the burden of proof, and must establish that the work performed is not *de minimis*.

10   In determining whether the time spent by Plaintiffs engaged in particular activities is *de minimis*,
you should consider the following three factors:
11

12   (1)  The practical administrative difficulty of recording the time.  The more difficult it would be
for the employer to record the overtime, the more likely it is that the time is *de minimis* and
therefore not compensable.
13

14   (2)  The aggregate or total amount of compensable time spent by each Plaintiff; and

15   (3)  The irregularity of the additional work.  In other words, are these activities performed at a
fixed time every day? Are they performed at the same location and in the same manner each
16   day? The more irregular and unpredictable the additional work, the more likely that the time is
*de minimis* and therefore not compensable.

17   Not all of these factors need to be proven for you to find that the activities are *de minimis*. If in
balancing these factors, you find that the time is *de minimis*, the plaintiffs will not be
18   compensated for these activities.

19

**Authority**:  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Alvarez v. IBP,*
20   *Inc.*, 339 F.3d 894, 903-04 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005); *Bobo v.*
*United States (Bobo),* 136 F.3d 1465, 1468 (Fed. Cir. 1998); *Lindow v. United States*, 738 F.2d
21   1057, 1063–64 (9th Cir. 1984); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509,
518-20 (E.D. Tex. 2001); *Adams v. United States,* 65 Fed. Cl. 217, 222 (2005); *Abbe v. City of*
22   *San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 11; *Bull v. United States (Bull I)*, 68 Fed. Cl. 212,
220-21 (Fed. Cl. 2005) (citing *Anderson*, 328 U.S. at 693).

23

24

25

26

27

28

1

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 314.
### PRELIMINARY ACTIVITIES

2

3   An activity is "preliminary" if it:

4   (1) is performed by an employee before the commencement of the principal activity that the employee is employed to perform; and

5

6   (2) is not "integral and indispensable" to the principal activity that the employee is employed to perform.

7   To be "integral and indispensable" to the principal activity, an activity must be necessary to the principal work performed and done primarily for the benefit of the employer.

8

9   You have heard testimony from the Plaintiffs that they arrived early before their shifts began to perform certain types of activities.  As to each particular activity that a Plaintiff contends he or she performed before his or her shift began, you must therefore consider whether those activities

10   were (1) necessarily performed prior to the commencement of the Plaintiff's shift and (2) done primarily for the benefit of the City, rather than for the Plaintiff's own convenience or

11   preference.

12   If you find that it is not necessary for a certain activity to be performed prior to the time the Plaintiff's shift began, the activity is preliminary and is not compensable.

13

14   However, if you find that it was necessary for a given activity to be performed prior to the start of the Plaintiff's shift time (i.e., could not be performed once the shift has begun or at some point later), the activity may be compensable if it is also performed primarily for the benefit of the

15   City.

16

17   **Authority:** 29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *Gorman v. Consol. Edison Corp.*, 488 F. 3d 586, 586–94 (2d Cir. 2007); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d

18   1340, 1344 (11th Cir. 2007); *Bull v. United States (Bull I)*, 68 Fed. Cl. 212, 220-21 (Fed. Cl. 2005) (quoting *Anderson,* 328 U.S. at 693); *Abbey v. United States*, 82 Fed. Cl. 722, 727 -728

19   (2008).

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 315.
POSTLIMINARY ACTIVITIES**

2

3   An activity is "postliminary" if it:

4   (1) is performed by an employee after the completion of the principal activity that the employee is employed to perform; and

5

6   (2) is not "integral and indispensable" to the principal activity that the employee is employed to perform.

7   To be "integral and indispensable" to the principal activity, an activity must be necessary to the principal work performed and done primarily for the benefit of the employer.

8

9   You have heard testimony from the Plaintiffs that they stayed after their shifts ended to perform certain types of activities. As to each particular activity that a Plaintiff contends he or she performed after his or her shift ended, you must consider whether those activities were (1) necessarily performed after the completion of the Plaintiff's shift and (2) done primarily for the benefit of the City, rather than for the Plaintiff's own convenience or preference.

10

11

12   If you find that it was not necessary for a certain activity to be performed after the completion of the Plaintiff's shift, the activity is postliminary and is not compensable.

13   However, if you find that it was necessary for a given activity to be performed after the completion of the Plaintiff's shift (i.e., could not be performed before the shift has ended or at some point earlier), the activity may be compensable only if it is also performed primarily for the benefit of the City.

14

15

16   **Authority:** 29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *Gorman v. Consol. Edison Corp.*, 488 F. 3d 586, 586–94 (2d Cir. 2007); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1344 (11th Cir. 2007); *Bull v. United States (Bull I)*, 68 Fed. Cl. 212, 220-21 (Fed. Cl. 2005) (quoting *Anderson*, 328 U.S. at 693); *Abbey v. United States*, 82 Fed. Cl. 722, 727 -728 (2008).

17

18

19

20

21

22

23

24

25

26

27

28

1

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 316.
### MEAL PERIODS (CODE 7)

2

3   Where employees are paid for meal periods (whether duty-free or not), the Fair Labor Standards
    Act does not require employers to compensate employees for an additional half hour for times

4   that the employees did not receive a duty-free meal period.

5   For example, if an employee is scheduled to work a ten-hour shift which includes a thirty-minute
    meal period, and the employer pays the employee for ten hours, the employee is not entitled to

6   any additional compensation under the FLSA even if the employee's meal period is interrupted
    or the employee works through his or her meal-period, because he or she has already been

7   compensated for a full ten hours.

8

**Authority**:  29 C.F.R. § 785.19; 29 C.F.R. §§ 553.223, 778.320; *Leahy v. City of Chicago*, 96

9   F.3d 228 (7th Cir. 1996); *Nelson v. Waste Mgmt. of Alameda County, Inc.*, 33 Fed. Appx. 273,
    274 (9th Cir. 2002) (memorandum disposition).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 317.
WORKDAY**

2

3   Under the FLSA, an employee's workday starts with the performance of the first principal
activity and continues until performance of the last principal activity is completed.  All time in
4   between the first and last principal activities is compensable, unless specifically excepted  (e.g.,
an unpaid meal period).  This is called the "continuous workday rule."

5

6   If you find that that a certain pre-shift or post-shift activity is "work" (as defined in these
instructions) and is not merely "preliminary" (as defined in these instructions) or "postliminary"
(as defined in these instructions), then the activity is a principal activity and may trigger the
7   "continuous workday rule."

8   However, the continuous workday rule does not apply to compensable activities that need not be
performed immediately before or after a shift as matter of chronological necessity.

9

10   Thus, if an employee performs work-related activities at the time of his or her own choosing,
instead of at a time controlled or required by the employer, the performance of these activities
does not trigger the continuous workday rule.

11

12   For example, if an employee performs compensable overtime work at home, the employee's
commute to work would not be compensable by virtue of the continuous workday rule.

13

**Authority:**  29 C.F.R. § 790.6; *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005); *Leever v. Carson City*,
14   360 F.3d 1014, 1017 (9th Cir. 2004); *Reich v. New York City Transit Auth.*, 45 F.3d 646, 651
(2d. Cir. 1995); *Lemmon v. City of San Leandro*, 538 F. Supp. 2d 1200, 1209 (N.D. Cal. 2007);
15   *see also Singh v. City of New York*, 2008 US App LEXIS 9228 (2d Cir. Apr. 29, 2008).

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 318.
TRAVEL AND COMMUTING TIME**

2

3   Under the FLSA, an employer is not required to compensate its employees for time spent walking, riding, or traveling to and from the actual place of performance of the principal activity that the employees are employed to perform.

4

5   Therefore, a Plaintiff is not entitled to compensation for time spent commuting from home to and from work.  A Plaintiff's commuting time is not compensable even if the Plaintiff is commuting to an initial work assignment at a site other than the City's premises.  For example, time spent by a Plaintiff commuting from home to and from a court appearance on his or her off-duty day is not compensable under the FLSA.

6

7

8   Travel time to off-site locations for purposes of attending training classes is not compensable under the FLSA.

9

10  **Authority**:  29 U.S.C. § 254(a)(1); 29 C.F.R. §§ 785.34, 785.50; *Imada v. City of Hercules*, 138 F.3d 1294, 1296–97 (9th Cir. 1999).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 319.**
**POLICE OFFICER ACADEMY OR OTHER TRAINING**
**TIME SPENT**

2

3   Police officers who attend a police academy or other training facility are not considered to be on
    duty during those times when they are not in class or at a training session, if they are free to use
4   such time for personal pursuits.  Such free time (i.e., time between classes, or during breaks) is
    not compensable.

5

6   **Authority**: 29 C.F.R. § 553.226(c); *see also Banks v. City of Springfield*, 959 F. Supp. 972, 976
    (C.D. Ill. 1997).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 320.**
**UNPAID TRAINING**
**TIME SPENT**

Under the law, attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met:

1.  Attendance is outside of the employee's regular work hours;

2.  Attendance is voluntary;

3.  The course, lecture, or meeting is not directly related to the employee's job; and

4.  The employee does not perform any productive work during such attendance.

When an activity meets all four criteria above, the time is not compensable.  Examples of such activities include time studying for promotional examinations, voluntary off-duty physical fitness training and training to maintain weapons proficiency.

**Authority**:  29 C.F.R. § 785.27; *Bull v. United States*, 68 Fed. Cl. 212, 256–57 (2005); *Dade County v. Alvarez*, 124 F.3d 1380, 1384–86 (11th Cir. 1997); *Price v. Tampa Elec. Co.*, 806 F.2d 1551, 1551-52 (11th Cir. 1987) (per curiam); *Jackson v. City of San Antonio*, 2006 WL 2548545 at *14 (W.D. Tex. Aug. 31, 2006); Dep't of Labor W-H Adm. Op. (June 1, 1994); Dep't of Labor W-H Adm. Op. No. 1589 (Sept. 12, 1985).

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 321.
UNIFORM AND EQUIPMENT ALLOWANCE**

2

3   Time spent caring for uniforms and equipment may be compensable under the FLSA.  However,
if you find that Plaintiffs were paid an allowance in the amount defined by the Plaintiffs'
4   collective bargaining agreement (i.e., the Memorandum of Understanding, or MOU) for
maintenance and upkeep of uniforms and equipment, then you must find that this time has been
5   compensated by the agreement and is not compensable under the FLSA.

6

7   **Authority**:  *Hellmers v. Town of Vestal*, 969 F. Supp. 837, 844 (N.D.N.Y. 1997); *Local 1605
Amalgamated Transit Union v. Cent. Contra Costa County Transit Auth.*, 73 F. Supp. 2d 1117,
1121 (N.D. Cal. 1999).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 322.**
**§ 207(k)**

2

3    The City has adopted a special seven-day work period permitted for law enforcement employees
by the FLSA.  With this work period, each Plaintiff is entitled to overtime compensation under

4    the FLSA only for hours worked in excess of forty-three hours per seven-day work period.
Therefore, unless you find that any Plaintiff worked more than three uncompensated overtime

5    hours in any particular work period, your verdict must be entered against the Plaintiff and in
favor of the City.

6

All of these calculations are to be made on the Special Verdict Form which will be provided to

7    you.

8

**Authority**:  29 U.S.C. § 207(k); 29 C.F.R. § 553.230; *Abbe v. City of San Diego*, Nov. 9, 2007

9    Order (Dkt. #265), at 14–20; *see also* 29 C.F. R. §§ 778.201, 778.202(a).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 323.
§ 207(h) HOLIDAY PAY OFFSETS**

The FLSA does not require employers to pay additional compensation to employees who work on official holidays above and beyond what they would normally receive on a non-holiday. Compensation paid to an employee for work done on a holiday at a rate of at least one and one-half times the employee's regular rate (i.e., overtime rate) is creditable against any overtime compensation that may be owed to an employee under the FLSA.

In this case, you have heard evidence that the City's contract with the Plaintiffs provides for "holiday pay."

For each Plaintiff's "holiday pay" time, you will be asked to find:

(1) which holidays Plaintiffs worked;

(2) whether those holidays fell on a day Plaintiffs were regularly scheduled to work;

(3) how many hours of holiday pay Plaintiffs received.

If any Plaintiff received holiday pay, the City may be entitled to credit such additional compensation against other overtime compensation owed.

These calculations are to be made on the Special Verdict Form which will be provided to you.

**Authority**: 29 U.S.C. § 207(e)(5)-(6) & (h); 29 C.F.R. §§ 553.233, 778.201, 778.203(a); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265); *Alexander v. United States*, 32 F.3d 1571, 1576-77 (Fed. Cir. 1994); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990); *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517-19 (9th Cir. 1950); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 522-23 (E.D. Tex. 2005); *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 330-31 (N.D. Ill. 2000); *Abbey v. City of Jackson*, 883 F. Supp. 181, 185-86 (E.D. Mich. 1995).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

1

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 324.
### COURT APPEARANCES

2

3

Because it is difficult for employers to determine the amount of time employees spend engaged in some types of work activities that are routinely performed at home or away from the work site, employers are permitted under federal regulations to enter agreements with their employees that reflect reasonable compensation for this type of overtime work.  Through a reasonable agreement that takes account of all pertinent facts, the parties can simplify the administration of the FLSA, while still ensuring that the employee's level of pay will approximate what the FLSA otherwise would mandate for the hours the employee actually works.

4

5

6

7

The City has presented evidence and testimony regarding this type of agreement with regard to off-duty time spent preparing for and participating in court appearances.  If you find that the amount of time reflected in the agreement reflects reasonable compensation for Plaintiff's court appearances and preparatory activities, no further compensation is due for these activities under the FLSA.

8

9

10

**Authority**:  29 C.F.R.§ 785.23; *Rudolph v. Metropolitan Airports Comm'n*, 103 F.3d 677, 680–81 (8th Cir. 1996); *Huss v. Huntington Beach*, 317 F. Supp. 2d 1151, 1157 (C.D. Cal. 2000).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 325.**
**§ 207(h) COURT PAY OFFSETS**

2

3   Only if you find that the four hour minimum court pay is <u>not</u> reasonable compensation for each Plaintiff's court appearances and preparatory activities, then any "extra" overtime paid to Plaintiffs for court appearances may be credited against any overtime that may be owed to an
4   employee under the FLSA.

5   Here, for each Plaintiff's "court pay" time, you will be asked to find:

6   (1) the number of hours of "court pay" overtime pay each Plaintiff received; and

7   (2) the number of hours each Plaintiff actually spent in court; and

8   (3) the number of hours, if any, of uncompensated overtime each Plaintiff spent engaged in court-related "work."

9

10   **Authority**: 29 U.S.C. § 207(e)(5) & (h); 29 C.F.R. §§ 553.233, 778.201, 778.202; *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265); *Alexander v. United States*, 32 F.3d 1571, 1576-
11   77 (Fed. Cir. 1994); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990); *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517-19 (9th Cir. 1950); *Hesseltine v. Goodyear Tire &*
12   *Rubber Co.*, 391 F. Supp. 2d 509, 522-23 (E.D. Tex. 2005); *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 330-31 (N.D. Ill. 2000).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 326.
CALCULATION FOR EACH PLAINTIFF**

If you find that an activity is compensable, you will be asked to determine how much time (if any) each Plaintiff reasonably spent on the activity.

If you find that Plaintiffs have failed to prove that the City's record-keeping is inadequate, then you must treat the City's records as accurate and award overtime on the basis of those records.  If those records do not establish any unpaid overtime, you must find that none of the Plaintiffs is entitled to compensation.

If, however, you find that Plaintiffs have proven that the City failed to keep accurate and complete records, then Plaintiffs may demonstrate the amount of time spent by "just and reasonable inference."  This means the minimum amount of time it takes to perform certain tasks.  For example, if an employee could perform an activity in five minutes, but chose to spend ten minutes performing the activity, you may not find that the Plaintiff spent more than five minutes performing the activity.

All of these calculations are to be made on the Special Verdict Form which will be provided to you.

**Authority**:  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Newton v. City of Henderson*, 47 F.3d 746, 749–50 (5th Cir. 1995).

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 327.
## GOOD FAITH

2

3   If you find that the City did not comply with the FLSA, you will be asked to determine whether
the City nonetheless acted in good faith.  If you find that the City did not act in good faith,
4   Plaintiffs may qualify for additional compensation in the form of liquidated (i.e., double)
damages.

5

6   An employer acts in good faith if the employer has an honest intention to determine what the
FLSA requires and to act in accordance with it.  Thus, if you find that the City believed it was
complying with the FLSA, and such belief was reasonable, then you must find that the City acted
7   in good faith.

8   In determining whether the City acted in good faith, you may consider, among other things:

9   (1)  The extent to which the City relied on reasonable interpretations of the FLSA obtained
through investigation, consultation with counsel, or by reference to industry practice;

10

11   (2)  Evidence that the City attempted to comply with the FLSA through other means such as by
attendance at seminars;

12   (3)  The novelty of the FLSA issue; and

13   (4)  The lack of knowledge by the City of FLSA violations.

14

**Authority**:  29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Local 246 Utility Workers' Union of Am. v.*
15   *S. Cal. Edison*, 83 F.3d 292, 297–98 (9th Cir. 1996); *Horan v. King County*, 740 F. Supp. 1471,
1481 (W.D. Wash. 1990); *see also Block v. City of Los Angeles*, 253 F.3d 410, 420 (9th Cir.
16   2001); *Featsent v. City of Youngstown*, 70 F.3d 900, 907 (6th Cir. 1995); *Nelson v. Ala. Inst. for*
*Deaf & Blind*, 896 F. Supp. 1108, 1114–15 (N.D. Ala. 1995); *Hultgren v. County of Lancaster*,
17   913 F.2d 498, 508–10 (8th Cir. 1990); *Thomas v. County of Fairfax*, 758 F. Supp. 353, 368 (E.D.
Va. 1991); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 463–65 (D.D.C. 1976); *Kelly v.*
18   *Ballard*, 298 F. Supp. 1301, 1309 (S.D. Cal. 1969); *Blankenship v. Thurston Motor Lines*, 295 F.
Supp. 632, 635 (W.D. Va. 1968) rev'd on other grounds, 415 F.2d 1193 (4th Cir. 1969);
19   *Marshall v. Brunner*, 668 F.2d 748, 753 (3rd Cir 1982); *Addison v. Huron Stevedoring Corp.*,
204 F.2d 88, 93 (2nd Cir 1953); *Devine v. Joshua Hendy Corp.*, 77 F. Supp. 893, 906 (S.D. Cal.
20   1948).

21

22

23

24

25

26

27

28

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 328.
## WILLFULNESS

2

3   If you find that the City violated the FLSA, you will be asked to determine whether the City's violation was willful.

4

5   Willful means voluntary, deliberate, or intentional.  Here, to be a willful violation of the FLSA, the City must have either known or showed reckless disregard for whether its conduct was prohibited by the statute.  If the City only knew that the law was potentially applicable then its conduct was not willful.

6

7   Negligence is not enough to establish willfulness.  This means that even if the City acted unreasonably, but not recklessly, its conduct was not willful.

8

9   **Authority**:  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–135 (1998); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003); *Reich v. Gateway Press*, 13 F.3d 685, 702–703 (3d Cir.

10   1994); *Lockwood v. Prince George's County*, 58 F. Supp. 2d 651, 658 (D. Md. 1999); Kevin O'Malley et al., *Federal Jury Practice and Instructions, Civil*, Fair Labor Standards Act

11   § 175.35, p. 656 (5th ed. 2001) (current through 2008); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28