1  Peter H. Benzian (Bar No. 47456)
   Colleen C. Smith (Bar No. 231216)
2  Michael P. Pulos (Bar No. 246474)
   Aryn P. Thomas (Bar No. 247989)
3  LATHAM & WATKINS LLP
   600 West Broadway, Suite 1800
4  San Diego, California  92101-3375
   Telephone:  (619) 236-1234
5  Facsimile:   (619) 696-7419

6  George F. Schaefer (Bar No. 125239)
   Deputy City Attorney
7  Office of the City Attorney
   1200 Third Avenue, Suite 1100
8  San Diego, California 92101-4100
   Telephone:  (619) 533-5800
9  Facsimile:   (619) 533-5856
   Attorneys for Defendant the City
10 of San Diego

11

12

13                    UNITED STATES DISTRICT COURT

14                  SOUTHERN DISTRICT OF CALIFORNIA

15

16  MARCUS ABBE, *et al*.              NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

17              Plaintiffs,

18       v.                            **DEFENDANT CITY OF SAN DIEGO'S
                                       OBJECTIONS TO PLAINTIFFS'
                                       PROPOSED SUPPLEMENTAL JURY
                                       INSTRUCTIONS**
19  CITY OF SAN DIEGO,

20              Defendant.

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

I.       **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 200:**

A.       **Instruction Text**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

1.       The Plaintiffs claim Defendant violated Plaintiffs' federal law rights under the Fair Labor Standards Act (commonly referred to as the FLSA) when it failed to compensate Plaintiffs for all overtime hours worked and owed.

2.       Plaintiffs claim that Defendant violated Plaintiffs' federal law rights under the FLSA for failure to pay all wages in a timely manner.

3.       Plaintiffs claim Defendant's violation of the FLSA was willful.

The Plaintiffs have the burden of proving these claims.

The Defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]].  [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

B.       **Objection(s)**

1.       General Objections

This instruction purports to be an adaptation of Ninth Circuit Civil Model Jury Instruction 1.2; however, Plaintiffs' proposed instruction substantially departs from the model rendering this proposed instruction both inadequate and confusing.  Plaintiffs improperly characterize the instruction as "a brief summary of the positions of the parties," yet this language is not contemplated by the model instructions.  Furthermore, Plaintiffs' numbering of their claims may be confusing to the jury.  The numbering scheme employed inaccurately suggests that Plaintiffs' burden to prove a willful violation by the City of the FLSA is a separate claim; rather, whether the City may be shown to have willfully violated the FLSA is relevant to the statute of limitations and is but one aspect of Plaintiffs' claim to uncompensated overtime.  Finally, Plaintiffs' proposed instruction does not include a description of the City's affirmative

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1

1   defenses.  Thus, Plaintiffs' instruction is incomplete and, even if adopted, would require further

2   modification by the Court.

3   2. *"The Plaintiffs claim Defendant violated Plaintiffs' federal law rights*
      *under the Fair Labor Standards Act (commonly referred to as the FLSA)*
4      *when it failed to compensate Plaintiffs for all overtime hours worked and*
      *owed."*
5

6   The specific language Plaintiffs employ to describe their claims strongly suggests to the

7   jury that the City, in fact, "failed to compensate Plaintiffs for all overtime hours worked."  This

8   language is misleading.

9   3. *"Plaintiffs claim that Defendant violated Plaintiffs' federal law rights*
      *under the FLSA for failure to pay all wages in a timely manner."*
10

11   Plaintiffs' Third Claim for Relief alleges that the City failed to pay Plaintiffs for overtime

12   compensation earned in a particular work period by the regular pay day for the period in which

13   the work was performed.  Fifth Amended Complaint (Dkt # 120) ¶¶ 38–43.  On July 20, 2007,

14   the City moved for summary judgment on this claim.  Dkt # 152.  In response, Plaintiffs

15   disclaimed any such claim, stating "Plaintiffs do not claim damages for late payment of overtime

16   for which they submitted overtime slips."  Plaintiffs' Opposition to City's MSJ (Dkt # 187) at 36.

17   In its November 9, 2007 Order, the Court accordingly did not specifically address this aspect of

18   the City's motion.  *See* Dkt # 265.

19   The language of Plaintiffs' proposed jury instruction suggests that Plaintiffs have now

20   revived this claim.  If this is so, the City objects to this portion of Plaintiffs' proposed instruction

21   because Plaintiffs' claim fails as a matter of law.  The City always has complied with the

22   requirement "that overtime compensation be paid on the employee's regular payday," *Biggs v.*

23   *Wilson*, 1 F.3d 1537 (9th Cir. 1993), by paying for overtime earned during the correct pay

24   period.  Plaintiffs have not produced any evidence to date that shows otherwise.  To the extent

25   that Plaintiffs have included this claim in an unfounded attempt to recover double damages for

26   the overtime compensation that they have not received but is allegedly due to them, this claim is

27   superfluous.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
2 DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1     The City further objects to this portion of the proposed instruction because Plaintiffs'

2   claim is not supported by a separate instruction regarding the factual findings the jury would be

3   asked to make with respect to this claim.

4         **C.     Alternative Instruction**

5         The City's Supplemental Jury Instruction 301 offers a more appropriate modification of

6   Ninth Circuit Civil Model Jury Instruction 1.2 than Plaintiffs' version.  The purpose of the

7   instruction is to offer a general overview of each party's claims and/or defenses.  Plaintiffs'

8   instruction fails to achieve this purpose in that it:  (1) describes Plaintiffs' claims in an

9   improperly suggestive manner; (2) includes a late payment of overtime claim that is defective as

10   a matter of law and that is unsupported by a separate instruction to the jury regarding the factual

11   findings pertinent to this claim; (3) improperly includes "willfulness" as a separate claim; and

12   (4) fails to list any of the City's affirmative defenses.  For these reasons, the City's Proposed

13   Supplemental Jury Instruction 301 should be used instead.

14   **II.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 201:**

15         **A.     Instruction Text**

16         **The Parties' Different Legal Rights**

17         This case deals with _____ Plaintiffs alleging that Defendant failed to pay overtime

18   under the FLSA.  However, in order to better manage this case, the Court has ordered that only

19   10 representative Plaintiffs' cases be tried on the issue of liability.

20         Any decision by you on the issue of liability shall be binding on all parties to the lawsuit,

21   including the ten representative Plaintiffs and the remaining _____ Plaintiffs as these issues

22   are common to all and can be fairly and fully addressed in this trial; however, any decision by

23   you on damages will be binding only on the 10 representative Plaintiffs; as these issues are

24   unique to each individual Plaintiff and you will decide each Plaintiff's damages claim separately.

25         **B.     Objection(s)**

26         The City objects to this instruction in its entirety because it is unnecessary, potentially

27   prejudicial, and inaccurate.  This instruction seeks to inform the jury of the binding effect the

28   jury's decision might have on the remaining Plaintiffs.  There is no reason the jury needs to be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

3

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   concerned about this.  Indeed, this instruction does not *instruct* the jury to do anything, and may

2   cause the jury to render findings based upon testimony provided by other Plaintiff witnesses

3   rather than the specifically-identified Test Plaintiffs.

4        Furthermore, this instruction does not accurately discuss the effects of the case on the

5   other Plaintiffs.  Plaintiffs claim that "damages" determinations will only be binding on the ten

6   Test Plaintiffs in this case.  While it is true that each Plaintiff will have to demonstrate individual

7   damages, certain "damages" issues -- such as the City's entitlement to § 207(h) offsets -- might

8   be affected by determinations made by the jury in this case.

9        **C.**    **Alternative Instruction**

10       The City believes an instruction of this nature is unduly prejudicial to the City; thus, no

11  such instruction should be given in this case.  If, however, the Court determines an instruction of

12  this nature should be given, it is the City's position that the appropriate language should be

13  proposed following the case management conference, when the Court will decide procedural

14  issues regarding bifurcated trial proceedings pertaining to the Test Plaintiffs.

15  **III.**       **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 202:**

16       **A.**    **Instruction Text**

17       **Overtime Compensation – FLSA**

18       This case arises under the Fair Labor Standards Act (commonly referred to as the

19  "FLSA").  The FLSA is a federal law that provides for among other things, the payment of time

20  and a half overtime pay.  Plaintiffs claim that the Defendant did not pay them the legally required

21  overtime pay.

22       Overtime hours are the hours worked in excess of forty (40) hours in one workweek.

23       The Plaintiffs must demonstrate each of the following by a preponderance of the

24  evidence:

25            1)     That Plaintiff was an employee [engaged in commerce or in the

26                   production of goods for commerce] employed by an enterprise engaged in

27                   commerce or in the production of goods for commerce.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

4

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1        2)      That the Defendant employed the Plaintiff during the time period

2               involved; and

3        3)      That the Defendant failed to pay the Plaintiff the overtime pay as required

4               by law.

5       If you find that each of these things has been proved by Plaintiff and against the

6  Defendant, your verdict should be for Plaintiff and against the Defendant on Plaintiff's claim for

7  unpaid overtime.

8       In its defense, pursuant to the 207(K) exemption, Defendant claims that even if you

9  should find that Plaintiffs proved all the necessary elements of his/her claim, Defendant need not

10  pay any overtime unless the hours are in excess of 43 hours in a workweek.

11       To receive the benefit of this exemption, the Defendant must prove the following by a

12  preponderance of the evidence:

13        1)      That each police officer is not engaged in "nonexempt work" that is not

14               performed as an incident to or in conjunction with his/her law enforcement

15               activities for more than 20 percent of his/her working time during the

16               workweek.

17       "Non exempt work" is work that is distinct from and unrelated to law enforcement

18  activities.  For example, "non exempt work" would be a police officer working as a dispatcher.

19     **B.**    **Objection(s)**

20        1.    *"The Plaintiffs must demonstrate each of the following by a*

21            *preponderance of the evidence:*

22         *1)*    *That Plaintiff was an employee [engaged in commerce or in the*

               *production of goods for commerce] employed by an enterprise*

23              *engaged in commerce or in the production of goods for commerce.*

24         *2)*    *That the Defendant employed the Plaintiff during*

               *the time period involved; and*

25

26         *3)*    *That the Defendant failed to pay the Plaintiff the*

               *overtime pay as required by law."*

27       Plaintiffs' Proposed Jury Instruction 202 unnecessarily deviates from the standard

28  elements of an FLSA claim, evincing a pro-Plaintiff tilt and *omitting* the most crucial elements:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
5  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   (1) The requirement that Plaintiffs prove that they *actually worked overtime without*

2   *compensation*; (2) the amount and extent of such overtime; and (3) that the City suffered or

3   permitted the Plaintiffs to work the allegedly uncompensated overtime.  *See Maciel v. City of Los*

4   *Angeles*, 542 F. Supp. 2d 1082, 1085–86 (C.D. Cal. 2008) (citing 29 U.S.C. § 203(g); *Lindow v.*

5   *United States*, 738 F.2d 1057, 1061 (9th Cir. 1984); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108

6   (4th Cir. 1987).  Plaintiffs collapse all three of these required elements in their proposed

7   instruction into an overly generalized statement that the City failed to pay overtime "as required

8   by law."  The City's Jury Instruction 302 is a more accurate, complete, and less biased

9   instruction.

10          2.      *"If you find that each of these things has been proved by Plaintiff and*
                    *against the Defendant, your verdict should be for Plaintiff and against the*
11                  *Defendant on Plaintiff's claim for unpaid overtime."*

12          This statement is misleading and conclusory, particularly given Plaintiffs' inadequate list

13   of elements, for it does not reference the City's defenses and potential offsets to liability that

14   may require a defense verdict even if Plaintiffs satisfy the requisite elements of any portion of

15   their FLSA claims.  Additionally, this statement is not necessary to the instructions and is better

16   suited for a special verdict form.  On whole, the City's Jury Instruction 302 is a more accurate,

17   complete, and less biased instruction.

18          3.      *"In its defense, pursuant to the 207(K) exemption, Defendant claims that*
                    *even if you should find that Plaintiffs proved all the necessary elements of*
19                  *his/her claim, Defendant need not pay any overtime unless the hours are*
                    *in excess of 43 hours in a workweek."*
20

21          Plaintiffs' inclusion of § 207(k) in Jury Instruction 202 is unnecessary and highly likely

22   to confuse the jury.  While the jury should be instructed regarding the elements of the Plaintiffs'

23   FLSA claim, an explanation of the various component elements and definitions of key legal

24   terms should be provided to the jury in separate and thorough instructions.

25          This portion of the proposed instruction is also incorrect in that it suggests that § 207(k)

26   is a defense rather than an integral part of Plaintiffs' claim.  Instead, given the Court's findings

27   and conclusions regarding the City's § 207(k) work period schedule, Plaintiffs must prove that

28   they worked in excess of forty-three hours in a particular work period before they have satisfied

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

6

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1  the required elements of their claims.  Dkt # 265 (Nov. 9, 2007 Order) at 14 (where § 207(k)

2  applies, "employees are entitled to time and one-half pay only after they have worked more

3  than . . . 43 hours in a 7 day work period") (citing 29 U.S.C. § 207(k)(2)).  The City's

4  Supplemental Jury Instruction 322 provides a more accurate and precise explanation for the jury

5  of the factual determinations they will be asked to make with respect to the application of City's

6  § 207(k) partial exemption.

7          4.    *"To receive the benefit of this exemption, the Defendant must prove the*
               *following by a preponderance of the evidence:*

8

9              1)    *That each police officer is not engaged in "nonexempt work" that*
                    *is not performed as an incident to or in conjunction with his/her*
                    *law enforcement activities for more than 20 percent of his/her*

10                   *working time during the workweek.*

11             *"Non exempt work" is work that is distinct from and unrelated to law*
               *enforcement activities.  For example, "non exempt work" would be a*

12             *police officer working as a dispatcher."*

13         This Court has already determined that the City has established a qualifying § 207(k)

14  work period.  Dkt # 265 (Nov. 9, 2007 Order) at 19.  In reaching this conclusion, the Court

15  implicitly determined that Plaintiffs are law enforcement officers to whom § 207(k) would apply.

16  This issue was addressed in the papers submitted by the parties and is not an issue properly

17  presented to the jury in this case.  City's Motion for Summary Judgment, filed July 20, 2007

18  (Dkt # 152-1) at 31 n.31; City's Separate Statement in Support of Motion for Summary

19  Judgment, filed July 20, 2007 (Dkt # 152-2) at 1, UMF 1 ("Sworn San Diego Police Department

20  (SDPD) Officers are law enforcement employees.").

21         In fact, as the City pointed out in its summary judgment briefing, that Plaintiffs are

22  "engaged in law enforcement activities" for purposes of § 207(k) was established as a matter of

23  law.  First, by virtue of being police officers, Plaintiffs are presumed to be "engaged in law

24  enforcement."  29 C.F.R. § 553.211(c) ("Typically, employees engaged in law enforcement

25  activities include city police . . . .").  As the City further established by admissible evidence in

26  support of its motion for summary judgment, Plaintiffs are "engaged in law enforcement"

27  because they all:

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

7

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

(1) are or were "uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes";

(2) have or had "the power to arrest"; and

(3) are "presently undergoing or has undergone or will undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics."

29 C.F.R. § 553.211(a).  Plaintiffs presented no evidence sufficient to create a genuine issue of material fact that these criteria do not apply.

Second, because Plaintiffs are "engaged in law enforcement," they "are considered to be engaged in law enforcement activities . . . *regardless of their assignment to duties incidental to the performance of their law enforcement activities* such as equipment maintenance, and lecturing, or to support activities of the type described in paragraph (g) of this section, whether or not such assignment is for training or familiarization purposes, or for reasons of illness, injury or infirmity."  29 C.F.R. § 553.211(b) (emphasis added).  Therefore, contrary to Plaintiffs' assertion "a police officer working as a dispatcher" is properly subject to a § 207(k) work schedule; it is utterly irrelevant what type of work these officers perform.  Indeed, the regulation on which Plaintiffs purport to rely is inapposite as it provides only that "'*civilian' employees* of law enforcement agencies . . . who engage in such support activities as those performed by dispatcher" are "[n]ot included in the term 'employee in law enforcement activities.'"  29 C.F.R. § 553.212 (emphasis added).

The only case Plaintiffs cite that addresses the application of § 553.212, *Schmidt v. County of Prince William*, 929 F.2d 986 (4th Cir. 1991), also does not support Plaintiffs' erroneous proposed instruction.  Although *Schmidt* involved firefighters, it is instructive because the regulations concerning firefighters parallel those regarding law enforcement personnel.  In that case, the Fourth Circuit determined that fire technicians who performed "support activities" such as dispatching were nonetheless engaged in fire protection activities.  The court explained

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

8

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   that for purposes of § 207(k), " 'civilian' support personnel are specifically distinguished from

2   'firefighters'" who may -- for a variety of reasons, including "training and familiarization" -- be

3   engaged in so-called "civilian" activities such as dispatch.  *Id.* at 989.

4       Because the City already has established that Plaintiffs are "engaged in law enforcement

5   activities" for purposes of § 207(k), and because this status does not depend upon Plaintiffs'

6   particular assignments or duties, Plaintiffs' instruction is both unnecessary and erroneous.

7       **C.      Alternative Instruction**

8       The City's Supplemental Jury Instruction 302, which far more closely mirrors the

9   language of the Fifth and Eleventh Circuits' model jury instructions, provides an accurate and

10  appropriate statement of the elements of a Fair Labor Standards Act claim.  With regard to the

11  application of § 207(k), the City's Supplemental Jury Instruction 322 offers an accurate and

12  succinct statement of the legal framework necessary for the jury to assess whether Plaintiffs have

13  established any FLSA violations.

14  **IV.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 203:**

15      **A.      Instruction Text**

16      **Defendant's Burden Of Showing Exemption Invoked**

17      A public entity employer is not exempt under 207(k) just by virtue of its eligibility.  The

18  employer bears the burden of showing that it qualifies for and has invoked a 207(k) exemption.

19  The 207(k) exemption is narrowly construed against the employer asserting it.

20      An FLSA exemption will not be found except in contexts plainly and unmistakingly

21  within the given exemption's terms and spirits.

22      **B.      Objection(s)**

23      The City objects to Plaintiffs' proposed instruction in its entirety.  The instruction

24  improperly asks the jury to determine whether the City has established the applicability of the

25  § 207(k) partial exemption.  Pursuant to its November 9, 2007 Order, this Court already has

26  properly determined this issue as a matter of law.  *See* Nov. 9, 2007 Order (Dkt. #265) at 19

27  ("Accordingly, given the undisputed facts here – that Plaintiffs actually work a Section 7(k)

28  compliant schedule – the issue whether Defendant established a Section 7(k) schedule is properly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
9   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   decided as a matter of law . . . . Because Plaintiffs actual work such a schedule, the exemption

2   applies.").

3   **C.      Alternative Instruction**

4   The City has not proposed an alternative to this instruction because Plaintiffs' proposed

5   instruction pertains to an issue that already has been decided in the City's favor.  The City's

6   Supplemental Instruction 322 recognizes and incorporates this Court's prior rulings on this issue,

7   and guides the jury to properly apply the § 207(k) work schedule to Plaintiffs' claims.

8   **V.       PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 204:**

9   **A.      Instruction Text**

10  **Work Under The FLSA**

11  Work under the FLSA includes physical or mental exertion (whether burdensome or not)

12  controlled or required by the employer and pursued necessarily and primarily for the benefit of

13  the employer and his business.

14  Such time also includes not only work that an employee is assigned but also work that an

15  employee is "suffered or permitted" by the employer to perform.

16  **B.      Objection(s)**

17          1.      *"Such time also includes not only work that an employee is assigned but*
            *also work that an employee is "suffered or permitted" by the employee to*
18          *perform."*

19  While the City does not necessarily disagree with the principle of law Plaintiffs attempt

20  to capture in this proposed instruction, Plaintiffs improperly and confusingly include language

21  regarding work that is "suffered or permitted" by an employer.  This language pertains to

22  another, distinct element of Plaintiffs' FLSA claims and does not belong in this instruction,

23  which concerns the definition of "work."  Whether an activity qualifies as "work" in the first

24  instance is distinct from whether the activity -- once it is established as "work" -- was suffered or

25  permitted by the employer.  The inclusion of language regarding work that is "suffered or

26  permitted" by an employer in this instruction erroneously suggests that an activity may be

27  deemed "work" simply if it is "suffered or permitted."

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

10

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    The fact that Plaintiffs and the City offer competing instructions regarding the meaning

2    of "suffered or permitted" further confirms that the standards pertaining to this inquiry are

3    distinct from the definition of "work."  *See* Plaintiff's Supplemental Jury Instruction 205; City's

4    Supplemental Jury Instruction 306.  Accordingly, the Court should decline to give this proposed

5    instruction in its current form.

6          **C.      Alternative Instruction**

7          The City's Supplemental Jury Instruction 305 is offered as an alternative to Plaintiffs'

8    instruction.  Substantively, the two instructions are identical apart from the superfluous "suffered

9    and permitted" language to which the City objects.  This is because both parties' instructions

10   quote the seminal Supreme Court case on this issue, *Tennessee Coal, Iron & Railroad Company*

11   *v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).

12         The only difference is that the City's version separates the required elements numerically.

13   There is no dispute that each of these three elements is a distinct component of the test for

14   determining whether an activity is "work."  Dividing the elements in this manner renders the law

15   clearer and more digestible to the jury.  Indeed, the City's proposed numerical division of the

16   required elements is not novel and has been used by courts in opinions since *Muscoda*.  *See, e.g.*,

17   *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162 (D.C. Cir. 1975).

18   **VI.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 205:**

19         **A.      Instruction Text**

20         **Suffered Or Permitted - FLSA**

21         Work not requested by an employer but suffered and permitted by an employer is

22   compensable work.  An employer "suffered or permitted" an employee to work uncompensated

23   overtime if the employer had "actual or constructive knowledge" that the employee worked

24   overtime without compensation.  Plaintiff may make this showing through evidence of the

25   employer's actual knowledge or through constructive knowledge by showing a pattern or

26   practice the employer allowed off-the-clock work.

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

11

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    An employer who is armed with knowledge than an employee is or was working

2  overtime cannot stand idly by and allow an employee to perform overtime work without proper

3  compensation, even if the employee does not make a claim for the overtime compensation.

4    If the employer knew or should have known that plaintiffs were working overtime, then

5  the time is work time and it is compensable.

6    **B.    Objection(s)**

7        1.    *"Plaintiff may make this showing through evidence of the employer's*
           *actual knowledge or through constructive knowledge by showing a pattern*
8           *or practice [that] the employer allowed off-the-clock work."*

9    "Pattern or practice" does not exist as a separate legal theory upon which the jury should

10  be instructed.  In fact, Plaintiffs cite only one case -- *Pforr v. Food Lion*, 851 F.2d 106 (4th Cir.

11  1988) -- that discusses the issue of "pattern or practice" at all.  But *Pforr* cannot be relied upon

12  for the proposition that a Plaintiff may simply show a "pattern or practice [that] the employer

13  allowed off-the-clock work" in order to meet his or her burden of establishing employer

14  knowledge.

15    In discussing "pattern or practice," *Pforr* references *Anderson v. Mt. Clemens Pottery Co.*

16  But that case makes no mention whatsoever of the FLSA's "suffer or permit" standard regarding

17  employer knowledge.  *See generally Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

18  *Mt. Clemens* does not analyze employer knowledge for the purpose of establishing whether the

19  employer "suffered or permitted" work, but rather *Mt. Clemens* concerns  an employee's ability

20  to establish the number of hours worked by "just and reasonable inference" where inadequate

21  records exist.  A review of *Mt. Clemens* reveals whether an employer suffers or permits (i.e., has

22  knowledge of) uncompensated off-the-clock work is a distinct question from the employee's

23  burden to prove the precise number of hours, or in the absence of accurate records, to prove the

24  hours them by "just or reasonable" inference.  Each party has already offered separate jury

25  instructions regarding this latter issue.  *See* Plaintiffs' Jury Instructions 210–13; Defendant's

26  Supplemental Jury Instruction 312.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
12   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   Without legal support for its "pattern or practice" theory, no jury instruction is proper on

2   this issue.[1]  Instead, the jury should be instructed with regard to the "suffered or permitted"

3   standard.  Plaintiffs are free to argue the *facts* in such a way that they may meet this legal

4   standard by asserting a pattern or practice.  However, in the absence of case law to support a

5   separate legal concept of "pattern or practice," such an instruction would mislead the jury and is

6   objectionable.

7           2.      *"An employer who is armed with knowledge tha[t] an employee is or was*
                    *working overtime cannot stand idly by and allow an employee to perform*
8                   *overtime work without proper compensation, even if the employee does*
                    *not make a claim for the overtime compensation."*
9

10      But for the language "tha[t] an employee is or was working overtime," this portion of the

11  instruction is almost a direct quote from *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413,

12  414–15 (9th Cir. 1981).  However, the quote is incomplete.  The quote in its entirety reads:

13          An employer who is armed with this knowledge cannot stand idly
            by and allow an employee to perform overtime work without
14          proper compensation, even if the employee does not make a claim
            for the overtime compensation.
15
            However, where an employer has no knowledge that an employee
16          is engaging in overtime work and that employee fails to notify the
            employer or deliberately prevents the employer from acquiring
17          knowledge of the overtime work, the employer's failure to pay for
            the overtime hours is not a violation of § 207.
18

19

20  ───────────────────

21  [1]      *In re Food Lion Effective Scheduling Litgation*, 861 F. Supp. 1263, 1272 (E.D.N.C.
    1994), which is not cited by Plaintiffs, seems to be the only case applying a "pattern or practice"
22  test to the knowledge inquiry.  However, that case similarly blurs the distinction between
    whether an employer suffers or permits uncompensated off-the-clock work and the employee's
23  burden to prove the number of hours worked, or in the absence of accurate records, to prove the
    hours by "just or reasonable" inference.  In reaching its decision, the *Food Lion* court principally
24  relied on *Donavan v. Bel-Loc Dinner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985).  Yet *Donavan* --
    the apparent origin of the "pattern or practice" language -- cites *Mt. Clemens* as giving rise to the
25  "pattern or practice" inquiry and explains that a Plaintiff "need only produce sufficient evidence
    to show the amount and extent of work improperly compensated for 'as a matter of just and
26  reasonable inference.'"  It is clear from *Donavan*'s analysis -- like that of *Mt. Clemens* -- that the
    "improper[]" failure to compensate (and thus necessarily the employer's actual or constructive
27  knowledge) had already been established and that only the "amount and extent" inquiry
    remained.  Again, these are distinct inquiries for which *both* parties have submitted distinct jury
28  instructions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

13

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1  *Forrester*, 646 F.2d at 414–15.  For the sake of completeness, accuracy, and fairness, the City

2  maintains that this entire section (with only minor, non-substantive modifications) should be

3  included as it is in the City's Supplemental Jury Instruction 308.

4      **C.**    **Alternative Instruction**

5        The City's Supplemental Jury Instructions 307 and 308 address the "suffered or

6  permitted" standard and are superior alternatives to Plaintiffs' proposed instruction.

7        Supplemental Jury Instruction 307 is a fair and balanced statement of the law.  This

8  instruction explains that an employer has "suffered or permitted" work if the employer had

9  "actual or constructive knowledge" of the overtime work.  The City's Supplemental Jury

10 Instruction 307 then proceeds to define both actual and constructive knowledge.  Nothing about

11 the City's Supplemental Jury Instruction 307 should be objectionable to Plaintiffs, as the City's

12 proposed instruction parallels Plaintiffs' proposal, with the exception of the specific language to

13 which the City objects.  The City's proposed instruction further explains that constructive

14 knowledge is not established where an employer merely "could have known."  This statement is

15 consistent with the definition of "constructive knowledge," and has been adopted in the case law.

16 *See, e.g.*, *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995) ("[P]erhaps [the chief of

17 police] could have known that [the plaintiff] was working overtime hours, but the question here

18 is whether he should have known."); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413,

19 414 (9th Cir. 1981) ("[A]n employer who knows or should have known that an employee is or

20 was working overtime must comply with the provisions of § 207."); *see also* 29 C.F.R. § 785.12

21 (employer must "know or have reason to believe" work was performed for it to be compensable);

22 29 C.F.R. § 785.11 (time is "working time" if employer "knows or has reason to believe"

23 employee is continuing to work).  As the *Newton* court recognized, to hold that the City has

24 constructive knowledge because it "had the ability to investigate whether or not [an employee]

25 was truthfully filling out the City's payroll forms," (i.e., that the City *could have known*) "would

26 essentially be stating that the City did not have the right to require an employee to adhere to its

27 procedures for claiming overtime."  *Newton*, 47 F.3d at 749; *see also Holzapfel v. Town of*

28

LATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
14   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    *Newburgh (Holzapfel II)*, 950 F. Supp. 1267, 1277 (S.D.N.Y. 1997) (accord; rejecting that

2    employer has duty to inquire -- ability to inquire is not constructive knowledge).[2]

3           In conjunction with the City's Supplemental Jury Instruction 307, the City's

4    Supplemental Jury Instruction 308 provides better alternative language to Plaintiffs' proposed

5    instruction.  The City's Supplemental Jury Instruction 308 separates out the *Forrester* language

6    from Plaintiffs' Jury Instruction 205 and provides the rest of the quote for the sake of

7    completeness and accuracy.  In the sake of even more completeness, the City's proposed

8    instruction also includes language that benefits Plaintiffs derived from *Brumbelow v. Quality*

9    *Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972).  *Forrester* explains that if an employee fails to notify

10   the employer or deliberately prevents the employer from acquiring knowledge of overtime work,

11   the employer has not "suffered or permitted" the work.  The City's proposal clarifies that this is

12   true "unless the employee can prove that the employer instructed the employee to falsify his or

13   her time records to underreport overtime worked."  This addition benefits Plaintiffs by adding a

14   caveat to the *Forrester* rule, the effect of which is to provide a more complete statement of the

15   law.

16   **VII.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 206:**

17        **A.      Instruction Text**

18        **"Actual" Or "Constructive" Knowledge**

19          An employer is liable for unpaid overtime under the FLSA if it knew, either actually or

20   constructively, that an employee was working overtime and the employer failed to pay for such

21   overtime worked.

22          In reviewing the extent of an employer's awareness, you need only inquire whether the

23   circumstances were such that the employer either had knowledge of overtime hours being

24   worked or else had the opportunity through reasonable diligence to acquire knowledge.

25   _____

26   [2]      Although on appeal the Second Circuit determined that, unlike here or *Newton*, the
     employer had actual knowledge that overtime work was being performed without compensation,
27   it recognized that the proper standard is "knows or should have known," or -- stated differently --
     "knows or has reason to believe."  *Holzapfel*, 145 F.3d 516, 525 (2d Cir. 1998).
28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
15   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    **B.     Objection(s)**

2        1.    *"In reviewing the extent of an employer's awareness, you need only
             inquire whether the circumstances were such that the employer either had
3             knowledge of overtime hours worked or else had the opportunity through
             reasonable diligence to acquire knowledge."*
4

5        Plaintiffs' proposed instruction is ambiguous and vague, and as a result, is highly likely

6    to mislead the jury.  Plaintiffs' proposed instruction incorrectly states that an employer has

7    constructive knowledge of overtime work if it had the mere opportunity to acquire knowledge of

8    uncompensated overtime work.  However, the FLSA does not impose on an employer the duty to

9    investigate whether its employees are working overtime hours.  In *Newton v. City of Henderson*,

10   for example, the court explained that if it "were to hold that the City had constructive knowledge

11   that [employee] was working overtime because [the Police Chief] had the ability to investigate

12   whether or not [he] was truthfully filling out the City's payroll forms, [it] would essentially be

13   stating that the City did not have the right to require an employee to adhere to its procedures for

14   claiming overtime."  47 F.3d 746, 749 (5th Cir. 1995).  The principle that an employer may have

15   constructive knowledge when it merely "should have known" of an employee's uncompensated

16   overtime work does not extend so far as to require an employer to affirmatively investigate

17   occurrences of uncompensated overtime work of which it is not aware, as Plaintiffs' proposed

18   instruction erroneously implies.

19       Moreover, the language Plaintiffs employ originally comes from a 1918 New York Court

20   of Appeals decision addressing the issue of employer knowledge in the context of criminal

21   violations of child labor laws.  *See People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.*,

22   225 N.E. 474, 476 (N.Y. 1918).  While the language is cited in *Reich v. Stewart*, 121 F.3d 400,

23   407 (8th Cir. 1997), and *Reich v. Department of Conservation & Natural Resources*, 28 F.3d

24   1076, 1082 (11th Cir. 1994), in describing the rule in FLSA cases, neither of these cases applies

25   this principle with the rigidity that the bare language -- taken out of context -- tends to suggest.

26       In *Stewart*, the Eighth Circuit declared the uncontroversial holding that overtime work

27   need not be specifically authorized by the employer to be compensable, so long as the employer

28   is aware that the overtime work is being performed.  *Stewart*, 121 F.3d at 406–07.  In quoting the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
16  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    *Price* language here at issue, *Stewart* cites *Department of Conservation & Natural Resources*, in

2    which the Eleventh Circuit merely held that the promulgation of a department policy not to work

3    overtime was not enough in the face of *actual* knowledge by the employer of its employees'

4    overtime work.  *Dep't of Conservation & Natural Res.*, 28 F.3d at 1083–84.  In short, while both

5    the Eighth Circuit and the Eleventh Circuit have cited the *Price* language as a part of the

6    "knowledge" test, neither court relies exclusively on this language.  Nor does either court apply

7    the language to find that a lack of reasonable diligence is alone sufficient to establish

8    constructive knowledge for FLSA purposes.

9          Furthermore, none of the other cases cited by Plaintiffs supports this language.  Indeed,

10   the first case Plaintiffs cite in support of this instruction -- *Bjornson v. Daido Metal U.S.A., Inc.*,

11   12 F. Supp. 2d 837, 842 (N.D. Ill. 1998) – controverts Plaintiffs' proposed instruction.  The

12   employee in *Daido Metal* did not record or submit his hours to management; however, he argued

13   that the employer had knowledge of his overtime work because the general manager of the office

14   saw him at the office after hours.  *Id.*  The court found that while the manager did see the

15   employee at the office after hours, he never confirmed that the employee was actually working

16   and believed he was playing computer games or doing personal work.  *Id.*  Therefore, the court

17   found that the manager had insufficient knowledge to impose liability on the employer.  *Id.* at

18   842–43.  Thus, even where the manager arguably had the opportunity to acquire knowledge

19   through reasonable diligence -- having observed the individual in the office after hours on

20   several occasions -- the court held that this was not enough to establish actual or constructive

21   knowledge.  *Id.*

22         Finally, in *Cunningham v. Gibson Electric Co.*, the court found that the employer had

23   constructive knowledge where management had "personally instructed" the employee to

24   underreport his overtime work and otherwise had "consciously avoid[ed]" knowledge of the

25   employee's overtime hours.  43 F. Supp. 2d 965, 976 (N.D. Ill. 1999).  Moreover, the court

26   found the employee's testimony "far more credibl[e]" than the employer's contradictory claim

27   that he had no knowledge of the employee's work schedule.  *Id.*  This case, as the others offered

28   by Plaintiffs in support of this instruction, does not support the conclusion that merely having

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
17  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   "opportunity through reasonable diligence to acquire knowledge" is alone sufficient to establish

2   knowledge for FLSA purposes.

3          C.      **Alternative Instruction**

4          As discussed in Section VI.C above, the City's Supplemental Jury Instructions 307 and

5   308 both address the question of "actual or constructive knowledge."  The City's Supplemental

6   Jury Instruction 309 also addresses this issue, quoting from the Ninth Circuit's decision in

7   *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981), with very

8   minor modifications.  This language from *Forrester* explains that while an employer is

9   responsible under the FLSA for the overtime of which it is aware that an employee is working,

10   "[a]n employer does not have knowledge of uncompensated overtime when an employee submits

11   time sheets showing such overtime did not occur."  *Gaylord v. Miami-Dade County*, 78 F. Supp.

12   2d 1320, 1325 (S.D. Fla. 1999).  Not only is *Forrester* good Ninth Circuit law (indeed, Plaintiffs

13   rely on it in their proposed Jury Instruction 205), this principle is also supported by courts

14   outside this circuit.  *See*, *e.g.*, *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995)

15   ("If we were to hold that the City had constructive knowledge that [Plaintiff] was working

16   overtime because [the City] had the ability to investigate whether or not [he] was truthfully

17   filling out the City's payroll forms, we would essentially be stating that the City did not have the

18   right to require an employee to adhere to its procedures for claiming overtime."); *Davis  v. Food

19   Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (affirming judgment for employer where employee

20   falsified time records by underreporting time worked); *Brumbelow v. Quality Mills, Inc.*, 462

21   F.2d 1324, 1327 (5th Cir. 1972) (because "[t]here is no evidence that the company in any manner

22   encouraged workers to falsely report . . . the appellant was estopped and could not profit from

23   her own wrong in furnishing false data to the employer").

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

18

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    **VIII.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 207:**

2        **A.     Instruction Text**

3        **Claim Of Lack Of Knowledge**

4        Where an employer claims a lack of knowledge but the evidence strongly supports an

5    inference of deliberate ignorance, the proper conclusion is that the employer knew about the

6    overtime hours.

7        **B.     Objection(s)**

8        The City objects in its entirety to this proposed instruction.  This proposed instruction is

9    intended to address Plaintiffs' burden to establish that the City has actual or constructive

10   knowledge of Plaintiffs' claimed overtime work; however, the language employed by Plaintiffs

11   does not accurately reflect controlling Ninth Circuit law.

12       To recover for uncompensated overtime work under the FLSA, Plaintiffs must prove that

13   the City "had knowledge, either actual or constructive, of [Plaintiffs'] overtime work."  *Davis v.*

14   *Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *see also* 29 C.F.R. § 785.11 (work time is

15   compensable if the employer knows, or has reason to know, that the employee is continuing to

16   work); 29 C.F.R. § 785.12 (time spent working at home is compensable if the employer knows or

17   has reason to know the employee is working at home); *Holzapfel v. Town of Newburgh, N.Y.*,

18   145 F.3d 516, 524 (2nd Cir. 1998).  Consistent with this rule, an employer's failure to pay for

19   overtime hours worked is *not* a violation of the FLSA "where an employer has no knowledge

20   that an employee is engaging in overtime work and that employee fails to notify the employer . .

21   . of the overtime work[.]"  *Harvill v. Westward Commc'ns, LLC*, 311 F. Supp. 2d  573, 583 (E.D.

22   Tex. 2004); *see also Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)

23   (if the "employee fails to notify the employer or deliberately prevents the employer from

24   acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours

25   is not a violation of § 207").

26       An employer normally does not have the requisite knowledge of overtime worked unless

27   the employee submits time sheets showing such overtime occurred.  *Gaylord v. Miami-Dade*

28   *County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999).  In *Newton v. City of Henderson*, 47 F.3d

LATHAM&WATKINS_LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

19

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    746 (5th Cir. 1995), for example, under circumstances strikingly similar to those at issue in this

2    case, the Fifth Circuit concluded that the plaintiff's unreported overtime was not compensable

3    under the FLSA.  In that case, the plaintiff was a city police officer who had been temporarily

4    assigned to work with the federal Drug Enforcement Agency.  *Id.* at 747.  In connection with this

5    assignment, the plaintiff requested approval for overtime compensation, pursuant to city policy

6    which required officers to obtain pre-approval prior to working overtime.  *Id.*  Plaintiff's request

7    was denied.  *Id.*  The plaintiff nevertheless spent additional time engaged in work-related

8    activities, for which he did not submit overtime requests, and subsequently sought to recover

9    overtime compensation for this time.  *Id.*

10        The Fifth Circuit concluded that the plaintiff's additional overtime was not compensable

11   under the FLSA, because he had both ignored the city's requirements regarding pre-approval of

12   overtime and because he had not reported the additional time.  As the Fifth Circuit explained:

13            [Plaintiff] admits that he was explicitly told . . . that he could not
             work unauthorized overtime hours.  The City established specific
14           procedures to be followed in order to receive payment for
             overtime.  An employee was required to submit a request for
15           overtime within 72 hours of the time worked and to use a specified
             payroll form.  [Plaintiff] ignored these procedures.  *If we were to*
16           *hold that the City had constructive knowledge that Newton was*
             *working overtime because [his supervisor] had the ability to*
17           *investigate whether or not [Plaintiff] was truthfully filling out the*
             *City's payroll forms, we would essentially be stating that the City*
18           *did not have the right to require an employee to adhere to its*
             *procedures for claiming overtime.*
19

20   *Id.* at 749 (emphasis added).

21        The court rejected the plaintiff officer's contention that notwithstanding the City's

22   requirement that all overtime hours must be pre-approved, his supervisors must have known he

23   was putting in additional overtime hours because they understood the nature of the work and

24   because he had reported his activities to his supervisors on a daily basis.  Because it was

25   reasonable, the court observed, for the officer's supervisors "to assume that [the plaintiff] was

26   taking flex time to compensate for unscheduled hours worked, it was reasonable for [the

27   supervisors] to rely on [the plaintiff's] payroll submissions as a reliable indicator of the number

28   of hours being worked" by him.  *Id.* at 749–50; *see also Maus v. City of Towanda*, 165 F. Supp.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
20   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   2d 1223, 1230 (D. Kan. 2001) ("It is not the City's responsibility to ensure that its employees

2   properly record their . . . time.  It is enough that the City instructed its employees as to the

3   procedure for receiving such compensation."); *Albee v. Village of Bartlett*, 861 F. Supp. 680

4   (N.D. Ill. 1994) (relying, in part, upon the plaintiff police officers' personal practice not to

5   submit overtime requests for missed meal periods to conclude that the employer city could not be

6   held liable for the unreported time).  In short, absent compelling evidence that an employer

7   encourages or requires its employees to falsely report their hours, employees may not be

8   compensated for unreported hours.  *See Newton*, 47 F.3d at 750.

9        Plaintiffs' instruction fails to account for these authorities and instead draws its language

10  from a single district court opinion, *Cunningham v. Gen. Elec. Co.*, 43 F. Supp. 2d 965 (N.D. Ill.

11  1999).  While *Cunningham* endeavors to address an employer's constructive knowledge when

12  the employer has effectively required its employees to work overtime without permitting the

13  employees to fully report their time, the language employed by the court in *Cunningham* does

14  not accurately and fairly convey this concept.  Nor is the statement Plaintiffs have extracted from

15  *Cunningham* widely-employed by courts in FLSA cases, a fact that further confirms the

16  impropriety of giving this instruction to the jury.

17       Even if Plaintiffs' reliance upon this one, out-of-circuit case were appropriate, Plaintiffs'

18  instruction is misleading and incomplete in that it uses the phrase "deliberate ignorance" without

19  providing any context for the jury regarding the meaning of this phrase.  As the case cited by

20  Plaintiffs in support of this instruction bears out, even if an employer's constructive knowledge

21  can be established by a showing of "deliberate ignorance," this finding was appropriate in

22  *Cunningham* only under relatively egregious circumstances:  The employee was specifically

23  instructed not to report any overtime; the employer was aware that the employee did not report

24  even a single hour of overtime despite knowledge that the employee's job responsibilities

25  required him to work more than forty hours per week; and, with regard to some of the

26  employee's overtime hours, the employee informed the corporate employer's president that he

27  was not reporting all of his overtime hours.  *Cunningham*, 43 F. Supp. 2d at 976–77.  These are

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

21

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   the very circumstances more accurately described by the language employed by Ninth Circuit in

2   *Forrester v. Roth's IGA Foodliner, Inc.*:

3           An employer who is armed with . . . knowledge [of overtime work]
            cannot stand idly by and allow an employee to perform overtime
4           work without proper compensation, even if the employee does not
            make a claim for the overtime compensation.

5
            However, where an employer has no knowledge that an employee
6           is engaging in overtime work and that employee fails to notify the
            employer or deliberately prevents the employer from acquiring
7           knowledge of the overtime work, the employer's failure to pay for
            the overtime hours is not a violation of [the FLSA].

8

9   646 F.2d 413, 414 (9th Cir. 1981); *see also Lindow v. United States*, 738 F.2d 1057, 1061 (9th

10  Cir. 1984); *Fox v. Summit King Mines Ltd.*, 143 F.2d 926, 932 (9th Cir. 1994).  The Ninth

11  Circuit's doctrinal approach is consistent with that of many other judicial circuits.  *E.g.*, *Newton*

12  *v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995); *Davis v. Food Lion*, 792 F.2d 1274 (4th Cir.

13  1986); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972).  Plaintiffs' "deliberate

14  ignorance" instruction is objectionable because it does not fairly reflect this legal framework.

15          **C.      Alternative Instruction**

16          The City's Supplemental Jury Instructions 308 and 309 contain the appropriate legal

17  standards for assessing whether an employer possessed actual or constructive knowledge of an

18  employee's overtime work such that the work was suffered or permitted by the employer.

19  Supplemental Jury Instruction 308 recites the language from the Ninth Circuit's *Forrester*

20  opinion explaining the concept of constructive knowledge, with minor modifications.

21          Supplemental Jury Instruction 309 provides additional context by which the jury should

22  assess whether the City possessed constructive knowledge of Plaintiffs' alleged overtime work.

23  This proposed instruction includes language clarifying that an employer cannot avoid

24  constructive knowledge of overtime hours worked simply by ignoring the situation.  Specifically,

25  the City's Supplemental Jury Instruction 308 states:  "An employer must have an opportunity to

26  comply with the provisions of the FLSA.  This is not to say that an employer may escape

27  responsibility by negligently maintaining records required by the FLSA, or by deliberately

28  turning its back on a situation . . . ."  The City's proposed instruction reflects the accurate legal

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

22

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   standard, stated in language drawn almost verbatim from controlling Ninth Circuit with only

2   minor, non-substantive modifications.  *See Forrester*, 646 F.2d at 414–15.

3   **IX.        PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 208**

4        **A.        Instruction Text**

5        **Duty to Inquire**

6        An employer's knowledge is measured in accordance with its duty to inquire into the

7   conditions prevailing in its business.  An employer does not rid himself of that duty because the

8   extent of the business may preclude its personal supervision, and compel reliance on

9   subordinates.

10       **B.        Objection(s)**

11       The City objects to this instruction in its entirety.  As with Plaintiffs' Jury Instruction

12  206, Plaintiffs rely on a quote from the Eleventh Circuit's decision in *Reich v. Department of*

13  *Conservation & Natural Resources*, 28 F.3d 1076, 1082 (11th Cir. 1994), as the sole authority

14  for this proposed instruction.  Again, the language Plaintiffs advocate is derived from a 1918

15  New York Court of Appeals decision addressing the issue of employer knowledge in the context

16  of criminal violations of child labor laws.  *See People ex rel. Price v. Sheffield Farms-Slawson-*

17  *Decker Co.*, 225 N.E. 474, 476 (N.Y. 1918).  Indeed, in *Department of Conservation & Natural*

18  *Resources*, the court cites *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969),

19  another child labor law case, which in turn cites *Price*.  Directly proceeding its discussion of

20  *Price* and its progeny, the court states clearly that "a corporation 'must be held strictly

21  accountable for the child labor violations of subordinates.'"  *Gulf King Shrimp Co.*, 407 F.2d at

22  512.  No such strict accountability applies in FLSA cases and Plaintiffs point to no authority --

23  other than the fortuitous citation of these cases in *Department of Conservation & Natural*

24  *Resources* -- to support this extreme position.[3]

25  _____

26  [3]        While the City's research has identified one other case in which a court has applied a
    "duty to inquire" standard, *Hellmers v. Town of Vestal*, 969 F. Supp. 837 (N.D.N.Y. 1997), this

27  case does not suggest a rule anything like what Plaintiffs advocate.  In fact, in *Hellmers*, the
    court clarified that while an "employer's knowledge is measured in accordance with his 'duty . . .

28  to inquire into the conditions prevailing in his business,'" "the duty to inquire is not unlimited,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO                SD\651655.2

23

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    Furthermore, while the Eleventh Circuit in *Department of Conservation & Natural*

2    *Resources* uses this language in describing the rule in FLSA cases, the court never applies the

3    rule with the rigidity that the bare language -- taken out of context -- suggests.  Instead, the

4    Eleventh Circuit merely held that the employer's promulgation of a department policy not to

5    work overtime was not enough in the face of the employer's *actual* knowledge to the contrary.

6    *Dep't of Conservation & Natural Res.*, 28 F.3d at 1083–84.  Not only does this out-of-context

7    language unfairly represent the court's holding, it is not the prevailing law under the FLSA in

8    general, nor that of this Circuit.

9    **C.      Alternative Instruction**

10    As discussed in Sections VI.C, VII.C, VIII.C, *supra*, the City's Supplemental Jury

11    Instructions 307, 308, and 309 more accurately address the issue of actual and constructive

12    knowledge.  In particular, the City's Supplemental Jury Instruction 309, which is nearly a direct

13    quote from the Ninth Circuit's opinion in *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d

14    413, 414–15 (9th Cir. 1981), represents a more balanced and legally accurate alternative to

15    Plaintiffs' instruction.

16    **X.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 209:**

17    **A.      Instruction Text**

18    **Duty of Management**

19    Defendant bears the burden of preventing overtime work when such work is not desired.

20    In all cases it is the duty of management to exercise its control and see that work is not

21    performed if it does not want it to be performed.  It cannot sit back and accept the benefits

22    without compensating the employees for the work performed.

23    **B.      Objection(s)**

24    The City objects to this instruction in its entirety.  Plaintiffs' proposed instruction is

25    incomplete, and therefore misleading.  While some (not all) of the language of Plaintiffs'

26    particularly where, as here, the employer has a policy against overtime and requires its
employees to submit overtime compensation claims."  *Id.* at 845.  Thus, even assuming the

27    existence of a "duty to inquire," Plaintiffs' instruction unfairly broadens it by omitting necessary

28    context.

LATHAM&WATKINS**LLP**
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
24   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    proposed instruction is drawn from 29 C.F.R. § 785.13, when offered standing alone, Plaintiffs'

2    instruction suggests that an employer has an unqualified duty to prevent undesired overtime

3    work *irrespective* of whether the employer knows or should have known of the undesired

4    overtime work, and without regard to the types of safeguards employers may put in place to

5    prevent undesired overtime work.  This is an inaccurate statement of the law.  *See*, *e.g.*, *Newton*

6    *v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Lindow v. United States*, 738 F.2d

7    1057, 1060–62 (9th Cir. 1984); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15

8    (9th Cir. 1981); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988), *Davis  v. Food Lion*,

9    792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Brumbelow v. Quality Mills, Inc.*, 462

10   F.2d 1324, 1327 (5th Cir. 1972); *Fox v. Summit King Mines, Ltd.*, 143 F.2d 926, 932 (9th Cir.

11   1944); *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008).  Absent this critical context,

12   Plaintiffs' proposed instruction does not fairly represent the meaning of "suffer or permit" to

13   work, and therefore should be rejected.

14        **A.    Alternative Instruction**

15        The City's Supplemental Instructions 308, 309, and 311 together are alternatives to

16   Plaintiffs' proposed instruction.  These instructions better explain the meaning of to "suffer or

17   permit" work.  Just as Plaintiffs' proposed instruction, the City's instructions make clear that an

18   employer may not simply ignore an employee's performance of overtime work when the

19   employer has actual or constructive knowledge that the overtime work is being performed by an

20   employee.  *See* City's Supplemental Instruction 308 ("An employer who is armed with actual or

21   constructive knowledge cannot stand idly by and allow an employee to perform overtime work

22   without proper compensation, even if the employee does not make a claim for the overtime

23   compensation."); City's Supplemental Instruction 309 ("This is not to say than an employer may

24   escape responsibility by negligently maintaining records required by the FLSA, or by turning its

25   back on a situation.").  The City's proposed instructions are more accurate in that they go one

26   step further by providing the necessary context:  The employer's obligations are limited by its

27   knowledge and by its ability to control the actions of its employees.  *See generally* City's

28   Supplemental Instruction 308, 309, 311.  Moreover, the City's proposed instructions reflect

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
25   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   language drawn from controlling Ninth Circuit law.  *Forrester v. Roth's IGA Foodliner, Inc.*,

2   646 F.2d 413 (9th Cir. 1981); *see also Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir.

3   1984); *Fox v. Summit King Mines Ltd.*, 143 F.2d 926, 932 (9th Cir. 1994).

4          If, however, the Court is inclined to include portions of 29 C.F.R. § 785.13 in its

5   instructions to the jury, the City urges the Court to incorporate this language only in an

6   instruction that includes the appropriate legal context.  Specifically, any such instruction should

7   make clear to the jury that:  (1) An employer's management does not have a duty to see that

8   work is not performed if the management is not actually or constructively aware that undesired

9   overtime work is being performed by an employee; and (2) an employer may attempt to exercise

10  control over undesired overtime work by promulgation of a directive against overtime work.

11  **XI.        PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 210**

12          **A.        Instruction Text**

13          **Record Keeping**

14          Plaintiffs also claim that Defendant violated federal laws establishing specific record-

15  keeping requirements.

16          Under federal law, every employer subject to the FLSA shall make, keep, and preserve

17  such records of persons employed by the employer and of the wages, hours, and other conditions

18  and practices of employment maintained by the employer, and shall preserve such records for

19  specified periods of time.

20          Payroll records, including each employee's name, address, occupation, hours worked

21  each day and week, wages paid and date of payment, amounts earned as straight-time pay and

22  overtime, and deductions must be maintained for at least three (3) years from the last date of

23  entry.

24          Basic time and earnings cards, wage rate tables, work schedules, and records of additions

25  to or deductions from wages must be retained for a minimum of two (2) years from the date of

26  last entry.

27

28

LATHAM&WATKINS┬┴┴┴
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

26

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   **B.     Objection(s)**

2       The City objects to Plaintiffs' proposed instruction in its entirety.  No private right of

3   action exists for employees to challenge an employer's recordkeeping violations under the

4   FLSA; only the Secretary of Labor has standing to enforce recordkeeping requirements.  *East v.*

5   *Bullock's, Inc.*, 34 F. Supp. 2d 1176, 1182 (D. Ariz. 1998); *Bureerong v. Uvawas*, 922 F. Supp.

6   1450, 1471 (C.D. Cal. 1996).  This instruction is therefore unnecessary and legally inappropriate.

7   **C.     Alternative Instruction**

8       To the extent that this instruction is meant to address the records-keeping issue that arises

9   in connection with Plaintiffs' burden of proving the amount and extent of overtime worked, this

10   issue is addressed in the City's Supplemental Jury Instruction 312, discussed in XIV.C, *infra* at

11   30.

12   **XII.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 211**

13   **A.     Instruction Text**

14   **Employer's Duty**

15       Under the FLSA, an employer may delegate to his employees, the duty of keeping

16   records of their hours, but if he does so, he does so at his peril, and he cannot escape the record

17   keeping provisions of the Act by delegating such duty to his employees.

18   **B.     Objection(s)**

19       The City objects to Plaintiffs' proposed instruction in its entirety.  The proposed

20   language, which is derived from *Mitchell v. Reynolds*, 125 F. Supp. 337 (W.D. Ark. 1954), does

21   not pertain to enforcement of the FLSA's recordkeeping requirements in private wage and hour

22   litigation, but rather to recordkeeping violations enforceable only by the Department of Labor.

23       As discussed above with respect to City's objection to Jury Instruction 210, no private

24   right of action exists for employees to challenge an employer's purported FLSA recordkeeping

25   violations; only the Secretary of Labor has standing to enforce these recordkeeping requirements.

26   *East v. Bullock's, Inc.*, 34 F. Supp. 2d 1176, 1182 (D. Ariz. 1998); *Bureerong v. Uvawas*, 922 F.

27   Supp. 1450, 1471 (C.D. Cal. 1996).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
27   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   *Reynolds* merely makes the unremarkable statement that an employer cannot defend

2   against a Department of Labor action simply by arguing that it delegated its recordkeeping duties

3   to its employees. *Reynolds*, 125 F. Supp. at 340.  An employer may delegate its recordkeeping to

4   its employees, but this does not excuse it from compliance with the statute's recordkeeping

5   provisions. *Id.*  This is not a Department of Labor action against a non-compliant employer.

6   Therefore, *Reynolds* has no application to this case.  This instruction is unnecessary and legally

7   inappropriate.

8       **C.    Alternative Instruction**

9           To the extent that this instruction is meant to address the records-keeping issue that arises

10   in connection with Plaintiffs' burden of proving the amount and extent of overtime worked, this

11   issue is addressed in the City's Supplemental Jury Instruction 312, discussed in XIV.C, *infra* at

12   30.

13   **XIII.    PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 212**

14       **A.    Instruction Text**

15       **Employer's Lack of Time Records**

16           Under Federal law, the employer's lack of time records of actual hours worked is not

17   fatal to Plaintiffs' claims for overtime because the employer bears the risk of inadequate record

18   keeping.

19       **B.    Objection(s)**

20           The City objects to this instruction in its entirety because it is misleading.  While it is true

21   that "the employer's lack of time records of actual hours worked is not fatal to Plaintiffs' claims

22   for overtime," it is not the case that the employer bears the sole responsibility for inadequate

23   records.  The law has developed since *Mt. Clemens* -- the seminal case on this issue -- to forbid

24   an employee from claiming that records are inaccurate or incomplete where those records are

25   inaccurate or incomplete because of the employee's own failure to report overtime.  *See, e.g.*,

26   *Newton v. City of Henderson*, 47 F.3d 746, 750 (5th Cir. 1995) (payroll records are not reliable

27   indicators of the number of hours an employee worked only if there was evidence to support the

28   conclusion that the City encouraged or forced the plaintiffs to submit incorrect time sheets);

LATHAM&WATKINS℠
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

28

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1  *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1326–27 (5th Cir. 1972) (no liability where the

2  records failed to correctly reflect the hours actually worked because the employees falsely

3  reported their hours on their own accord and were not encouraged by the employer to do so);

4  *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 475 F. Supp. 630, 632 (D. Ore. 1979), *aff'd at* 646

5  F.2d 413 (9th Cir. 1981) (finding no liability where the employer neither knew nor had reason to

6  believe that the employee was deliberately underreporting his overtime); *Walling v. Woodruff*, 49

7  F. Supp. 52, 56 (M.D. Ga. 1942) ("An employer does no violate the act or the regulation

8  [requiring proper record-keeping] by relying in good faith upon employees to keep and report

9  their own time and by sing the record so made as the record of time required by the regulations,

10  if neither the employee nor his agents do or say anything to cause the employees to keep an

11  incorrect record.").  Notably, Plaintiffs' sole authority for this proposed instruction is a single,

12  non-binding case -- *Karr v. City of Beaumont*, 950 F. Supp. 1317, 1321 (E.D. Tex. 1997).

13  Plaintiffs have not demonstrated that this instruction constitutes an accurate statement of the law

14  in light of the overwhelming authority to the contrary.

15         **C.**       **Alternative Instruction**

16         To the extent that this instruction is meant to address the records-keeping issue that arises

17  in connection with Plaintiffs' burden of proving the amount and extent of overtime worked, this

18  issue is addressed in the City's Supplemental Jury Instruction 312, discussed in XIV.C, *infra* at

19  30.

20  **XIV.**       **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 213**

21         **A.**       **Instruction Text**

22         **Nonexistent Overtime Records**

23         Under federal law, in situations where no records of unpaid overtime exist, Plaintiff

24  carries out his burden if he/she proves that:  1) he/she has in fact performed work for which

25  he/she was improperly compensated and if 2) he/she produces sufficient evidence to show the

26  amount and extent of that work as a matter of just and reasonable inference.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

29

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

**B.**     **Objection(s)**

Plaintiffs' Jury Instruction 213 reflects Plaintiffs' best attempt of five (Jury Instructions 210, 211, 212, 213, and 226) to address the records-keeping issue that arises in connection with Plaintiffs' burden of proving the amount and extent of uncompensated overtime hours they claim to have worked.  Nonetheless, this instruction, too, is incomplete and is therefore improper.

The law has developed since *Mt. Clemens* to forbid an employee from claiming that an employer's records are inaccurate or incomplete where those records are inaccurate or incomplete because of the employee's own failure to report overtime.  *See supra* City's objections to Jury Instruction 212 (citing *Newton v. City of Henderson*, 47 F.3d 746, 750 (5th Cir. 1995); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1326–27 (5th Cir. 1972); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 475 F. Supp. 630, 632 (D. Ore. 1979), *aff'd* 646 F.2d 413 (9th Cir. 1981); *Walling v. Woodruff*, 49 F. Supp. 52, 56 (M.D. Ga. 1942)).  Plaintiffs' proposed instruction does not include any language explaining this line of authorities to the jury, and therefore reflects an incomplete and misleading statement of the law.

**C.**     **Alternative Instruction**

The City's Supplemental Jury Instruction 312 is preferable in that it provides a more balanced summary of the law.  The City's instruction addresses the subject matter of Plaintiffs' Jury Instruction 213, and also includes critical language clarifying that the *Mt. Clemens* rule is not appropriate in situations where -- unlike in *Mt. Clemens* -- through no fault of the employer, the employee falsifies the overtime records by underreporting the time worked.

**XV.**     **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 214**

**A.     Instruction Text**

**Pre-Shift and Post-Shift Overtime**

Activities performed by an employee while under the control and supervision of his/her employer either before or after the regular work shift are compensable if those activities are necessary to the principal work performed and done for the benefit of the employer.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

30

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

**B.** **Objection(s)**

1. General Objections

This instruction as written is incomplete and misleading.  The "preliminary" and "postliminary" rules enunciated by the Portal-to-Portal Act were meant to protect employers, not to extend liability.  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (quoting 29 U.S.C. § 254(b)) ("The Portal-to-Portal Act of 1947 relieves an employer of responsibly for compensation employees for 'activities [that] are preliminary or postliminary to [the] principal activity or activities' of a given job.").  By default, activities performed before or after an employee's shift are not compensable; it is only when such activities are "integral and indispensable" to a principal activity, and are performed prior to or following the shift primarily for the benefit of the employer, that such activities are rendered compensable.  *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir. 1976).  "[T]he fact that certain preshift activities are necessary for employees to engage in their principal activities does not mean that those preshift activities are 'integral and indispensable' to a 'principal activity' under *Steiner*."  *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40–41 (2005).  As drafted, Plaintiffs' instruction would lead the jury to find compensable all "necessary" activities, even where such activities were not also "integral and indispensable."

2. *". . . done for the benefit of the employer."*

Plaintiffs' Jury Instruction 214 utilizes a variation of the definition of "work" which fatally omits the word "primarily."  The Supreme Court has long defined "work" to include the requirement that it be "pursued necessarily and primarily for the benefit of the employer and his business."  *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005).  Plaintiffs' omission countenances misapprehension by the jury that if the activity performed is of *any* benefit to the employer, no matter how insignificant, the time is compensable.  This is not the law.  The proper test is whether the employer derives "significant benefit," not whether the employer is the "sole" beneficiary.  *Treece v. City of Little Rock*, 923 F. Supp. 1122, 1125–27 (E.D. Ark. 1996); *see also Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir. 1976).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

31

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

### C.     Alternative Instruction

The City's Supplemental Jury Instructions 314 and 315 should be used instead.  The City's instructions are more comprehensive -- defining both preliminary and postliminary, as well as "integral and indispensable" -- and reflect the proper balance between activities that employees choose to perform outside of shift hours, and those activities that are necessarily performed outside of shift hours primarily for the employer's benefit.

## XVI.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 215

### A.     Instruction Text

**Missed Meal Period Overtime**

Under the FLSA, employers must pay employees for all "hours worked."  It is undisputed that working through an unpaid meal break would constitute "work."

### B.     Objection(s)

Plaintiffs' Jury Instruction 215 is an accurate statement of the law, but it is irrelevant to this case, and, if given, would likely confuse the jury.  The jury will not be asked to determine whether or not Plaintiffs worked through any meal period because all of Plaintiffs' meal periods have been paid.  Unlike certain other police departments, including Los Angeles, the SDPD schedules all officers for ten-hour shifts inclusive of a thirty-minute meal period.  *See* 29 C.F.R. § 778.320 ("In some cases an agreement provides for compensation for hours spent in certain types of activities which would not be regarded as working time under the Act if no compensation were provided. . . . [T]ime spent in eating meals between working hours fall[s] in this category."); MOU Art. 33(G) ("Said 4/10 plan shall include a thirty (30) minute paid lunch break.").  *Cf. Leahy v. City of Chicago*, 96 F.3d 228, 230 (7th Cir. 1996) ("[O]fficers work shifts of eight-and one-half hours, which include one unpaid half-hour meal period.").[4]

---

[4]     In Los Angeles, for example, officers are scheduled for 10.5 hour shifts, which includes one unpaid half-hour meal period.  The City suspects that the reason Plaintiffs proposed this instruction in this case is that Plaintiffs' counsel -- who are also counsel for plaintiff officers in similar lawsuits against the LAPD -- are confused about the factual differences between the two Departments' schedules.

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
32   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    The City is not aware of any Plaintiff -- and Plaintiffs have not identified any -- who

2    worked a schedule that did not include a paid meal period during the period of time potnentially

3    covered by this lawsuit.  Because all Plaintiffs were paid for a meal period whether they took one

4    or not, no additional compensation is due for those instances in which Plaintiffs may have missed

5    a meal period, or had their meal period interrupted.  *Nelson v. Waste Mgmt. of Alameda County,*

6    *Inc.*, 33 Fed. Appx. 273, 274 (9th Cir. 2002) (memorandum disposition) (where it is undisputed

7    that employer "did pay the employees for the meal period (whether duty-free or not)" "the FLSA

8    does not require the employer to compensate employees for an additional half hour for times that

9    the employees did not receive a duty-free meal period. . . .  Even if the collective bargaining

10   agreement [] requires that the employees receive a duty-free paid half-hour lunch break, the

11   FLSA does not.").

12       **C.      Alternative Instruction**

13       The City's Supplemental Jury Instruction 316 provides the accurate, and relevant

14   statement of the law governing meal periods in this case and should be used instead of Plaintiffs'

15   Jury Instruction 215.

16   **XVII.    PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 216**

17       **A.      Instruction Text**

18   **Bona Fide Meal Period**

19       Bona Fide meal periods are not work time.  Bona Fide meal periods do not include coffee

20   breaks or time for snacks.  Those are rest periods.  The employee must be completely relieved

21   from duty for the purposes of eating regular meals.  Thirty minutes of an uninterrupted meal

22   break is long enough for bona fide meal break.  The employee is not relieved if he/she performs

23   any duties, whether active or inactive, while eating.  For example, a police officer that is required

24   to eat at his/her desk or a factory worker that is required to eat at his/her machine is working.

25       **B.      Objection(s)**

26       Like Plaintiffs' Jury Instruction 215, Plaintiffs' Jury Instruction 216 is also irrelevant to

27   this case.  The jury will not be asked to determine whether or not Plaintiffs received "bona fide"

28   meal periods, or whether Plaintiffs were "completely relieved from duty," because all of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

33

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   Plaintiffs' meal periods were paid.  As explained above, the City is not aware of any Plaintiff --

2   and Plaintiffs have not identified any -- who worked a schedule that did not include a paid meal

3   period during the time potentially covered by this lawsuit.  Because all Plaintiffs were paid for a

4   meal period whether they took one or not, no additional compensation is due for those instances

5   in which Plaintiffs may have missed a meal period, or had their meal period interrupted.  *Nelson*

6   *v. Waste Mgmt. of Alameda County, Inc.*, 33 Fed. Appx. 273, 274 (9th Cir. 2002) (memorandum

7   disposition).

8       Even if it were relevant here, Plaintiffs' Jury Instruction 216 is legally erroneous.

9   Plaintiffs' proposed instruction quotes 29 C.F.R. § 785.19, substituting "police officer" for

10  "office employee" in the last sentence.  A substantially similar instruction was rejected by the

11  Tenth Circuit in *Lamon v. City of Shawnee*, 972 F.2d 1145, 1157 (10th Cir. 1992).  Specifically,

12  the court concluded that:  "As literally extracted from [29 C.F.R.] § 785.19, the trial court's

13  instruction . . . deprived the jury of an ample understanding of the issues and standards of the

14  case.  The instruction countenanced the misapprehension that the performance of *any* official

15  duty, no matter how insignificant, during meal periods rendered the time compensable.  We

16  reject the result."[5]  Plaintiffs' proposed instruction accordingly should not be given to the jury.

17  _____

    [5]     The jury instruction in *Lamon* read:

18
                Unless plaintiffs' meal periods are "bona fide" meal periods under the
19              Fair Labor Standards Act, plaintiffs' meal periods are compensable
                work time.  Bona fide meal periods are not work time.  To qualify as
20              a bona fide meal period, the employee must be completely relieved
                from duty for the purposes of eating regular meals.  The employee is
21              not relieved if he is required to perform any duties, whether active or
                inactive, while eating.

22  *Lamon*, 972 F.2d at 1156.  In comparison, 29 C.F.R. § 785.19(a) reads:

23              Bona fide meal periods. Bona fide meal periods are not worktime.
                Bona fide meal periods do not include coffee breaks or time for
24              snacks. These are rest periods. The employee must be completely
                relieved from duty for the purposes of eating regular meals.
25              Ordinarily 30 minutes or more is long enough for a bona fide meal
                period. A shorter period may be long enough under special
26              conditions. The employee is not relieved if he is required to perform
                any duties, whether active or inactive, while eating. For example, an
27              office employee who is required to eat at his desk or a factory worker
                who is required to be at his machine is working while eating.

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

34

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1

## C.     Alternative Instruction

2       The City's Supplemental Jury Instruction 316 provides the accurate, and relevant

3 statement of the law governing meal periods in this case and should be used instead of Plaintiffs'

4 Instruction 216.

5       However, if the Court is inclined to instruct the jury with respect to when meal periods

6 must be paid under the "completely relieved from duty" standard, the City suggests the Court

7 substitute the following instruction for Plaintiffs' Jury Instruction 216:

8               Under the FLSA, an employee must be engaged primarily in work-
        related duties during meal periods to warrant compensation.  An
9       employer need not pay an employee for a meal period, unless the
        employee is not "completely relieved from duty" during that meal
10      period.

11              An employee is not "completely relieved from duty" if his or her
        time is spent predominantly for the benefit of the employer.  In
12      determining whether an employee's time is spent predominantly
        for the employer, you must look to the nature and extent of
13      restrictions placed upon the employee during their meal period. If
        the employee is unable to comfortably and adequately pass the
14      mealtime because the employee's time or attention is devoted
        primarily to official responsibilities, the employee may not be
15      "completely relieved from duty."

16              For example, if the employee is required to remain on call in
        barracks or similar quarters, or is engaged in extended surveillance
17      activities (e.g., "stakeouts"), the employee is not considered to be
        "completely relieved from duty."  Likewise, if the employee
18      interrupts his or her meal period in order to go out on an
        emergency call, for example, then the employee is not "completely
19      relieved from duty."

20              That an employee is on-call and has some limited responsibilities
        during meal periods does not necessarily mean the employee is
21      working.  For example, even when an employee is required to
        obtain clearance from a supervisor or dispatcher before
22      commencing a meal period, the employee may still be considered
        to be "completely relieved from duty."  Likewise, even when an
23      employee must remain in uniform, monitor a radio, stay within a
        certain vicinity, or answer inquiries from members of the public
24      during a meal period, for example, the employee may still be
        considered to be "completely relieved from duty," in which case
25      the meal period would not be compensable.

26 **Authority**: 29 C.F.R. § 785.19; 29 C.F.R. § 553.223; *Armour & Co. v. Wantock*, 323 U.S. 126,

27 133 (1944); *Leahy v. City of Chicago*, 96 F.3d 228, 231 (7th Cir. 1996); *Avery v. City of*

28 *Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994); *Henson v. Pulaski County Sheriff Dep't*, 6 F.3d

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
35   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   531, 536 (8th Cir. 1993); *Lamon v. Shawnee*, 972 F.2d 1145, 1155–58 (10th Cir. 1992);

2   *Armitage v. Emporia*, 982 F.2d 430, 431-32 (10th Cir. 1992); *O'Hara v. Menino*, 253 F. Supp.

3   2d 147, 157 (D. Mass. 2003); *Albee v. Village of Bartlett*, 861 F. Supp. 680, 685 (N.D. Il. 1994);

4   *Bagrowski v. Maryland Port Auth.*, 845 F. Supp. 1116, 1120 (D. Md. 1994); *Nelson v. Waste*

5   *Mgmt. of Alameda County, Inc.*, 142 Lab. Cas. (CCH) P34,149, 2000 U.S. Dist. Lexis 11286 *9

6   (N.D. Cal. June 16, 2000).

7   **XVIII.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 217**

8        **A.      Instruction Text**

9        **Inadequate Meal Periods**

10        Where an employee employed under 7(k) is on duty for less than 24 hours or less, meal

11   time may not be excluded from hours worked in the usual circumstances.  However, where such

12   an employee is completely relieved from duty during the meal period, and is not required, for

13   example, to remain in radio contact, such an employee would be off duty during this period and

14   such time would not be included in hours worked for purposes of Sec. 7(k).

15        FLSA requires remuneration for meal periods during which a police officer is unable

16   comfortably and adequately to pass the mealtime because the officer's time or attention is

17   devoted primarily to official responsibilities.

18        **B.      Objection(s)**

19             1.      General Objection

20        Plaintiffs' Jury Instruction 217 is irrelevant to this case.  The Court already has ruled that

21   the City is entitled to the § 207(k) partial exemption.  Dkt # 265 (Nov. 9, 2007 Order) at 19.  It is

22   irrelevant for present purposes whether such time is included in "hours worked" or not.  The jury

23   will not be asked to determine whether Plaintiffs were "completely relieved from duty" or

24   "unable comfortably and adequately to pass the mealtime" because, as explained above, the City

25   is not aware of any Plaintiff -- and Plaintiffs have not identified any -- who worked a schedule

26   that did not include a paid meal period during the time potentially covered by this lawsuit.

27   Because all Plaintiffs were effectively paid for a meal period whether they took one or not, no

28   additional compensation is due for those instances in which Plaintiffs may have missed a meal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
36  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1  period, or had their meal period interrupted.  *Nelson v. Waste Mgmt. of Alameda County, Inc.*, 33

2  Fed. Appx. 273, 274 (9th Cir. 2002) (memorandum disposition).

3       If, however, this Court is inclined to instruct the jury on this issue, the instruction

4  proposed by the City as an alternative proposal to Plaintiffs' Jury Instruction 216 would be the

5  superior instruction.

6            2.      *" . . . and is not required, for example, to remain in radio contact . . ."*

7       The City further objects to this example provided in Plaintiffs' Jury Instruction 217

8  because it erroneously implies that an officer who is required to remain in radio contact would

9  *not* be completely relieved from duty.  This is an incorrect statement of the law.  Numerous

10  courts have found that officers were completely relieved from duty where they were nonetheless

11  required to remain on call or monitor radios, among other things.  *E.g.*, *Avery v. City of*

12  *Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994) (officers required to remain in uniform and leave

13  radios on); *Henson v. Pulaski County Sheriff Dep't*, 6 F.3d 531, 536 (8th Cir. 1993) (officers

14  required to obtain clearance before commencing meal break, be approached by members of the

15  public, monitor radios, and respond to emergencies); *Armitage v. City of Emporia, Kansas*, 982

16  F.2d 430, 431–32 (10th Cir. 1992) (detectives required to notify dispatch of location (enabling

17  callback), respond to questions from public, and refrain from consuming alcohol); *O'Hara v.*

18  *Menino*, 253 F.Supp.2d 147, 157 (D. Mass. 2003) (officers required to remain on call, confine

19  breaks to restricted times, and terminate lunch period if emergency arose); *Albee v. Village of*

20  *Bartlett*, 861 F.Supp. 680, 685 (N.D. Ill. 1994) (officers required to be on call and receive

21  emergency calls during lunch periods); *Bagrowski v. Maryland Port Auth.*, 845 F. Supp. 1116,

22  1120 (D. Md. 1994) (same).

23       *Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992), upon which Plaintiffs rely, is

24  not to the contrary.  Although one of the restrictions on officers in *Lamon* was that they "either []

25  leave a telephone number where they can be reached or [] monitor a portable radio[,]" the court

26  explicitly recognized "[t]hat a police officer is on-call and has some limited responsibilities

27  during meal periods does not perforce mean the officer is working."  *Id.* at 1156–57.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

37

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    Plaintiffs' reliance on the DOL Field Operations Handbook is similarly unavailing.

2    Although the Handbook may be entitled to deference as the Department of Labor's

3    interpretations of its own regulations, *Belt v. Emcare, Inc.*, 444 F.3d 403, 415 (5th Cir. 2006), the

4    regulation itself is not controlling upon this Court.  *Skidmore v. Swift & Co.*, 323 U.S. 134, 140

5    (1944).  Moreover, as discussed above, courts have roundly rejected the proposition that a

6    requirement to remain in radio contact (the example provided in the Handbook) renders a meal

7    period predominantly for the benefit of the employer and compensable.  *E.g.*, *Lamon*, 972 F.2d at

8    1156–57.

9        **C.      Alternative Instruction**

10    The City's Supplemental Jury Instruction 316 provides the accurate, and relevant

11    statement of the law governing meal periods in this case and should be used instead of Plaintiffs'

12    Instruction 217.  However, if the Court is inclined to include an instruction, the City offers its

13    alternative proposal to Plaintiffs' Jury Instruction 216, in XVII.C, *supra* at 35–36.

14    **XIX.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 218**

15        **A.      Instruction Text**

16        **Off Duty-Work**

17    Work performed off-duty on the employer's premises can qualify as work and entitle an

18    employee to compensation under the FLSA if the off-duty work is necessary to the principal

19    work performed and done for the benefit of the employer.

20        **B.      Objection(s)**

21            1.      General Objection

22    Plaintiffs' Jury Instruction 218 is incomplete and inadequate as drafted.  Like Plaintiffs'

23    Proposed Jury Instructions 214 and 218, Plaintiffs hint at the "integral and indispensable"

24    standard.  However, the "off-duty work" to which Plaintiffs refer is not preliminary or

25    postliminary activity, but rather includes job-related activities that would normally be performed

26    by Plaintiffs during shift hours.  The proper test is whether these job-related activities could have

27    been performed during Plaintiffs' shifts.  If the activities could be completed during scheduled

28    shift hours, but are performed by a Plaintiff outside of his or her scheduled shift hours as a matter

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

38

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   of his or her own convenience or preference, and not primarily for the City's benefit, this time is

2   not "work" and therefore not compensable under the FLSA.  *Tennessee Coal, Iron & R. Co. v.*

3   *Muscoda Local 123*, 321 U.S. 590, 598 (1944) (to be work, employee's efforts must be

4   "controlled or required by the employer and pursued necessarily and primarily for the benefit of

5   the employer and his business"); *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984)

6   (activities performed "outside of normal hours" only compensable if the employer "suffered or

7   permitted" employee to perform such activities); *Lamon v. City of Shawnee*, 972 F.2d 1145, 1158

8   (10th Cir. 1992) (activities not compensable "if the employee freely chooses to put in additional

9   time as a matter of personal preference or convenience" outside of work hours); *Clarke v. City of*

10  *New York*, 2008 WL 3398474 * 10, No. 06 Civ. 11397 (GEL) (S.D.N.Y. June 16, 2008)

11  (activities performed at home not compensable where plaintiffs "have not shown that the City

12  required, suffered, or permitted plaintiffs" to perform such activities at home, and "reasonable

13  fact-finder could conclude that the plaintiffs could" perform such activities during the workday).

14  Plaintiffs' instruction as drafted does not adequately convey to the jury that work is not

15  necessary nor primarily for the benefit of the employer if it could have been completed during

16  shift hours, but was instead performed outside of shift hours for the employee's benefit or

17  convenience.

18          2.       *". . . for the benefit of the employer . . ."*

19          Like Plaintiffs' Proposed Jury Instruction 214, this proposed instruction attempts to

20  describe "work" as done for the benefit of the employer.  This definition erroneously omits the

21  word "primarily."  The Supreme Court has long defined "work" to include the requirement that it

22  be "pursued necessarily and ***primarily*** for the benefit of the employer and his business."

23  *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944) (emphasis

24  added); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005).  Plaintiffs' omission may mislead the jury

25  to believe that if an activity is of *any* benefit to the employer, no matter how insignificant, the

26  time is compensable.  This is not the law.  The proper test is whether the employer derives

27  "significant benefit," not whether the employer is the "sole" beneficiary.  *Treece v. City of Little*

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

39

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   *Rock*, 923 F. Supp. 1122, 1125-27 (E.D. Ark. 1996); *see also Dunlop v. City Elec., Inc.*, 527 F.2d

2   394, 401 (5th Cir. 1976).

3        **C.     Alternative Instruction**

4        Plaintiffs' Proposed Jury Instruction 218 is unnecessary because the parties already have

5   proposed a Joint Jury Instruction on this subject, Joint Jury Instruction 31.  In conjunction with

6   this jointly proposed jury instruction, the City's Supplemental Jury Instructions 305 and 306

7   provide the appropriate definitions of "work."

8   **XX.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 219**

9        **A.     Instruction Text**

10       **Employers Imputed Knowledge**

11       The knowledge of an employer's immediate supervisors is imputed to the employer.

12       **B.     Objection(s)**

13       The City objects to this instruction in its entirety.  Plaintiffs cite a single case,  *Reich v.*

14   *Department of Conservation & Natural Resources*, 28 F.3d 1073 (11th Cir. 1994), to support

15   their jury instruction regarding this crucial issue.  Yet *Department of Conservation & Natural*

16   *Resources* actually supports the *opposite* proposition from what Plaintiffs are contending.  In that

17   case, the Eleventh Circuit implicitly found that the knowledge of low-level supervisors is *not*

18   enough to establish "actual or constructive knowledge" for purposes of FLSA.  Rather,

19   knowledge was established in two ways:  First, the Court found that upper management of the

20   Department had actual knowledge.  Second, the Court blamed department *captains* for failing to

21   notice the blatant inaccuracies in the reports of the low-level supervisors and thus attributing

22   constructive knowledge to the captains.  If the knowledge of low-level supervisors were enough,

23   as Plaintiffs contend, the Court's analysis of the captains' failure to inspect the reports would be

24   unnecessary.  Thus, contrary to Plaintiffs' strained reading of the Eleventh Circuit's decision, it

25   is clear that the knowledge of upper-management, not merely low-level supervisors, is the focus

26   of this inquiry.

27       Indeed, in *Holzapfel v. Town of Newburgh (Holzapfel II)*, 950 F. Supp. 1267 (S.D.N.Y.

28   1997), the court distinguished the court's decision in *Department of Conservation & Natural*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

40

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   *Resources* on the ground that in that case there were report inconsistencies sufficient to alert

2   "*mid-level* supervisory personnel that those officers were working overtime."  950 F. Supp. at

3   1277 (emphasis added).  The Second Circuit agreed with the district court's interpretation of

4   *Department of Conservation & Natural Resources*, although it overruled the district court

5   because there was, in fact, evidence that the Chief of Police knew about the overtime.  *Holzapfel*

6   *v. Town of Newburgh*, 145 F.3d 516, 535 (2d Cir. 1998).  Notably, neither the district court nor

7   the Second Circuit adopted Plaintiffs' strained reading of *Department of Conservation & Natural*

8   *Resources*.

9           Finally, this instruction is objectionable because it is duplicative of Jury Instruction 220.

10          **C.      Alternative Instruction**

11          In the light of unclear case law on this issue, the City's Supplemental Jury Instruction 310

12   represents a more reasonable compromise.  While some cases suggest that the knowledge inquiry

13   must center around high-level employees in the police department, such as captains and police

14   chiefs, the City is willing to concede that mid-level supervisors, such as Lieutenants, may be

15   enough.  *See*, *e.g.*, *Bull v. United States*, 68 Fed. Cl. 212, 224 (2005) ("The actual or constructive

16   knowledge must be attributable to someone with authority to bind the [employer]."); *Newton v.*

17   *City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995) (evaluating constructive knowledge of the

18   Chief of Police and captains); *Maciel v. City of Los Angeles*, __ F. Supp. 2d __, 2008 WL

19   2801119 * 7; 2008 U.S. Dist. LEXIS 44578 *21  (C.D. Cal. May 29, 2008) (determining that a

20   sergeant's knowledge of alleged uncompensated overtime was insufficient to satisfy the plaintiff

21   officer's burden of proof because police sergeants do not qualify as "management"); *In re Food*

22   *Lion Effective Scheduling Litig.*, 861 F. Supp. 1263, 1271 (E.D.N.C. 1994) (knowledge for

23   purposes of FLSA must be that of company "officials").  Indeed, as discussed above, accepting

24   the knowledge of mid-level supervisors such as Lieutenants comports with *Department of*

25   *Conservation & Natural Resources* -- the one case Plaintiffs cite on this issue.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

41

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

# XXI.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 220

## A.     Instruction Text

**Imputed Knowledge of Overtime to Employer**

The knowledge of lower supervisors or managers with regard to overtime work performed is imputed to the employer.

Even where the employer's upper management has encouraged full reporting of all overtime and sought to learn all overtime worked, the employer still has constructive knowledge of unreported overtime hours where immediate supervisors limited the number of reported hours of work.

## B.     Objection(s)

The City objects to this instruction in its entirety.  The City also objects to specific portions of Plaintiffs' proposed instruction as follows.

> 1.     *"The knowledge of lower supervisors or managers with regard to overtime work performed is imputed to the employer."*

This portion of the instruction is the same as Plaintiffs' Jury Instruction 219.  The City objects to this portion of the instruction as duplicative, and in addition, reasserts its objections to Jury Instruction 219 above.  In addition, like Plaintiffs' Jury Instruction 219, neither case Plaintiffs cite -- *Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825 (5th Cir. 1973) or *Cunningham v. Gibson Electric Co.*, 43 F. Supp. 965 (N.D. Ill. 1999) -- supports the position that mere *knowledge* of low-level supervisors is sufficient to impute knowledge to the employer.  As discussed in the next section, both cases cited involved affirmative conduct by direct supervisors causing employees to falsify their reports.  The pervasiveness of the conduct, combined with the employer's management's willfulness in engaging in the conduct, were such that the companies in those cases could not deny knowledge.  Moreover, *Cunningham v. Gibson Electric Co.*, 43 F. Supp. 965 (N.D. Ill. 1999), is especially inapt because there the company's actual knowledge that plaintiff was working uncompensated overtime was known throughout the management strata, including not only by two managers, but by the *president* of the company.  43 F. Supp. 2d at 976.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

42

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    Finally, the meaning of "supervisor" or "manager" will necessarily vary from one

2    employment context to another.  While low-level supervisors might be considered management

3    in the industries involved in *Brennan* and *Cunningham*, they are not in the context of the San

4    Diego Police Department.  In fact, earlier this year in the Central District of California in another

5    FLSA suit brought by law enforcement officers, a court determined that a sergeant's knowledge

6    of alleged uncompensated overtime was insufficient to satisfy the plaintiff–officer's burden of

7    proof because police sergeants are not "management."  *Maciel v. City of Los Angeles*, __ F.

8    Supp. 2d __, 2008 WL 2801119 * 7; 2008 U.S. Dist. LEXIS 44578 *21  (C.D. Cal. May 29,

9    2008).  The court reasoned that management in that police department was defined as "Captains

10   and above," because -- unlike sergeants -- captains were covered by a separate bargaining

11   agreement than patrol officers.  This is the case here.  Moreover, as a matter of policy, it would

12   be odd to bind the employer with the knowledge of sergeants, who are *also* plaintiffs in this case.

13   To allow this would be to allow the perverse result of having sergeants be both employers and

14   employees in the same FLSA trial.  Plaintiffs cite no precedent permitting this anomalous result.

15          2.      *"Even where the employer's upper management has encouraged full
                    reporting of all overtime and sought to learn all overtime worked, the*
16                  *employer still has constructive knowledge of unreported overtime hours*
                    *where immediate supervisors limited the number of reported hours of*
17                  *work."*

18   Similarly, this portion of the instruction is not supported by the case law.  In both cases

19   Plaintiffs cite -- *Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825 (5th Cir. 1973) and

20   *Cunningham v. Gibson Electric Co.*, 43 F. Supp. 965 (N.D. Ill. 1999) -- the supervisors went

21   well beyond merely "limit[ing] the number of reported hours of work."  In *Brennan*, the

22   supervisors' "insisted" that work be completed within a defined time line and "squelched truthful

23   responses" to the contrary, with the practical effect of "forcing employees to work unreported

24   and thus uncompensated hours of overtime."  482 F.2d at 827.  In *Cunningham*, the employer

25   "personally instructed [the employee] not to report [overtime] hours."  43 F. Supp. 2d at 976.

26   The key in these cases is that the employer limited not the hours an employee was allowed to

27   *work* (which is clearly permissible under the FLSA), but rather the number of working hours an

28   employee was allowed *report*.  To the contrary, Plaintiffs' instruction erroneously suggests that

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

43

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   an employer violates the FLSA if it simply limits the number of hours an employee works.  The

2   fact that Plaintiffs embed the word "reported" right before "hours" does not make this instruction

3   any less misleading, incomplete, or inaccurate.

4       **C.       Alternative Instruction**

5       For the reasons discussed above with regard to Plaintiffs' Jury Instruction 219, the City's

6   Supplemental Jury Instruction 310 is the superior and more legally accurate instruction.

7   **XXII.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 221**

8       **A.      Instruction Text**

9       **Continu[ous] Work Day Under the FLSA**

10      Under the FLSA, an employee who is under the control and supervision of his employer

11  begins and ends his/her workday when he/she performs/stops performing an activity that benefits

12  the employer and that is necessary to the principal work performed by the employee.  The

13  scheduled start of the shift and end of the shift is irrelevant.

14      A patrol officer who begins to load his patrol car at the police station, for example, prior

15  to the scheduled start time is beginning his workday and any time thereafter until the

16  commencement of his/her scheduled shift is compensable.

17      **B.      Objection(s)**

18      Plaintiffs' proposed jury instruction misconstrues and misapplies the "continuous

19  workday" rule.

20      The continuous workday rule requires that an employee be paid for all time between the

21  first and last principal activities in a single workday, except for time that is otherwise specifically

22  excepted, such as an unpaid meal period.  *See* 29 C.F.R. § 790.6(b) (" 'Workday' as used in the

23  Portal Act means, in general, the period between the commencement and completion on the same

24  workday of an employee's principal activity or activities. It includes all time within that period

25  whether or not the employee engages in work throughout all of that period."); *IBP, Inc. v.*

26  *Alvarez*, 546 U.S. 21, 36–37; *Alexander v. Wackenhut Corp.*, No. 07-262, 2008 WL 2697163 *4

27  (E.D. La. Jul. 1, 2008) (unpublished order).  The idea behind the continuous workday rule is that

28  the employer cannot start and stop the clock throughout the day to avoid payment for waiting

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
44  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    time and the like that occurs throughout an employee's work shift.  As the caselaw bears out,

2    issues concerning the proper application of the continuous workday rule arise virtually

3    exclusively with regard to only two types of activities:  (1) Transit time (whether walking or

4    other travel time) during the workday; and (2) waiting time.  *E.g.*, *IBP v. Alvarez*, 546 U.S. 21

5    (2005) (discussing continuous workday in the context of "walking" and "waiting" time).

6         The continuous workday rule recognizes that there are certain activities, which -- as a

7    matter of chronological necessity -- *must* be performed directly before or directly after work.

8    These are activities that are generally preliminary or postliminary (and thus not compensable)

9    because they happen directly before or after work; however, sometimes these activities are so

10   "integral and indispensable" to the principal activity that the employee is employed to perform

11   that they themselves must be considered to be principal activities themselves.  If these activities

12   are principal activities, their performance will then trigger the beginning and/or end of the

13   continuous workday.

14        The essential element present in the continuous workday cases, but missing from

15   Plaintiffs' legal analysis, is the requirement of chronological necessity.  If Plaintiffs' theory were

16   taken at face value, an employee would be free to reorder and extend the workday at his or her

17   whim.  This cannot be the law.  For example, report-writing arguably meets this instruction's

18   test.  It is a principal activity that the officers are employed to perform.  Suppose an officer's

19   shift ends at 6:00 pm.  Assume that she goes home, eats dinner, watches television, and showers,

20   for a total of two hours, and then writes reports at 8:00 pm until 9:00 pm.  Assuming the report

21   writing is compensable work of which the employer has actual or constructive knowledge, under

22   Plaintiffs' theory, the officer should be compensated for all time through 9:00 pm, including the

23   two hours for which she was not working at all.  This cannot be correct.

24        In *Alvarez* -- the seminal case on this issue -- plaintiffs were employees at a meat packing

25   plant who were required to wear a variety of outer garments and protective equipment.  *IBP, Inc.*

26   *v. Alvarez*, 546 U.S. 21, 30 (2005).  The district court held that donning and doffing of the unique

27   protective gear was integral and indispensable to the employees' work; thus, "consistent with the

28   continuous workday rule . . . for those employees required to don and doff unique protective

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

45

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   gear, the walking time between the locker room and the product floor was also compensable

2   because it occurs during the workday." *Id.* at 31.  The continuous workday rule was created to

3   address exactly this type of factual scenario -- where an activity that would normally not be

4   compensable (i.e., walking prior to the start of shift, excluded from compensation by the Portal-

5   to-Portal Act) *necessarily* must be performed *after* an activity that is rendered compensable by

6   virtue of its "integral and indispensable" relationship to the principal activities for which

7   employees are employed.  The Court in *Alvarez* certainly did not contemplate a regime whereby

8   the continuous workday would begin at any time the employee wished, as long as he or she were

9   engaging in some type of compensable activity.  *See id.*

10          Plaintiffs' instruction is flawed in yet another crucial way.  It presumes -- without a jury's

11  finding of fact -- that a patrol officer's loading of his patrol car at the police station is an integral

12  and indispensable activity that triggers the beginning of the workday.  This is precisely the type

13  of question that needs to go before the jury.  For example, it remains unclear whether such

14  activity is done *before* the beginning of the shift predominately for the employer's benefit (i.e.,

15  compensable), rather than for the employee's own personal convenience (i.e., not compensable).

16          **C.      Alternative Instruction**

17          The City's Supplemental Jury Instruction 317 provides an accurate description of the

18  continuous workday rule and its potential application to this case, should the Court find it

19  necessary to instruct the jury with respect to this principle.

20  **XXIII.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 222**

21          **A.      Instruction Text**

22          **Commencement of Compensable Work Under the FLSA**

23          An activity that benefits the employer and that is necessary to the principal work

24  performed by the employee is a "principal activity" under § 4(a) of the Portal-to-Portal Act and

25  begins the continuous work day which ends on his/her last principal performance.

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

46

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

**B.     Objection(s)**

The City objects to this instruction in its entirety.  Not only is it duplicative of Plaintiffs'

Jury Instruction 221, it suffers from the same flaws discussed in the City's objections to Jury

Instruction 221.  *See* XXII.B, *supra* at 44–46.

**C.     Alternative Instruction**

The City's Supplemental Jury Instructions 305, 306, 314, 315 provide a more accurate

and complete description of the law regarding compensable work time at the beginning or end of

a workday.  Should the Court find it necessary to instruct the jury regarding the application of the

continuous workday rule, the City's Supplemental Jury Instruction 317 provides an accurate

description of the continuous workday rule and its potential application to this case.

**XXIV.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 223**

**A.     Instruction Text**

**Hours Worked-FLSA**

Work performed away from the premises of the job site or at home is compensable if the

employer has knowledge, either actual or constructive, that the work is being performed and the

work directly benefits the employer.

**B.     Objection(s)**

1.     General Objection

Plaintiffs' Jury Instruction 223 is unnecessary and duplicative of Joint Special Jury

Instruction 31 which provides:

**Work Performed Away From Premises**

Plaintiffs have alleged that they performed "work" at home or
other locations at times outside of their scheduled shifts, for which
they have not been compensated.

If you find that Plaintiffs did perform activities at home or other
locations, you must determine: 1) whether such activities were
"work" ([cross-reference work instruction(s)]), and 2) whether the
City "suffered or permitted" the Plaintiffs to perform work at
home.  ([cross-reference "suffered or permitted" instruction(s)).

The joint instruction is a more accurate statement of the law, and properly cross-references the

other instructions upon which it relies to define key legal terms.  The "actual or constructive"

SD\651655.2

47

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   knowledge element in Plaintiffs' Jury Instruction 223 is incorporated into the "suffered or

2   permitted" requirement of Joint Special Jury Instruction 31; the "primarily for the benefit of the

3   employer" element is incorporated into the definition of "work."  *See* City's Supplemental

4   Instruction 305 (defining "work" as: "any (1) 1) physical or mental exertion (whether

5   burdensome or not), (2) controlled or required by the employer, and (3) pursued necessarily and

6   primarily for the benefit of the employer and its business."); City's Supplemental Jury

7   Instructions 307–10 (defining actual and constructive knowledge).  Moreover, Joint Special Jury

8   Instruction 31 is preferable because it requires the jury first to find that the activities performed

9   away from the workplace were, in fact, "work."

10          2.      *". . . work directly benefits the employer."*

11          As with Plaintiffs' Proposed Jury Instructions 214 and 218, Plaintiffs' Proposed Jury

12   Instruction 223 retools the legal standard in an effort to lessen the burden on Plaintiffs, once

13   again fatally omitting  the word "primarily."  The Supreme Court has long defined "work" to

14   include the requirement that it be "pursued necessarily and ***primarily*** for the benefit of the

15   employer and his business."  *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S.

16   590, 598 (1944) (emphasis added); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005).  Plaintiffs'

17   rephrasing of the standard as "work directly benefits the employer," countenances

18   misapprehension by the jury that if the activity performed is of *any* "direct" benefit to the

19   employer, no matter how insignificant, the time is compensable.  This is not the law.  The proper

20   test is whether the employer derives "significant benefit," not whether the employer is the "sole"

21   beneficiary.  *Treece v. City of Little Rock*, 923 F. Supp. 1122, 1125-27 (E.D. Ark. 1996); *see also*

22   *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir. 1976).

23   **C.      Alternative Instruction**

24          Plaintiffs' Proposed Jury Instruction 223 is unnecessary and duplicative of Joint Special

25   Instruction 31, which reflects a more comprehensive and accurate statement of the law.

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

48

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

## XXV.   PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 224

### A.   Instruction Text

**Liberal Application**

The FLSA should be applied liberally in favor of employees.

### B.   Objection(s)

Plaintiffs' Jury Instruction 224 is unnecessary, prejudicial to the City, and addresses a legal issue of statutory construction that is not within the purview of the jury.  The purpose of jury instructions is to provide the jury with statements of the law they are to straightforwardly apply to the facts of the case.  The jury should not be liberally or conservatively construing any legal principles.

### C.   Alternative Instruction

Plaintiffs' Proposed Jury Instruction 224 should be excluded, in its entirety.  No substitute instruction is warranted or appropriate.

## XXVI.   PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 225

### A.   Instruction Text

**De Minimus Pre Shift, Post Shift, or Other Activity**

If you find that [type of activity] should be considered "work," employers are not required to pay for these activities if they take only an insubstantial, or "de minimus," amount of time to complete.  De minimus is a legal term which is used to describe something that is so insubstantial it is unworthy of the law's attention.  The de minimus defense allows Defendant to disregard insubstantial or insignificant periods of time outside of the scheduled work hours, which cannot be precisely recorded for payroll purposes.

Defendant has the burden of proof on this defense and must prove by a preponderance of the evidence that the amount of time spent [type of activity] is not significant enough to require payment under the Fair Labor Standards Act.

In deciding whether Defendant has proven whether the activities at issue here are de minimus, you should consider the following factors:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

49

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1.     The practical administrative difficulty of recording the additional time which is too minuscule;

2.     The aggregate amount of compensable time which, although minimal on a daily basis, amounts to a substantial claim; and

3.     The regularity of the additional work.  In other words, are these activities performed at a fixed time every day? Are they performed at the same location and in the same manner every day? Are they performed within the same amount of time each day?

Not all of these factors need to be proven for you to find that the activities are de minimus. If the balance of factors results in a finding that the time spent [type of activity] is de minimus, the plaintiffs will not be compensated for these activities.

**B.     Objection(s)**

1.     *"Defendant has the burden of proof on this defense and must prove by a preponderance of the evidence that the amount of time spent [type of activity] is not significant enough to require payment under the Fair Labor Standards Act. [¶] In deciding whether Defendant has proven . . ."*

Plaintiffs' Proposed Jury Instruction 225 improperly identifies the City as the bearer of the burden of proof.  To the contrary, *Plaintiffs* must "establish that the hours of work preformed are not de minimis[.]"  *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008) (citing *Bull v. United States (Bull I),* 68 Fed. Cl. 212, 220–21 (2005)).  In other words, Plaintiffs "must show that the time spent engaged in the activity was not so 'insubstantial and insignificant' as to bar recovery under the 'de minimis doctrine.'"  *Id.* at 728 (quoting *Bull I*, 68 Fed. Cl. at 225); *see also Adams v. United States*, 65 Fed.Cl. 217, 232 (2005) (plaintiffs' burden to prove work was not *de minimis* "comports with plaintiffs' burden under the FLSA to prove that compensable work was performed") (citing *Bobo v. United States*, 136 F.3d 1465 (Fed. Cir. 1998)); *Albanese v. Bergen County*, 991 F. Supp. 410, 421–22 (D.N.J. 1997) ("To recover damages for uncompensated hours, employees must show that the amount of hours they worked was not de minimis."); *Falzo v. County of Essex*, 2008 WL 2064811 * 5, No. Civ. A. 03-1922 (JLL) (D.N.J. May 14, 2008) ("In order to recover damages for uncompensated overtime, Plaintiffs bear the burden of proving that the amount of time worked was not de minimus."); *Genarie v. PRD Mgmt.*, 2006

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

50

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   WL 436733 *12, No. Civ. A. 04-2082 (JBS)  (D.N.J. Feb. 17, 2006) ("To recover damages for

2   uncompensated hours, an employee must show that the amount of uncompensated hours the

3   employee worked was not de minimis.").  The City's Supplemental Jury Instruction No. 313

4   provides the proper assignment of burden of proof.

5           2.      *"The practical administrative difficulty of recording the additional time which is too miniscule . . . ."*

6

7           This portion of Plaintiffs' proposed instruction improperly links the practical

8   administrative difficulty prong of the *de minimis* analysis with the amount of time spent in the

9   activity.  However, these are distinct factors to be considered in assessing whether time spent in a

10  particular activity is *de minimis*.  This factor instead takes into account, among other things:

11  (1) Whether there is a "wide variance in the amount of time spent" by different employees to

12  accomplish the same task, *Lindow v. United States*, 738 F.2d 1057, 1063-64 (9th Cir. 1984);

13  *accord Bobo I*, 37 Fed.Cl. at 702 ("[A]mong the plaintiffs who take their dogs on relief breaks,

14  the amount of time that these sessions take is minimal and wide ranging-spanning from five to 15

15  minutes per occurrence.  Creating a reliable system to chart these relief breaks would pose great

16  administrative difficulties to the INS."), *aff'd Bobo II*, 136 F.3d at 1468; and (2) whether "the

17  task of recording the time spent . . . exceed[s] the time expended in performance of the duties,"

18  *New York City Transit*, 45 F.3d at 653; *see also Bull v. United States*, 68 Fed. Cl. 212,

19  226 (2005).  Plaintiffs' proposed instruction improperly conflates these analyses.

20          3.      *"The aggregate amount of compensable time which, although minimal on a daily basis, amounts to a substantial claim . . . ."*

21

22          Plaintiffs' Proposed Jury Instruction 225 omits language necessary for the jury's

23  application of the *de minimis* standard.  As the Ninth Circuit has explained, and as this Court has

24  recognized, although "[t]here is no precise amount of time that may be denied compensation as

25  de minimis . . . . [m]ost courts have found daily periods of approximately 10 minutes de minimis

26  even though otherwise compensable."  *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir.

27  1984); Dkt # 265 (Nov. 9, 2007 Order) at 11.  It would be appropriate to inform the jury of the

28  general parameters of *de minimis* time periods.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

51

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    Plaintiffs' proposed instruction also is objectionable in that it erroneously suggests than

2    the daily time spent on particular activities may be aggregated across the entire pertinent time

3    period.  Again, this does not comport with existing law which analysis whether activities are *de*

4    *minimis* only on a daily basis.  *E.g.*, *Chao v. Tyson Foods, Inc.*, No. 2:02-CV-1174-VEH, 2008

5    WL 2020323 *11 (N.D. Ala. Jan. 22, 2008) (unpublished disposition) (citing and discussing with

6    approval *Lindow*, 738 F.2d at 1062) ("Regardless of the number of employees for whom Plaintiff

7    seeks back wages, or the length of time for which such pay is sought, the proper focus is on the

8    aggregate amount of uncompensated time for each employee per day, not the total number of

9    employees over any length of time. Moreover, any damages will be individual damages and will

10   vary from employee to employee. Thus, it is not appropriate to aggregate the time spent by

11   multiple employees, and it is equally inappropriate to aggregate that time over a period longer

12   than a single workday."); *Bull v. United States*, 68 Fed. Cl. 212, 226 (2005) ("The aggregate

13   amount of compensable time takes into account, 'the amount of time per occurrence dedicated to

14   the activity in question.'") (quoting *Bobo I*, 37 Fed.Cl. at 701 *aff'd Bobo II*, 136 F.3d at 1468);

15   *Nardone v. Gen. Motors, Inc.*, 207 F. Supp. 336, 340 (D.N.J. 1962) (rejecting argument that

16   claims over a two-year period, in the aggregate, defeated *de minimis* defense as

17   "misconstru[ing]" the *de minimis* doctrine, under which "the basic tasks still are in terms of

18   minutes per day").

19       **C.      Alternative Instruction**

20       The City's Supplemental Jury Instruction 313 provides the accurate, and more complete

21   statement of the law concerning whether time spent is *de minimis*.  Aside from the allocation of

22   the burden of proof, and the City's inclusion of language explaining that ten minutes or less may

23   be considered *de minimis*, the rest of the City's instruction is nearly identical to Plaintiffs' and

24   should be used instead of Plaintiffs' Proposed Jury Instruction 225.

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
52   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

XXVII.    **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 226**

A.    **Instruction Text**

**Record Keeping**

Defendant is required to maintain accurate time keeping.  In the employer controlled system, the employer maintains the system for recording employee work time.  The FLSA places the responsibility for making, keeping, and preserving accurate records of the numbers of hours worked by the employees solely upon the employer.

This duty is imposed by law and is neither delegable nor dischargeable.

If the employer delegates to its employees the duty of timekeeping of their hours, then it does so at its own peril.

B.    **Objection(s)**

This is the fifth jury instruction Plaintiffs have offered on the issue of record-keeping. The City objects to Plaintiffs' proposed instruction in its entirety for the same reasons discussed in XI.B, *supra* at 27.

C.    **Alternative Instruction**

To the extent that this instruction is meant to address the records-keeping issue that arises in connection with Plaintiffs' burden of proving the amount and extent of overtime worked, this issue is addressed in the City's Supplemental Jury Instruction 312, discussed in XIV.C, *supra* at 30.

XXVIII.   **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 227**

A.    **Instruction Text**

**Calculations for Unpaid Overtime**

If you find that Plaintiffs were not compensated for overtime work, then you must calculate the back pay owed to Plaintiffs as follows:

1.    Determine the total number of hours of unpaid overtime worked by Plaintiffs in excess of 40 hours in a workweek.  (If you have found that Defendant showed by a preponderance of the evidence that Plaintiff was not engaged in non exempt work for more than 20 percent of his work time during the week, then use 43

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
53  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1                 hours for each week Plaintiff proved its burden.)

2        2.       Determine Plaintiffs rate of pay. _____.

3        3.       Multiply your response from #1 & #2 times 1.5 = _____.

4        4.       Multiply your response from #3 times 2 = _____.  For liquidated

5                 damages.

6        5.       You calculations can go as far back as 3 years prior to the filing of the complaint

7                 to now for willful violation and if they violation was not willful then you may

8                 only go back as far as 2 years prior to the filing of the complaint until now.

9     **B.**     **Objection(s)**

10        1.       General Objection

11     Plaintiffs' Proposed Jury Instruction 227 is unnecessary.  There is no need to provide a

12  separate instruction to the jury regarding the calculation of overtime and liquidated damages

13  because any necessary calculations will be presented to the jury in the special verdict forms.  In

14  contrast to this instruction, the City's Supplemental Jury Instructions 322, 323, 325 & 326

15  provide guidance to the jury regarding the legal basis upon which the jury will make its findings,

16  briefly explaining to the jury that their findings regarding these issues will inform any relevant

17  calculations, which will be performed on the special verdict forms.

18     Additionally, Plaintiffs' Proposed Jury Instruction 227 is incomplete and thus misleading.

19  This proposed instruction addresses § 207(k) (incorrectly, *see* Objection 2, *infra*) and the statute

20  of limitations, but makes no reference to any offsets allowable under § 207(h) of the FLSA.

21  Moreover, this instruction erroneously presumes that Plaintiffs will be entitled to liquidated

22  damages, when in fact such damages will be available only if the Court determines that the City

23  did make a good faith effort to comply with the FLSA.  *See* Objection to Plaintiffs' Proposed

24  Jury Instruction 228, *infra*.

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
54  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

2.    *"Determine the total number of hours of unpaid overtime worked by Plaintiffs in excess of 40 hours in a workweek.  (If you have found that Defendant showed by a preponderance of the evidence that Plaintiff was not engaged in non exempt work for more than 20 percent of his work time during the week, then use 43 hours for each week Plaintiff proved its burden.)"*

The City objects to this portion of Plaintiffs' proposed instruction because it incorrectly suggests that Plaintiffs may be entitled to overtime compensation for hours worked in excess of forty in a work week.  Yet, as discussed *supra* in Objection 4 to Plaintiffs' Jury Instruction 202, this Court has already determined that the City has established a qualifying § 207(k) work period applicable to Plaintiffs.  Thus, Plaintiffs are only entitled to compensation if they can prove that they worked more than three uncompensated overtime hours in a work period.

3.    *"Determine Plaintiffs rate of pay."*

As drafted, this step of Plaintiffs' Proposed Jury Instruction 227 is misleading in that it implies that each Plaintiff will have one rate of pay, and does not take into account the fact that each Plaintiff will have been compensated at a number of different pay rates during various periods of time due to the inclusion of specialty pay, promotions, pay raises, etc.  Moreover, the City believes that the parties will be able to stipulate as to the hourly rates of pay for each Test Plaintiff, which rates will be provided on the special verdict forms for the jury to utilize in their calculations.  In other words, the jury will not be required to "determine" Plaintiffs' rates of pay. If the parties are unable to stipulate to rates of pay for each of the ten Test Plaintiffs, then such issue will properly be presented to *the Court* for determination -- not the jury -- as a motion in limine or other pre-trial motion.

## C.    Alternative Instruction

The City's Supplemental Jury Instructions 322, 323, 325 & 326 pertain to certain calculations the jury may be asked to make, depending upon the jury's factual findings.  No general "calculation" instruction is proposed as an alternative to Plaintiffs' proposed instruction because these calculations will be appropriately included on a special verdict form.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

55

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1  **XXIX.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 228:**

2       **A.     Instruction Text**

3       **Calculations for Unpaid Overtime**

4       The employer has the burden of showing by a preponderance of the evidence that the

5  violation of the FLSA was in good faith and that the employer had reasonable grounds for

6  believing that no violation took place.  Absent that showing, liquidated damages are mandatory.

7       **B.     Objection(s)**

8       The City objects to this proposed instruction because this is not a determination for the

9  jury.  Instead, the FLSA expressly assigns the good faith determination to the Court:

10          [I]f the employer shows to the satisfaction of *the court* that the act
            or omission giving rise to such action was in good faith and that he
11          had reasonable grounds for believing that his act or omission was
            not a violation of the FLSA, *the court may, in its sound discretion*,
12          award no liquidated damages or award any amount thereof not to
            exceed the amount specific in section 216 . . . .
13

14  29 U.S.C. § 260 (emphasis added).

15       **C.     Alternative Instruction**

16       To the extent the Court determines that the jury should be instructed with regard to the

17  City's good faith efforts to comply with the FLSA, the City's Supplemental Jury Instruction 228

18  is a superior alternative to Plaintiffs' proposed instruction.  In particular, the City's instruction

19  contains additional guidance and explanation for the jury regarding the meaning of "good faith,"

20  and the factors the jury may consider in reaching a determination regarding the City's good faith

21  efforts to comply with the FLSA.  This guidance is necessary to enable the jury to make the

22  requisite factual findings underlying the good faith defense.  *See, e.g.*, *Block v. City of Los*

23  *Angeles*, 253 F.3d 410, 420 (9th Cir. 2001); *Featsent v. City of Youngstown*, 70 F.3d 900, 907

24  (6th Cir. 1995); *Hultgren v. County of Lancaster*, 913 F.2d 498, 508–10 (8th Cir. 1990); *Thomas*

25  *v. County of Fairfax*, 758 F. Supp. 353, 368 (E.D. Va. 1991); *Laffey v. Northwest Airlines, Inc.*,

26  567 F.2d 429, 463–65 (D.D.C. 1976); *Kelly v. Ballard*, 298 F. Supp. 1301, 1309 (S.D. Cal.

27  1969).

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
56  DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

# XXX.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 229

## A.     Instruction Text

### Call Back Time—FLSA

Plaintiff who is off shift but is on "call back" (also known as "stand by") is entitled to compensation for the time he/she is on "call back" when the waiting time predominately benefits the employer and when Plaintiff is unable to use the time for his/her own purposes because the conditions placed on his/her activities are so restrictive that he/she cannot use the time effectively.

## B.     Objection(s)

### 1.     General Objection

Plaintiffs' Proposed Jury Instruction 229 is irrelevant to this lawsuit because Plaintiffs have at no time alleged that they engaged in waiting time that predominantly benefited the City and that Plaintiffs were unable to use such time for his or her own purposes because the conditions placed on his or her activities were so restrictive as to prevent effective use of the time.  Nor have Plaintiffs demanded compensation for such "call back" or "stand by" time.  *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and [] a demand for the relief sought . . . .").  Indeed, neither Plaintiffs' numerous iterations of amended complaints, nor any of the hundreds of declarations submitted by Plaintiffs detailing their individual claims, ever alleged compensation was due for  "call back" or "stand by" time.  "There must be a point at which a plaintiff makes a commitment to the theory of its case." *Johnson v. Methodist Medical Center*, 10 F.3d 1300, 1304 (7th Cir. 1993).  Just as "summary judgment is not a procedural second chance to flesh out inadequate pleadings[,]"*Wasco Prods., Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989 (9th Cir. 2006), Plaintiffs cannot now -- through proposed jury instructions -- add a claim that has heretofore never been pleaded.  Plaintiffs' failure to allege any claim for stand-by compensation effectively precluded the City from conducting any discovery on this issue, and likewise prevented the City from moving for judgment on the pleadings or summary judgment on this issue.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
57   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1    Moreover, even if Plaintiffs had pleaded claims for "stand by" time, Plaintiffs' instruction

2    is one-sided and misleading because it omits pertinent language from the regulations.  These

3    regulations -- which specifically apply to law enforcement employees of public agencies under

4    § 207(k) -- provide that on-call time is generally not compensable:

> An employee who is not required to remain on the employer's
> premises but is merely required to leave word at home or with
> company officials where he or she may be reached is not working
> while on call. Time spent at home on call may or may not be
> compensable depending on whether the restrictions placed on the
> employee preclude using the time for personal pursuits. Where, for
> example, a firefighter has returned home after the shift, with the
> understanding that he or she is expected to return to work in the
> event of an emergency in the night, such time spent at home is
> normally not compensable. On the other hand, where the
> conditions placed on the employee's activities are so restrictive
> that the employee cannot use the time effectively for personal
> pursuits, such time spent on call is compensable.

29 C.F.R. § 553.221(d).  Plaintiffs' proposed instruction incorporates only the last sentence

which speaks to the limited scenario in which on-call time would be compensable.  Likewise,

Plaintiffs' instruction fails to incorporate the second half of 29 C.F.R. § 785.17, which states:

"An employee who is not required to remain on the employer's premises but is merely required

to leave word at his home or with company officials where he may be reached is not working

while on call."  29 C.F.R. § 785.17; *see also Bright v. Houston NW Med. Center Survivor, Inc.*,

934 F.2d 671, 677–78 (5th Cir. 1991) (recognizing that being able to effectively use time for

employee's own purposes "does not imply that the employee must have substantially the same

flexibility or freedom as he would if not on call, else all or almost all on-call time would be

working time, a proposition that the settled case law and the administrative guidelines clearly

reject") (citations and quotations omitted); *Berry v. County of Sonoma*, 30 F.3d 1174 (9th Cir.

1994) (same); *Owens v. Local No. 169*, 971 F.2d 347, 350 (9th Cir. 1992) ("cases dealing with

this question have looked at two predominant factors: (1) the degree to which the employee is

free to engage in personal activities 6; and (2) the agreements between the parties").

    The single case cited by Plaintiffs also does not support their proposed instruction.  To

the contrary, in *Dinges v. Sacred Heart St. Mary's Hospitals, Inc.*, 164 F.3d 1056 (7th Cir.

LATHAM&WATKINS LP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
58   DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   1999), the court -- citing favorably to the implementing regulations in full -- affirmed the district

2   court's holding that the plaintiffs' stand-by time was not compensable.

3                    2.      *"Call back"*

4         Plaintiffs' Proposed Jury Instruction 229 is apt to confuse the jury because of its use of

5   the term "call back," instead of "on call" as used in the regulations.  *See* 29 C.F.R.

6   §§ 553.221(d), 785.17.  In Plaintiffs' MOU, "call back" refers to instances where "[a]n employee

7   who has been released from work and has left the work premises" is "called back to duty from

8   home or any other non-work locations."  MOU Art. 29.  In such instances, the MOU provides

9   that the employee "shall . . . be paid for the reasonable estimate of the time required to travel

10  from and to his/her residence and the work areas and for the time actually worked.  The total

11  time of call-back pay, including travel time, shall not be less than four (4) hours."  *Id.*  Use of the

12  term "call back" is unnecessary and confusing, and if an instruction is offered it should use the

13  terms "on call" or "stand by."

14  **C.      Alternative Instruction**

15        The City has not proposed an alternative instruction because, for the reasons discussed

16  above, no instruction on this subject is warranted.  However, if this Court is inclined to include

17  an instruction on stand by compensation, the City suggests that the instruction employ the

18  language of the implementing regulations:

19              An employee who is not required to remain on the employer's
            premises but is merely required to leave word at home or with
20          company officials where he or she may be reached is not working
            while on call. Time spent at home on call may or may not be
21          compensable depending on whether the restrictions placed on the
            employee preclude using the time for personal pursuits. Where, for
22          example, a [police officer] has returned home after the shift, with
            the understanding that he or she is expected to return to work in the
23          event of an emergency in the night, such time spent at home is
            normally not compensable. On the other hand, where the
24          conditions placed on the employee's activities are so restrictive

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
59 DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS

1   that the employee cannot use the time effectively for personal
    pursuits, such time spent on call is compensable.

2

3   **Authority**:  29 C.F.R. § 553.221(d) (example modified from "firefighter" to "police officer"); 29

4   C.F.R. § 785.17.

5

6   Dated:  October 6, 2008                    LATHAM & WATKINS LLP
                                               Office of the City Attorney
7                                              George Schaefer, Deputy City Attorney

8

9                                              By:  /s/ Colleen C. Smith
                                                    Colleen C. Smith
10                                                  colleen.smith@lw.com
                                               Attorneys for Defendant the City of San Diego
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\651655.2

60

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS
TO PLAINTIFFS' SUPPLEMENTAL INSTRUCTIONS