```
 1  Peter H. Benzian (Bar No. 47456)
    Colleen C. Smith (Bar No. 231216)
 2  Michael P. Pulos (Bar No. 246474)
    Aryn P. Thomas (Bar No. 247989)
 3  LATHAM & WATKINS LLP
    600 West Broadway, Suite 1800
 4  San Diego, California  92101-3375
    Telephone:  (619) 236-1234
 5  Facsimile:   (619) 696-7419

 6  George F. Schaefer (Bar No. 139399)
    Deputy City Attorney
 7  Office of the City Attorney
    1200 Third Avenue, Suite 1100
 8  San Diego, California  92101-4100
    Telephone:  (619) 533-5800
 9  Facsimile:   (619) 533-5856

10  Attorneys for Defendant
    City of San Diego
11
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ABBE, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)<br><br>DEFENDANT'S MOTION *IN LIMINE* TO: (1) PROHIBIT PLAINTIFFS FROM APPEARING IN COURT ON-DUTY AND/OR IN UNIFORM; AND (2) EXCLUDE REFERENCES REGARDING DEFENSE WITNESSES TESTIFYING WHILE ON-DUTY<br><br>**(Motion *in Limine* No. 1 of 16)**<br><br>Date:     December 19, 2008<br>Time:    1:30 p.m.<br>Judge:   Hon. Dana M. Sabraw<br>Ctrm:    10<br>Trial:     January 5–30, 2009 |

LATHAM&WATKINS<sup>LLP</sup>   SD\653924.4
ATTORNEYS AT LAW
SAN DIEGO

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* RE:
WITNESSES IN UNIFORM AND/OR ON-DUTY

I. INTRODUCTION

As part of its defense, Defendant the City of San Diego anticipates calling a number of witnesses who are employed by the San Diego Police Department ("SDPD"), but who are not parties to this litigation. These individuals have been previously identified in the City's Initial and Supplemental Rule 26 Disclosures. As required by various laws and statutes, the City is obligated to provide these witnesses with paid leave or to permit these witnesses to appear in court while on-duty. In contrast, the City is precluded from providing Plaintiffs with paid leave, or otherwise compensating Plaintiffs for time spent participating in this lawsuit. Accordingly, Plaintiffs may only appear in court while off-duty. While non-party witnesses may have to appear in court while on-duty, and may thus choose to appear in uniform, Plaintiffs' MOU prohibits their appearance in public in full uniform while off-duty. Reference to these facts -- which are dictated by law and contract -- during trial should be prohibited as such facts are irrelevant to the claims that will be tried, would confuse the jury, cause undue prejudice, and waste the Court's, the jury's, and the parties' time.

II. ARGUMENT

    A. **The City Is Required to Pay Employees Called as Non-Party Witnesses for Time Spent Testifying**

Pursuant to the California Government Code Section 1230, employers may grant paid leaves of absence to employees who must "appear as a witness in court *other than as a litigant*." Cal. Gov't Code § 1230 (emphasis added); *see also id.* § 1230.1. *See generally County of Kern v. Ginn*, 146 Cal. App. 3d 1107, 1112 (1983) (rejecting contention "county can only appear through its employees" and holding that where "governmental litigants [] are required to call certain of their employees as witnesses when those employees have no personal interest in the outcome of the litigation[,]" witness fees and mileage reimbursement are taxable costs). Salaried employees of the City of San Diego who are required to appear in court as witnesses, but who are not parties to the action, must be compensated for such court time through paid leave. *See* San Diego Municipal Code § 23.1110 ("An employee, other than one paid on an hourly basis, who is required by court order to serve as a juror, or as a witness who is not a party to a court

LATHAM&WATKINS<sup>LLP</sup>  SD\653924.4
ATTORNEYS AT LAW
SAN DIEGO

1

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* RE:
WITNESSES IN UNIFORM AND/OR ON-DUTY

1  action, shall be granted leave for such purpose upon presentation of proof of the period of his
2  required attendance to the appointing authority and the Personnel Director.  The employee shall
3  receive full pay for the time he serves on court duty.  Request for such leave shall be made upon
4  leave of absence forms.").  Hourly employees who are required to appear in court during
5  otherwise off-duty hours are compensated with overtime pay, with minimum compensation of
6  four hours.  Declaration of Aryn Thomas, Ex. 1 (MOU Art. 30).  Employees who are named as
7  defendants for acting within the scope of their employment are likewise compensated for
8  participation in the court proceedings.

### B.  The City Is Precluded from Paying Plaintiffs for Time Spent Testifying

The corollary of the above provisions is that litigants -- such as Plaintiffs -- may not be paid wages, or granted paid leave for participating in court as a witness to a lawsuit they themselves initiated.  Such an outcome is supported by the rule that "expenditure of public funds is regulated solely by constitutional and statutory provisions and must be confined to public purposes."  *Albright v. City of South San Francisco*, 44 Cal. App. 3d 866, 869–70 (1975).  "An expenditure of municipal funds is permitted only '. . . where it appears that the welfare of the community and its inhabitants is involved and . . . benefit results to the public.' "  *Id*.  Expenditures of public funds that "involve a benefit to private persons" but are not "expended for a public purpose," are considered gifts of public money prohibited by the state Constitution.  California Constitution Article XVI, section 6 ("The Legislature shall have no power . . . to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever[.]"); *Cal. Employment Stabilization Comm. v. Payne*, 31 Cal. 2d 210, 216 (1947).

Here, Plaintiffs' lawsuit seeks compensation allegedly owed to Plaintiffs.  Expenditure of municipal funds in this instance -- through payment of wages or paid leave to Plaintiffs for time spent participating in the court proceedings -- does not involve the "welfare of the community" or its inhabitants, and no benefit will result to the public.  *See Albright*, 44 Cal. App. 3d at 869–70.  To the contrary, payment of wages to Plaintiffs for time spent in court participating in the prosecution of a private lawsuit would be to the public's detriment for either the City would be

1  required to pay overtime compensation at taxpayer expense to additional officers to perform
2  what would otherwise be Plaintiffs' watch duties, or there would be fewer officers performing
3  law enforcement duties during the designated watch.

      **C.    Plaintiffs May Not Appear in Court in Uniform**

Because, as demonstrated above, Plaintiffs' court appearances will necessarily occur while they are off-duty, Plaintiffs may not appear in uniform. At a minimum, Plaintiffs must wear "cover" -- such as a jacket or sweater -- over their uniform shirt, pursuant to Department policy prohibiting officers from appearing in public in full uniform while off-duty. *See* City's Reply SSUF ISO City's MSJ [part 4 of 5] (Dkt # 226) at 18–21, ¶ 83 (citing Uniform Specifications Manual).

      **D.    Any Reference to Witnesses' Duty Status and Attire Should Be Excluded**

           **1.    Duty Status and Attire of Witnesses Are Irrelevant**

Relevant evidence is evidence that is both material and probative. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. For evidence to be material, it must bear upon a fact that is of consequence to a claim at issue. Fed. R. Evid. 401. For evidence to be probative, it must make the existence of a material fact more or less probable. *Id*. Evidence that pertains solely to claims or issues other than those that remain in controversy is, by definition, immaterial to the proceeding and thus irrelevant and inadmissible pursuant to Federal Rule of Evidence 402.

Here, reference to the fact that non-party SDPD witnesses may be on duty and in uniform while testifying, or may otherwise be compensated for the time spent testifying, while Plaintiffs may not testify while on-duty or paid leave, or while in full uniform, is immaterial to Plaintiffs' claims in this action, which concern alleged overtime work performed but not compensated. Such facts are of no consequence and reference to such facts should be excluded.

           **2.    Reference to the Duty Status and Attire of Witnesses Would Be a Waste of Time**

Even if this Court were to determine that the foregoing facts are somehow relevant to Plaintiffs' claims, reference to such facts should nevertheless be excluded under Rule 403, for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\653924.4

3

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* RE:
WITNESSES IN UNIFORM AND/OR ON-DUTY

the value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In particular, such commentary or evidence would waste valuable time. It might also confuse the jury, as they might wonder what significance to attribute to these facts -- when such facts are of no significance to the actual claims at issue.

## III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant this Motion *in Limine* to prohibit Plaintiffs from making any reference to the fact that non-Plaintiff SDPD witnesses may be on-duty and in uniform, or otherwise receiving compensation as required by law, while Plaintiffs may not appear on-duty or in full uniform.

Dated:  December 5, 2008          LATHAM & WATKINS LLP


By: /s/ Colleen C. Smith
    Colleen C. Smith
    colleen.smith@lw.com
Attorneys for Defendant the City of San Diego

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\653924.4

4

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* RE:
WITNESSES IN UNIFORM AND/OR ON-DUTY