1  Peter H. Benzian (Bar No. 47456)
   Colleen C. Smith (Bar No. 231216)
2  Michael P. Pulos (Bar No. 246474)
   Aryn P. Thomas (Bar No. 247989)
3  LATHAM & WATKINS LLP
   600 West Broadway, Suite 1800
4  San Diego, California  92101-3375
   Telephone:  (619) 236-1234
5  Facsimile:   (619) 696-7419

6  George F. Schaefer (Bar No. 139399)
   Deputy City Attorney
7  Office of the City Attorney
   1200 Third Avenue, Suite 1100
8  San Diego, California  92101-4100
   Telephone:  (619) 533-5800
9  Facsimile:   (619) 533-5856

10 Attorneys for Defendant
   City of San Diego

11

12                     UNITED STATES DISTRICT COURT

13                   SOUTHERN DISTRICT OF CALIFORNIA

14

15 MARCUS ABBE, *et al*.                  NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

16
                              Plaintiffs,    DEFENDANT'S MOTION *IN LIMINE* TO
17                                           EXCLUDE EVIDENCE OF ISSUES AND
                                             CLAIMS NOT LISTED IN PLAINTIFFS'
18        v.                                 FIFTH AMENDED COMPLAINT OR
                                             OTHERWISE NOT IN CONTROVERSY
19
   CITY OF SAN DIEGO,                        **(Motion *in Limine* No. 2 of 16)**
20
                              Defendant.     Date:     December 19, 2008
21                                           Time:     1:30 p.m.
                                             Judge:    Hon. Dana M. Sabraw
22                                           Ctrm:     10
                                             Trial:    January 5–30, 2009
23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO
                SD\658110.4

I.      INTRODUCTION

Defendant the City of San Diego ("City") anticipates that Plaintiffs will attempt to introduce evidence of claims or issues not contained in the operative complaint, or that already have been summarily adjudicated in the City's favor.  As an example, Plaintiffs have submitted a proposed jury instruction regarding overtime compensation for "standby time," which they never presented as a claim or issue in the Fifth Amended Complaint (or any of the preceding complaints).  Plaintiffs also have indicated through their proposed jury instructions and memoranda of contentions of fact and law that they intend to introduce evidence at trial pertaining to several claims and issues that already have been decided by this Court.

The Court should exclude evidence of issues and claims outside the pleadings or pertaining solely to issues already adjudicated because such evidence is irrelevant and/or more prejudicial than probative.  The City fully expects to object at trial to any evidence that is not within the issues raised in the pleadings, and hereby does object to the newly raised claim for "standby time" because evidence of the new claims would be prejudicial to the City.

II.     ARGUMENT

A.      Evidence Supporting Claims and Issues Already Adjudicated Should Not Be Admitted

All evidence pertaining solely to claims and issues that already have been adjudicated should be excluded as moot, irrelevant, and substantially more prejudicial than probative.  Fed. R. Evid. 402, 403; *see also*, *e.g.*, *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Sea-Land Serv. (Pac. Div.) v. Int'l Longshoremen's & Warehousemen's Union*, 939 F.2d 866, 870 (9th Cir. 1991).  Courts regularly grant motions *in limine* to exclude evidence and argument relating to issues that have already been decided.  *See*, *e.g.*, *SCO Group, Inc. v. Novell, Inc.*, No. 04-CV-139 (DAK), 2007 WL 2684537, *8–9  (D. Utah Sept. 07, 2007) (unpublished order) ("The court . . . cautions both parties that they are not to rehash issues that have already been decided . . . . To the extent that [Plaintiff] is continuing to argue positions contrary to the court's order, [Defendant's] Motion in Limine No. 1 is granted."); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\658110.4

1

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT

1   05-70804, 2007 WL 1834714, *7 (E.D. Mich. June 25, 2007) (unpublished order) ("As a result

2   of the Court's prior finding, the Court holds that Defendant is preclud[ed] from offering any

3   evidence or argument [on that issue].")

4          The issues and claims no longer in controversy include:  (1) whether time spent donning

5   and doffing the police uniform and safety gear is compensable as overtime; (2) the applicability

6   of a partial exemption to the Fair Labor Standards Act ("FLSA") under 29 U.S.C. § 207(k) to

7   Plaintiffs' claims;[1] (3) the City's eligibility to apply 29 U.S.C. § 207(h) offsets; (4) Plaintiffs'

8   Fourth Claim for Relief for violations of 29 U.S.C. § 207(*o*); and (5) Plaintiffs' Second Claim for

9   Relief for breach of contract.  Nov. 9, 2007 Order Granting in Part City's Motion for Partial

10  Summary Judgment (Dkt # 265); *see also* Feb. 4, 2008 Order Denying Plaintiffs' Amended

11  Motion for Reconsideration (Dkt # 288); Aug. 19, 2008 Order Granting City's Motion for

12  Summary Judgment (Dkt # 491).  Accordingly, evidence that goes solely to the donning and

---

13

14  [1]      The question whether Plaintiffs are "law enforcement" employees -- a necessary
    prerequisite to the applicability of § 207(k) -- also has already been determined by this Court.
15  Under 29 C.F.R. § 553.212, "[t]he performance of . . . nonexempt work will not defeat . . . the
    section . . . 7(k) exemption[] *unless* it exceeds 20 percent of the total hours worked by that
16  employee during the workweek or applicable work period."  (emphasis added).  Thus, in order to
    find that § 207(k) applied to Plaintiffs, the Court necessarily determined that Plaintiffs were
17  "employees engaged in . . . law enforcement activities" consistent with Department of Labor
    regulations.  Notably, this issue was addressed in the City's summary judgment papers and
18  Plaintiffs did not dispute the issue at that time.  *See* Dkt # 152-1 (City's Motion for Summary
    Judgment, filed July 20, 2007) at 31 n.31.

19          Moreover, that Plaintiffs are in fact "law enforcement" employees is undisputable.
    Plaintiffs are law enforcement employees because they all:  (1) are or were "uniformed or
20  plainclothed member[s] of a body of officers and subordinates who are empowered by State
    statute or local ordinance to enforce laws designed to maintain public peace and order and to
21  protect both life and property from accidental or willful injury, and to prevent and detect
    crimes"; (2) have or had "the power to arrest"; and (3) are "presently undergoing or has
22  undergone or will undergo on-the-job training and/or a course of instruction and study which
    typically includes physical training, self-defense, firearm proficiency, criminal and civil law
23  principles, investigative and law enforcement techniques, community relations, medical aid and
    ethics."  29 C.F.R. § 553.211(a).  Indeed, because Plaintiffs are "engaged in law enforcement,"
24  they "are considered to be engaged in law enforcement activities . . . ***regardless of their
    assignment to duties incidental to the performance of their law enforcement*** activities such as
25  equipment maintenance, and lecturing, or to support activities of the type described in paragraph
    (g) of this section, whether or not such assignment is for training or familiarization purposes, or
26  for reasons of illness, injury or infirmity."  29 C.F.R. § 553.211(b) (emphasis added).  To date,
    Plaintiffs have failed to identify a single case applying the so-called "80/20 rule" to sworn police
27  officers that concludes they are not "law enforcement" employees for purposes of § 207(k).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\658110.4

2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT

doffing of uniform and safety gear, to the applicability of the § 207(k) exemption, to the City's

eligibility to §207(h) offsets, to the SDPD's compensatory time off program, or to Plaintiffs'

allegations concerning breach of the MOU, is irrelevant and should be excluded.  Fed. R. Evid.

401 (relevant evidence must be material and probative); Fed. R. Evid. 402 (irrelevant evidence is

not admissible).  Those issues are now moot.  *See Powell*, 395 U.S. at 496; *Sea-Land Serv.*, 939

F.2d at 870.

       In addition to being irrelevant, evidence pertaining solely to claims already adjudicated is

very likely to confuse the jury about what issues actually are in controversy.  *See*, *e.g.*, *Caparotta*

*v. Entergy Corp.*, 168 F.3d 754, 755-58 (5th Cir. 1999) (abuse of discretion to allow parties to

introduce evidence surrounding the destruction of records after the trial court had already

concluded the records were destroyed inadvertently and it was not apparent to which other issue

the evidence was relevant).  Furthermore, any evidence Plaintiffs seek to admit on these issues --

upon which the City already has prevailed -- is likely to be adverse to the City, which means that

the jury will be exposed to irrelevant evidence that hurts the City's case.  Evidence relevant to

issues already decided has little or no probative value but certainly risks tainting the jury's view

of the City.  Because evidence pertaining to the claims the City already prevailed on has little or

no probative value and would be quite prejudicial, it also should be excluded.  Fed. R. Evid. 403

(court has discretion to exclude evidence if "its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

    **B.**    **Evidence of Claims or Issues Not Alleged in the Complaint Should Not Be**
            **Admitted**

       The issues that do remain in controversy concern whether Plaintiffs should receive

compensation for:  (1) time spent preparing for, participating in and performing certain pre-shift

and post-shift activities, and (2) time spent performing certain activities at home or in other off-

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\658110.4

3

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT

1   site locations while off-duty.[2]  Additionally, if the jury finds that Plaintiffs should receive

2   compensation for any of those activities, the jury will also be asked to determine whether the

3   City's failure to compensate Plaintiffs for such time was a willful violation of the FLSA.

4   Plaintiffs should be limited to presenting evidence that pertains to these issues, and the Court

5   should not allow them to introduce evidence of claims or issues not alleged in the complaint

6   because such evidence is irrelevant and could be highly prejudicial.

7          Evidence pertaining to issues not alleged in the complaint is not relevant to the

8   controversies at hand and should be excluded.  Fed. R. Evid. 402.  Moreover, evidence that

9   primarily relates to claims or issues not in the operative complaint or otherwise fully adjudicated

10  is of -- at best -- minimal probative value and should not be admitted under Rule 403.  First, this

11  evidence can easily confuse the jury as to the actual claims and issues that are still in

12  controversy.  *See*, *e.g.*, *Hathaway v. Coughlin*, 99 F.3d 550, 555 (2d Cir. 1996) (excluding

13  evidence that would have confused the jury as to which issue was the basis of negligence claim).

14  Second, evidence of claims or issues not in controversy unduly prejudices the City by suggesting

15  the jury should find guilt based on prior, separate bad acts without giving the City proper notice

16  that it would be accused of such acts and thereby preventing the City from engaging in

17  appropriate discovery to defend itself from these accusations.  *See*, *e.g.*, *Morgan v. City of*

18  *Marmaduke*, 958 F.2d 207, 210 (8th Cir. 1992) (evidence of acts remote and dissimilar to the

19  claims is unduly prejudicial).  Third, because Plaintiffs should have other, direct evidence of the

20  facts in contention, evidence that primarily relates to claims or issues not in controversy is likely

21  to be cumulative and unduly delay the proceedings.  *See*, *e.g.*, *Wyninger v. New Venture Gear*,

22  _____

23  [2]      Plaintiffs continue to allege that they are owed compensation for missed meal breaks,
    despite the fact that it is undisputed that Plaintiffs already received payment for such time as part
24  of compensation for a ten-hour shift.  Plaintiffs also continue to allege that they are entitled to
    additional compensation for court preparatory time, including time spent traveling to and from
25  court, despite the fact that Plaintiffs' are compensated for court and related preparation by the
    MOU, and notwithstanding established law rendering this travel time non-compensable.
26  Plaintiffs also claim compensation for time spent cleaning and maintaining their uniforms, all of
    which are not compensable under the FLSA.  These issues are addressed in the City's Motion *in*
27  *Limine* Number 9 of 16, filed concurrently herewith.

28

LATHAM&WATKINS LLP   SD\658110.4
ATTORNEYS AT LAW
SAN DIEGO

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT

1   *Inc.*, 361 F.3d 965, 975 (7th Cir. 2004) (in a discrimination action, no abuse of discretion in

2   excluding evidence of a separate discrimination allegation by another employee that was

3   contested because (a) it had minimal probative value as to the present allegation, and (b) since it

4   was contested, it would have effectively resulted in a "case within a case").

5          Furthermore, discovery has long been closed, and allowing Plaintiffs to raise new claims

6   now would prejudice the City by depriving it of the opportunity to conduct appropriate

7   discovery.  Re-opening discovery does not solve the problem because doing so would

8   significantly delay trial and the ultimate resolution of this case while subjecting the City to an

9   expensive and time-consuming investigative period, all regarding claims and issues which easily

10  could have been included in one of the earlier complaints.  *See Solomon v. N. Am. Life & Cas.*

11  *Ins. Co.*, 151 F.3d 1132, 1138-39 (9th Cir. 1998) (upholding district court's refusal to allow

12  amendment to add new claim two weeks before close of discovery).  "Somewhere along the line,

13  the rights of the defendants to be free from costly and harassing litigation must be considered."

14  *Mitchell v. Branham,* No. 04CV550 WQH, 2007 WL 4537229, *5 (S.D. Cal. Dec. 18, 2007)

15  (unpublished order) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Co.*, 442 F.2d

16  1047, 1054 (9th Cir. 1971)).  On the other hand, if the amendment was allowed and discovery

17  was not reopened, the City would be prejudiced by being forced to defend against the newly-

18  added claims without the opportunity to fully investigate their factual basis.  Moreover, Plaintiffs

19  have already filed *five* different amended complaints.  Plaintiffs have had ample -- indeed,

20  extensive -- opportunity to cure any deficiencies in the pleading.  Tardy claims further prejudice

21  the City by denying it the opportunity to challenge those claims by motion and, instead, forcing a

22  trial without time to develop and prepare defenses.

23          Just like the standby time claim, any other claim not previously alleged would prejudice

24  the City for the same reasons.  Therefore, the City anticipates that it will object to any additional

25  evidence pertaining to issues outside the scope of the pleadings.  As a result of these factors, and

26  most especially to avoid significant and undue prejudice to the City, the Court should reject any

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\658110.4

5

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT

1   attempt by the Plaintiffs to amend the complaint yet again at this late date to add new claims or

2   issues not raised in the Fifth Amended Complaint.

3   **III.     CONCLUSION**

4          For the foregoing reasons, the City respectfully requests that this Court grant this Motion

5   *in Limine* to exclude all evidence pertaining to claims or issues not raised in Plaintiffs' Fifth

6   Amended Complaint or otherwise fully adjudicated.

7

8   Dated:  December 5, 2008                    LATHAM & WATKINS LLP

9

10                                              By:  /s/ Colleen C. Smith

11                                                   Colleen C. Smith
                                                     colleen.smith@lw.com
12                                              Attorneys for Defendant the City of San Diego

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\658110.4

6

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ISSUES NOT ALLEGED IN
COMPLAINT