Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

George F. Schaefer (Bar No. 139399)
Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ABBE, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)<br><br>DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY AND EXPERT REPORT BY PLAINTIFFS' EXPERT OLIVER LEE DRUMMOND<br><br>**(Motion *in Limine* No. 4 of 16)**<br><br>Date: December 19, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Dana M. Sabraw<br>Ctrm: 10<br>Trial: January 5–30, 2009 |

## I. INTRODUCTION

Pursuant to Rule 26(a)(2), expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial," or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(C). Accordingly, the final deadline for Plaintiffs to designate expert witnesses was October 8, 2008, and the deadline for Plaintiffs to disclose rebuttal expert testimony was May 25, 2008.[1]

Plaintiffs collectively have disclosed one expert, Oliver Lee Drummond, and submitted one expert report -- the "Expert Report of Oliver L. Drummond -- Abbe, et al., v. City of San Diego," filed December 4, 2007. (Dkt # 266, Ex. A). In this disclosure, Plaintiffs purported to identify the following subject matters for Mr. Drummond's testimony:

(1) police training in overtime policies, rules, and regulations;

(2) uniform requirements and safety gear;

(3) safety and health issues related to police officer uniforms and safety gear;

(4) donning and doffing of police uniforms and safety gear;

(5) police officer uniform and safety gear and effect on the public, e.g., "command presence";

(6) cultural aversions within police departments regarding the submission for certain types of overtime;

(7) police department methods to facilitate overtime submissions and communication regarding policies and procedures.

Plaintiffs' Expert Disclosure (Dkt # 266) at 1.

Mr. Drummond should be precluded from testifying as an expert witness on the ground that Mr. Drummond has not stated any opinions or conclusions that are relevant to the issues to be tried. First, although Mr. Drummond purported to state opinions and conclusions as to

---

[1] The City disclosed its testifying expert witnesses James Nunn and Carey Mack on April 25, 2008. The City also designated Patrick Kennedy as an expert witness; however, the City will not call Mr. Kennedy to testify at trial.

subjects (2) through (5), because these subjects are not relevant to the claims to be tried, his opinions and conclusions on these subjects are inadmissible. Second, because Mr. Drummond did not address subjects (1), (6), or (7) in his expert report, he is precluded from testifying at trial as to these subjects. For these reasons, the City moves to exclude Mr. Drummond's expert report and his proposed testimony at trial.

## II. ARGUMENT

Mr. Drummond's expert report and testimony should be excluded from trial in its entirety. Much of Mr. Drummond's proposed testimony relates to matters no longer relevant to the trial. As to the remaining subject matters Plaintiffs have identified, Mr. Drummond has not discussed those subjects in his expert report. For these reasons, Mr. Drummond's report and testimony should be excluded from trial.

### A. Expert Testimony Regarding Donning and Doffing Is Irrelevant and Thus Inadmissible

To be admissible, evidence or testimony must be relevant. Fed. R. Evid. 401. Expert testimony is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (holding that *Daubert* applies to testimony based on technical and other specialized knowledge). Because Mr. Drummond has not supplied any opinions or conclusions on any topics relevant to the claims to be tried, his testimony should be excluded in its entirety.

Specifically, subject matters (2) through (5), as identified by Plaintiffs, pertain exclusively to whether donning and doffing of uniforms and equipment are compensable activities. Because this Court already has determined that these activities are not compensable, Nov. 9, 2007 Order (Dkt # 265) at 11–12, testimony on these subject matters is irrelevant and thus inadmissible. Simply put, Mr. Drummond's "opinions and conclusion on police uniforms, equipment and safety issues" have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . . ." Fed. R. Evid. 401.

Nor will Mr. Drummond's opinions on these matters "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Daubert*, 409 U.S. at 589; *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 n.7 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003) ("Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702."). Here, Mr. Drummond's testimony regarding uniforms or equipment would not be "helpful" to the jury; on the contrary, testimony concerning these subjects -- which already have been adjudicated -- would confuse and mislead the jury, resulting in an inefficient and unproductive trial. *See* Fed. R. Evid. 403. Because this evidence is demonstrably irrelevant, and irrelevant evidence is inadmissible, Mr. Drummond should be precluded from testifying as to subjects (2) through (5).

**B. Expert Testimony Regarding Subject Matters that Are Not Discussed in the Expert's Report Should Be Excluded**

Rule 26 requires a party to disclose the identity of any expert witnesses it intends to call at trial, and to submit an expert report prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(A), (B). "The report must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). As a consequence, Mr. Drummond may only testify at trial to the expert opinions or conclusions identified in his December 4, 2007 report. Fed. R. Civ. P. 26(a)(2)(B)(i); *see also* Notes of Adv. Comm. on 1993 Amend. to Fed. R. Civ. P. 26. Because Mr. Drummond's report does not contain any opinions or conclusions with regard to subjects (1), (6), or (7), he is not permitted to testify with regard to those subjects.[2]

---

[2] Plaintiffs have indicated that they will move *in limine* to exclude the supplemental expert report of Defendant's damages expert, Mr. Cary Mack. However, there are no grounds for excluding Mr. Mack's supplemental report -- which will be timely produced by December 8, 2008. In fact, the City has a duty to supplement Mr. Mack's initial report. Fed. R. Civ. P. 26(d)(1)(A) (party must supplement expert report upon "learn[ing] that in some material respect the information disclosed is incomplete . . . .").

Moreover, because Plaintiffs only recently provided any damages calculations (though the City disputes the adequacy of these purported disclosures), Mr. Mack was previously unable to evaluate such damages. *See, e.g.*, *103 Investors I, L.P. v. Square D. Co.*, 372 F.3d 1213 (10th

Mr. Drummond's "Expert Opinions and Conclusions" pertain entirely to uniforms and equipment, including security, safety, and health considerations of bringing uniforms and equipment home, and examples of two incidents Mr. Drummond attributes to donning and doffing at home. *See* Drummond Expert Report (Dkt # 266, Ex. A) at 5–11. As mentioned above, these issues are no longer relevant to the trial. Absent from Mr. Drummond's report are *any* opinions or conclusions regarding police training in overtime policies, rules, and regulations (subject 1); cultural aversions within police departments regarding the submission for certain types of overtime (subject 6); police department methods to facilitate overtime submissions and communication regarding policies and procedures (subject 7); or any other issues.

The Federal Rules require a "complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i); *see also* Notes of Adv. Comm. on 1993 Amend. to Fed. R. Civ. P. 26 ("Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor."). As the Advisory Committee notes explain, "the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness." *Id.*

Because Mr. Drummond has not provided any statement of opinion or conclusion regarding subjects (1), (6), or (7), his report does not contain any information "reflect[ing] testimony to be given" on these subjects. Accordingly, Mr. Drummond should be precluded from testifying on these subjects. *See ABB Air Preheater v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) ("Compliance with Rule 26(a)(2) is thus a condition precedent to the use of expert testimony at trial."); *see also* Notes of Advisory Committee on 1993 Amendments to Fed. R. Civ. P. 26 ("The information disclosed under the former rule in

---

Cir. 2004) (holding that expert could not have been expected to file rebuttal report prior to receiving report he was to rebut); *Gray v. United States*, No. 05-cv-1893-J-BLM, 2007 WL 4644736, *2–3 (S.D. Cal. Mar. 12, 2007) (unpublished order) (denying plaintiff's motion *in limine* to exclude "late" supplemental expert report because late submission was "harmless," where materials on which report was based were received after the deadline and supplemental report was submitted within the thirty days provided by Rule 26(a)(2)(C) for rebuttal evidence).

answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) and revised Rule 702 of the Federal Rules of Evidence provide an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.").

## III. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant this Motion *in Limine* to exclude the report and testimony of Plaintiffs' designated expert, Oliver Lee Drummond.

Dated: December 5, 2008

LATHAM & WATKINS LLP

By: /s/ Colleen C. Smith
Colleen C. Smith
colleen.smith@lw.com
Attorneys for Defendant the City of San Diego