Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

George F. Schaefer (Bar No. 139399)
Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARCUS ABBE, *et al.*

Plaintiffs,

v.

CITY OF SAN DIEGO,

Defendant.

NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGES NOT VOLUNTARILY DISCLOSED PURSUANT TO RULE 26

**(Motion *in Limine* No. 6 of 16)**

Date: December 19, 2008
Time: 1:30 p.m.
Judge: Hon. Dana M. Sabraw
Ctrm: 10
Trial: January 5–30, 2009

# I. INTRODUCTION

Plaintiffs should not be permitted to present evidence regarding any claimed damages that they have not voluntarily disclosed under Federal Rule of Civil Procedure 26. Rule 26(a)(1)(A)(iii) *requires* a party to disclose "a computation of each category of damages claimed . . . ." Accordingly, Defendant the City of San Diego requests the Court enter an order excluding any evidence of claimed uncompensated overtime damages that was not disclosed to the City as required by Rule 26. Instead, Plaintiffs should be permitted to present evidence pertaining only to timely disclosed uncompensated overtime damages.

In addition, as to each Plaintiff who failed to comply *at all* with the disclosure requirements of Rule 26(a)(1)(A)(iii), all evidence of any damages claimed by these Plaintiffs should be excluded and sanctions imposed pursuant to Rule 37 prohibiting these Plaintiffs from any subsequent presentation of evidence of claimed uncompensated overtime.

# II. ARGUMENT

## A. Evidence of Undisclosed Damages Must Be Excluded

Under Rule 26(a)(1)(A)(iii), Plaintiffs were required to disclose a computation of each category of damages claimed. Plaintiffs served the City with two Rule 26 supplemental disclosures which listed in minimal detail the total claimed damages for 775 individual Plaintiffs. Declaration of Aryn Thomas ("Thomas Decl."), Exs. 3, 4. The computations purport to be based upon the claimed uncompensated overtime stated in Plaintiffs' declarations. *Id.*, Ex. 3 at 2:25–27 (First Supplemental Disclosure stating that declarations contained all the information factored into the damage calculation); Ex. 4 at 1:24–27 (Second Supplemental Disclosure stating same). Several of these 775 Plaintiffs' declarations were filed with the Court as well, in connection with the parties' motions for summary judgment. Dkt ## 127–132, 205–217.

After repeated requests from the City, the Plaintiffs represented by Jackson, DeMarco, Tidus & Peckenpaugh ("JDTP Plaintiffs") supplemented these disclosures with respect only to the five trial Plaintiffs represented by JDTP. Thomas Decl., Exs. 5–7. Although the Fourth Supplemental disclosure purports to allege damages suffered by these five Plaintiffs that accrued between August 2002 and November 2008, there are many errors and inconsistencies rendering

these numbers inadequate. *See id.*, Ex. 6.[1] Also in response to requests by the City, the Plaintiffs represented by the Petersen Law Firm provided a chart purporting to represent "damage" calculations for 111 Plaintiffs on September 20, 2008. *Id.* ¶ 9, Ex. 8.

Now, these Plaintiffs appear to be positioning to claim damages in addition to those disclosed and in addition to the damages claimed in their declarations. For example, Plaintiffs recently filed the declaration of James Nicholson that stated the "plaintiffs alleged that there were other uncompensated overtime issues, but they were not included it [sic] in [their] declaration" and that "common overtime issues were not addressed in the declarations." Declaration of James Nicholson (Dkt # 448), ¶ 5. Apparently, then, Plaintiffs believe that there are damages *not* included in the declarations filed with the Court that formed the basis for the disclosures.

The Court should not permit Plaintiffs to introduce any evidence of damages not previously disclosed. As one court has explained, allowing a plaintiff to seek damages at trial that were not properly disclosed would sanction bait and switch tactics, as well as undermine court efforts at managing cases and upholding the scheme of the federal rules. *U.S. v. Kiewit Constr. Co.*, No. A99459 CVJWS, 2005 WL 1277953 (D. Alaska Jan 3, 2005) (unpublished disposition). To prevent such tactics, the Court should sanction Plaintiffs for any attempt to rely on undisclosed damages by excluding all evidence supporting such claims. Fed. R. Civ. P. 37(c)(1).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information to supply

---

[1] These supplemental disclosures appear to carry forward claimed overtime hours from the trial Plaintiffs December 2006 declarations, although the overtime hours reported in counsel's supplemental disclosures in some respects vastly overstate the actual claims attested to by the trial Plaintiffs in their declarations. For example, the supplemental disclosures document erroneously states that Plaintiff Michael Shiraishi is claiming 272 hours per year of "other uncompensated overtime." Thomas Decl., Ex. 6 at 2:20–21. Yet Shiraishi stated in his declaration, and confirmed in his deposition, that he is claiming 272 hours of "other uncompensated overtime" during a particular one-and-a-half year period of a unique assignment -- an assignment that he no longer holds. Similar errors are included in the supplemental disclosures as to other trial Plaintiffs as well.

evidence . . . at a trial, unless the failure was substantially justified or harmless." *See also* Fed. R. Civ. P. 26(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence."). The Ninth Circuit recently affirmed that undisclosed damages should be excluded in an FLSA case. *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) (affirming district court's grant of motion *in limine* to exclude evidence of damages not produced pursuant to Rule 26(a)). In that case, the Court held that "[d]isclosure of damage calculations was mandated under Rule 26(a)," and exclusion of undisclosed damages was proper. *Id.* at 1177, 1179. This case is no different: damages had to be disclosed and any that were not should be excluded.

**B. Disclosure at This Late Date Would Be Harmful and Unjustified**

If Plaintiffs attempt to claim undisclosed damages at this late date, they bear the burden of proving that the late disclosure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Plaintiffs cannot meet their burden here. Any disclosure at this extraordinarily late date -- less than a month before trial -- would be harmful to the City and unjustifiable.

Any attempt to introduce new damage claims would greatly impede the City's ability to defend against the claims. As in *Hoffman*, late disclosure of damages would probably require the Court to create a new briefing schedule and potentially to reopen discovery, which is not harmless and probably would delay the trial. *Hoffman*, 541 F.3d at 1180. For instance, such late disclosure would substantially prejudice the City in that the City's economics and damages expert, Cary Mack, has prepared his supplemental report and trial testimony on the basis of the uncompensated overtime damages recently disclosed by Plaintiffs. Further discovery and expert analysis would be required should Plaintiffs be permitted to introduce new damage claims. At the very least, the City would have to prepare examinations on unknown topics -- during the

press of trial preparation -- which is an unnecessary harm that Plaintiffs could have avoided. *Cf. Yeti by Molly*, 259 F.3d at 1107; *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000). Defending against undisclosed damages is not harmless.

There also is no reason that Plaintiffs could not have timely disclosed any and all damages. This case has been pending for over three years, the issues are well known to the parties, and the facts and theories are well developed. The City can think of no substantial justification for failing to disclose damages. Accordingly, Plaintiffs have no excuse for failing to disclose all damages and cannot avoid penalties.

### C. The Court Should Exclude Any Evidence of Claimed Uncompensated Overtime Damages Pertaining to Plaintiffs Who Failed to Provide Required Rule 26 Disclosures

458 Plaintiffs have neither provided declarations stating their claimed damages nor responded to the City's interrogatories. Declaration of Kelli Moro ("Moro Decl."), ¶ 12, Ex. D.[2] These Plaintiffs therefore have not provided any disclosures (much less evidence or computations) in support of their claimed overtime or damages. This failure to timely serve damages disclosures upon the City requires exclusion from this lawsuit of any evidence of the claimed uncompensated overtime as to these Plaintiffs.

Here again, the Ninth Circuit's decision in *Hoffman v. Constructive Protective Services*, is particularly instructive.[3] In *Hoffman*, the plaintiffs did not disclose damages calculations for any of the individual plaintiffs other than the two lead plaintiffs. *Hoffman*, 541 F.3d at 1177–78. The defendant moved *in limine* to exclude from trial all evidence of damages as to the plaintiffs who had not yet disclosed damages. *Id.* at 1178. The district court granted defendant's motion and the Ninth Circuit affirmed. *Id.* at 1180.

---

[2] This is not to say that interrogatories or declarations are sufficient evidence of damages to support Plaintiffs' claims. Nevertheless, any Plaintiff who failed timely to disclose *any* statement of his or her claimed damages cannot be said to have complied with the requirements of Rule 26.

[3] Greg Petersen, of the Petersen Law Firm, also was counsel for the plaintiffs in *Hoffman*.

Notably, in *Hoffman*, the district court severed the trial and proceeded only as to the two lead plaintiffs who had submitted damages disclosures. *Id.* at 1178. Because the trial was severed, the remaining plaintiffs argued that their failure to disclose damages was harmless. Specifically, they argued that "the court . . . severed the Opt-In Plaintiffs' claims in order that they could be tried separately from those of [the two lead plaintiffs], thus providing Plaintiffs with ample time to prepare and produce damage computations if directed to do so." Appellants' Opening Brief, *Hoffman v. Constr. Protective Servs.*, No. 07-55135, 2007 WL 5087140, *26. The Ninth Circuit rejected this argument holding that "[l]ater disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless." *Hoffman*, 541 F.3d at 1180.[4]

As in *Hoffman*, all evidence of claimed damages by the 458 Plaintiffs who have not timely disclosed their claimed damages as required by Rule 26 should be excluded. That the first phase of trial is set to proceed as to only a limited number of Plaintiffs does not excuse the remaining Plaintiffs' failure to provide damages disclosures. Plaintiffs cannot be permitted to await the Court's conclusions of law and the jury's findings of fact to provide the City with disclosures regarding the magnitude and categories of their claimed damages. The City was entitled to know -- in advance of trial -- what its potential liability exposure is in this case. *See, e.g.*, *Colmbini v. Members of Bd. of Dirs. of the Empire College Sch. of Law*, No. C9704500CRB, 2001 WL 1006785, *8 (N.D. Aug. 17, 2001) (unpublished order) ("[F]ailure to provide any information whatsoever about the computation of . . . damages is harmful to the defendants, as they have no way to defend against the plaintiff's damages claims." ). Plaintiffs who failed to disclose their claimed damages prevented the City from obtaining this information.

---

[4] The reasoning of *Hoffman* is even stronger here. *Hoffman* was an FLSA collective action, thus, in that case, there was some controversy regarding whether the non-lead, Opt-In plaintiffs had to disclose damages individually. *See Hoffman*, 541 F.3d at 1179. In this case, however, there is no dispute that Plaintiffs -- as individual plaintiffs and not part of a collective action -- each had a duty under Rule 26(a) to disclose damages and damages computations.

These Plaintiffs' claimed damages properly should be excluded, and any subsequent, as-yet-undisclosed uncompensated overtime damages barred from this action pursuant to Rule 37.[5]

**III. CONCLUSION**

For the foregoing reasons, the City respectfully requests that this Court grant this Motion *in Limine* to exclude the evidence of damages that the Plaintiffs did not disclose. The City also requests the Court enter sanctions pursuant to Rule 37 precluding any subsequent evidence of claims by Plaintiffs -- identified in Exhibit D of the Moro Declaration -- who failed to disclose damages calculations or claims in any form to the City, in violation of Rule 26(a).

Dated: December 5, 2008

LATHAM & WATKINS LLP

By: /s/ Colleen C. Smith
Colleen C. Smith
colleen.smith@lw.com
Attorneys for Defendant the City of San Diego

[5] The City has met and conferred with counsel for Plaintiffs regarding this matter, as required by Civil Local Rule 26.1(a). Declaration of Colleen C. Smith, ¶¶ 3–5.