1  Peter H. Benzian (Bar No. 47456)
   Colleen C. Smith (Bar No. 231216)
2  Michael P. Pulos (Bar No. 246474)
   Aryn P. Thomas (Bar No. 247989)
3  LATHAM & WATKINS LLP
   600 West Broadway, Suite 1800
4  San Diego, California  92101-3375
   Telephone:  (619) 236-1234
5  Facsimile:   (619) 696-7419

6  George F. Schaefer (Bar No. 125239)
   Deputy City Attorney
7  Office of the City Attorney
   1200 Third Avenue, Suite 1100
8  San Diego, California 92101-4100
   Telephone:  (619) 533-5800
9  Facsimile:   (619) 533-5856
   Attorneys for Defendant the City
10 of San Diego

11

12

13                    UNITED STATES DISTRICT COURT

14                  SOUTHERN DISTRICT OF CALIFORNIA

15

16  MARCUS ABBE, *et al*.                | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

17                          Plaintiffs,  |
                                         | **DEFENDANT CITY OF SAN DIEGO'S**
18          v.                           | **REVISED [PROPOSED] SUPPLEMENTAL**
                                         | **JURY INSTRUCTIONS**
19  CITY OF SAN DIEGO,                   |

20                          Defendant.   |

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SUPPLMENTAL JURY

1    **DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

2          Pursuant to this Court's Order dated September 2, 2008 (Dkt # 495), Defendant the City

3    of San Diego submitted its proposed Supplemental Jury Instructions numbered 301–328 on

4    September 26, 2008 (Dkt # 511).  In light of subsequent developments, including the

5    identification of the ten Plaintiffs whose claims will be tried commencing January 5, 2009, and

6    pursuant to Local Civil Rule 16.1(f), the City submits the following revised Proposed Jury

7    Instructions, including the proposed Joint Jury Instructions previously submitted to the Court

8    (Dkt # 509).

9          The City hereby withdraws Proposed Instruction 317 regarding the "continuous workday

10   rule" in light of the Court's December 23, 2008 Order (Dkt # 658).  However, should the Court

11   modify its Order, the City maintains that this Proposed Instruction provides a more accurate

12   statement of the law than does Plaintiffs' proposed instructions on this issue.  The City also

13   hereby withdraws Proposed Instruction 327 because this is an issue entirely within the Court's

14   discretion as to which the jury should not be instructed.  The City also hereby withdraws Joint

15   Proposed Instructions 11 and 15, as those model instructions do not appear to be necessary in

16   this case.

17         In addition, the City has made minor modifications to the City's Proposed Instructions

18   323 and 325.  The City has maintained the numbering of all Proposed Instructions for the Court's

19   convenience.

20                                              Respectfully submitted,

21   Dated:  December 29, 2008                  LATHAM & WATKINS LLP
                                                Office of the City Attorney
22                                              George Schaefer, Deputy City Attorney

23                                              By: /s/ Colleen C. Smith
                                                    Colleen C. Smith
24                                                  colleen.smith@lw.com
                                                Attorneys for Defendant the City of San Diego

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

i

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## **INSTRUCTIONS BEFORE TRIAL**

2

3

### **JOINT PROPOSED JURY INSTRUCTION NO. 1**

**1.1B Duty of Jury**

4

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

5

6

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

7

8

9

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

10

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

11

12

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.1B Duty of Jury

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

1

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

2

**1.3 Burden of Proof—Preponderance of the Evidence**

3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of

4

the evidence, it means you must be persuaded by the evidence that the claim or affirmative
defense is more probably true than not true.

5

You should base your decision on all of the evidence, regardless of which party presented it.

6

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.3 Burden of Proof—

7

Preponderance of the Evidence

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\663155.2

2

1

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

2 **1.6 What Is Evidence**

3 The evidence you are to consider in deciding what the facts are consists of the following:

4 (1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
5 (3) any facts to which the lawyers have agreed.

6 **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.6 What is Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

3

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

2 **1.7 What Is Not Evidence**

3 In reaching your verdict, you may consider only the testimony and exhibits received into
evidence. Certain things are not evidence, and you may not consider them in deciding what the
4 facts are. I will list them for you:

5 Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What
they have said in their opening statements, [will say in their] closing arguments, and at other
6 times is intended to help you interpret the evidence, but it is not evidence. If the facts as you
remember them differ from the way the lawyers have stated them, your memory of them
7 controls.

8 Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to
object when they believe a question is improper under the rules of evidence. You should not be
9 influenced by the objection or by the court's ruling on it.

10 Testimony that has been excluded or stricken, or that you have been instructed to disregard, is
not evidence and must not be considered. In addition sometimes testimony and exhibits are
11 received only for a limited purpose; when I [give] [have given] a limiting instruction, you must
follow it.
12
Anything you may have seen or heard when the court was not in session is not evidence. You are
13 to decide the case solely on the evidence received at the trial.

14 **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.7 What is Not Evidence

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

4

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**JOINT PROPOSED JURY INSTRUCTION NO. 5**

**1.9 Direct And Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.9 Direct and Circumstantial Evidence.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

5

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

2

**1.10 Ruling On Objections**

3

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

4

5

6

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

7

8

**Authority:** Ninth Circuit Civil Model Jury Instructions (2007), No. 1.10 Ruling on Objections

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\663155.2

6

1

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

2

**1.11 Credibility Of Witnesses**

3

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

4

In considering the testimony of any witness, you may take into account:

5

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;
(2)     the witness's memory;

6

(3)     the witness's manner while testifying;
(4)     the witness's interest in the outcome of the case and any bias or prejudice;

7

(5)     whether other evidence contradicted the witness' testimony;
(6)     the reasonableness of the witness' testimony in light of all the evidence; and

8

(7)     any other factors that bear on believability.

9

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

10

11

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.11 Credibility of Witnesses

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

7

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 8**

2

**1.12 Conduct Of The Jury**

3

I will now say a few words about your conduct as jurors.

4
5
6

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

7
8

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

9

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

10
11

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

12
13

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

14

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

15
16

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.12 Credibility of Witnesses

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

8

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 9**

2

**1.13 No Transcript Available To Jury**

3

During deliberations, you will have to make your decision based on what you recall of the
evidence. You will not have a transcript of the trial. I urge you to pay close attention to the
testimony as it is given.

4

5

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me
know so that I can correct the problem.

6

**Authority:** Ninth Circuit Civil Model Jury Instructions (2007), No. 1.13 No Transcript
Available to Jury

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS┴┴┴
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

9

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## JOINT PROPOSED JURY INSTRUCTION NO. 10

2   **1.14 Taking Notes**

3   If you wish, you may take notes to help you remember the evidence. If you do take notes, please
    keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do
4   not let note-taking distract you. When you leave, your notes should be left in the [courtroom]
    [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at
5   the conclusion of the case.

6   Whether or not you take notes, you should rely on your own memory of the evidence. Notes are
    only to assist your memory.  You should not be overly influenced by your notes or those of your
7   fellow jurors.

8   **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.14 Taking Notes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

10

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**JOINT PROPOSED JURY INSTRUCTION NO. 12**

**1.18 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 1.18 Taking Notes

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

11

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**JOINT PROPOSED JURY INSTRUCTION NO. 13**

**1.19 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** Ninth Circuit Civil Model Jury Instructions (2007), No. 1.19 Taking Notes

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

12

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## JURY INSTRUCTIONS DURING TRIAL

2

### JOINT PROPOSED JURY INSTRUCTION NO. 14

3
**1.20 Conduct of the Jury**

4
We are about to take our first break during the trial, and I want to remind you of the instruction I
gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including
your fellow jurors, members of your family, people involved in the trial, or anyone else; this
includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin
boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone
approaches you and tries to talk to you about the case, please let me know about it immediately.

5

6

7

8
Do not read or listen to any news stories, articles, radio, television, or online reports about the
case or about anyone who has anything to do with it.

9
Likewise, do not do any research, such as consulting dictionaries, searching the Internet or using
other reference materials, and do not make any investigation about the case on your own.

10

11
If you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk]
to give to me.  I will not repeat these admonitions each time we recess or adjourn, but you will be
reminded of them on such occasions.

12

13
**Authority:**  (Modified) Ninth Circuit Civil Model Jury Instructions (2007), No. 1.20 Conduct of
the Jury

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

13

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1    **JOINT PROPOSED JURY INSTRUCTION NO. 16**

2    **2.2 Stipulations of Fact**

3    The parties have agreed to certain facts [to be placed in evidence as Exhibit _____] [that will be read to you].  You should therefore treat these facts as having been proved.

4

5    **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.2 Stipulation of Fact

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

14

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 17**

2

**2.3 Judicial Notice**

3

The court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject. You must accept this fact as true.

4

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.3 Judicial Notice

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS⊔⊔
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

15

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1   **JOINT PROPOSED JURY INSTRUCTION NO. 18**

2   **2.4 Deposition in Lieu of Live Testimony**

3   A deposition is the sworn testimony of a witness taken before trial. The witness is placed under
oath to tell the truth and lawyers for each party may ask questions. The questions and answers
4   are recorded. [When a person is unavailable to testify at trial, the deposition of that person may
be used at the trial.]

5
The deposition of [witness] was taken on [date]. You should consider deposition testimony,
6   presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the
witness had been present to testify.

7
[Do not place any significance on the behavior or tone of voice of any person reading the
8   questions or answers.]

9   **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.4 Deposition in Lieu of
Live Testimony

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

16

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 19**

2

**2.10 Use of Interrogatories of A Party**

3

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to
written interrogatories submitted by the other side. These answers [have been] [were] given in
4
writing and under oath, before the actual trial, in response to questions that were submitted in
writing under established court procedures. You should consider the answers, insofar as possible,
5
in the same way as if they were made from the witness stand.

6

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.10 Use of Interrogatories
of A Party

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

17

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

### JOINT PROPOSED JURY INSTRUCTION NO. 20

2

**2.11 Expert Opinion**

3

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

4

5

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

6

7

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.11 Expert Opinion

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

18

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

2

**2.12 Charts and Summaries Not Received in Evidence**

3

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.

4

They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries

5

and determine the facts from the underlying evidence.

6

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.12 Charts and Summaries Not Received in Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

19

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1    **JOINT PROPOSED JURY INSTRUCTION NO. 22**

2    **2.13 Charts and Summaries in Evidence**

3    Certain charts and summaries [may be] [have been] received into evidence to illustrate
information brought out in the trial. Charts and summaries are only as good as the underlying
4    evidence that supports them. You should, therefore, give them only such weight as you think the
underlying evidence deserves.

5

6    **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.13 Charts and Summaries
in Evidence

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

20

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1        **JOINT PROPOSED JURY INSTRUCTION NO. 23**

2    **2.14 Evidence in Electronic Format**

3    Those exhibits capable of being displayed electronically will be provided to you in that form, and
     you will be able to view them in the jury room. A computer, projector, printer and accessory
4    equipment will be available to you in the jury room.

5    A court technician will show you how to operate the computer and other equipment; how to
     locate and view the exhibits on the computer; and how to print the exhibits. You will also be
6    provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a
     paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)

7
     If you need additional equipment or supplies, you may make a request by sending a note.  In the
8    event of any technical problem, or if you have questions about how to operate the computer or
     other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by
9    one or more members of the jury. Be as brief as possible in describing the problem and do not
     refer to or discuss any exhibit you were attempting to view.

10
     If a technical problem or question requires hands-on maintenance or instruction, a court
11   technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole
     purpose of assuring that the only matter that is discussed is the technical problem.] When the
12   court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may
     say anything to the court technician or any non-juror other than to describe the technical problem
13   or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of
     the case.

14
     The sole purpose of providing the computer in the jury room is to enable jurors to view the
15   exhibits received in evidence in this case. You may not use the computer for any other purpose.
     At my direction, technicians have taken steps to make sure that the computer does not permit
16   access to the Internet or to any "outside" website, database, directory, game, or other material.
     Do not attempt to alter the computer to obtain access to such materials.  If you discover that the
17   computer provides or allows access to such materials, you must inform me immediately and
     refrain from viewing such materials. Do not remove the computer or any electronic data [disk]
18   from the jury room, and do not copy any such data.

19   **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 2.14 Evidence in Electronic
     Format

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

21

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## <u>JURY INSTRUCTIONS AFTER CLOSE OF EVIDENCE</u>

2

### JOINT PROPOSED JURY INSTRUCTION NO. 24

3

**1.1C Duty of Jury**

4

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

5

6

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

7

or

8

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

9

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

10

11

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

12

13

14

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

15

**Authority:** Ninth Circuit Civil Model Jury Instructions (2007), No. 1.1C Duty of Jury

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

22

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**JOINT PROPOSED JURY INSTRUCTION NO. 25**

**3.1 Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 3.1 Duty to Deliberate

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

23

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 26**

2

**3.2 Communication With Court**

3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

4

5

6

7

8

**Authority:** Ninth Circuit Civil Model Jury Instructions (2007), No. 3.2 Communication With Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

24

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED JURY INSTRUCTION NO. 27**

2

**3.3 Return of Special Verdict**

3

     A special verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the special verdict form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

4

5

**Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 3.3 Return of Verdict (modified)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

25

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1    **JOINT PROPOSED JURY INSTRUCTION NO. 28**

2    **3.5 Deadlocked Jury**

3    Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

4

5    As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

6

7

8    All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

9

10   I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

11

12   You may now retire and continue your deliberations.

13   **Authority:**  Ninth Circuit Civil Model Jury Instructions (2007), No. 3.5 Deadlocked Jury

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

26

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## INSTRUCTIONS ON THE LAW

2

### JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 29

3   **Statute of Limitations**

4   Under Federal law, the normal statute of limitations for FLSA violations is two years, meaning that an employee has two years after the wrongful conduct occurred to file suit.

5

6   The two year federal statute of limitations applies, unless the claim for unpaid overtime arises out of a willful violation.  Claims arising out of a willful violation may be commenced within a three year statute of limitation after the wrongful conduct occurred.

7

8   Thus, if you find for the Plaintiffs on their claims for unpaid overtime, Plaintiffs may be entitled to extend the statute of limitations by one year if they prove by a preponderance of the evidence that Defendant's failure to pay overtime was willful.

9

10  **Authority:**  29 U.S.C. § 255(a); Pattern Jury Instructions, Labor and Employment Claims, No. 11.1 (5th Cir., 1992 ed).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

27

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 30**

2

**Preliminary and Postliminary Activities**

3

Under federal law, an employer does not have to pay its employees for activities that are "preliminary" or "postliminary" to the principal activities that they were employed to perform.

4

5

**Authority:**  29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

28

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## JOINT PROPOSED SPECIAL JURY INSTRUCTION NO. 31

2

**Work Performed Away From Premises**

3
Plaintiffs have alleged that they performed "work" at home or other locations at times outside of their scheduled shifts, for which they have not been compensated.

4

5
If you find that Plaintiffs did perform activities at home or other locations, you must determine: 1) whether such activities were "work" ([cross-reference work instruction(s)]), and 2) whether the City "suffered or permitted" the Plaintiffs to perform work at home.  ([cross-reference

6
"suffered or permitted" instruction(s)).

7
**Authority:**  *Tenn. Coal, Iron and R. Co. v. Mucsoda Local No. 123*, 321 U.S. 590, 598 (1944); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944);  *Lindow v. United States*, 738 F.2d 1057,

8
1061 (9th Cir. 1984); *Lamon v. City of Shawnee*, 972 F.2d 1145, 1158 (10th Cir. 1992); *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162 (D.C. Cir. 1975);  *Smith v. Aztec Well Servicing Co.*, 321

9
F. Supp. 2d 1234, 1237 (D. N.M. 2004), *aff'd* 462 F.3d 1274 (10th Cir. 2006); *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 713 (E.D. Tex. 2007); *Forrester v. Roth's I.G.A.*

10
*Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 7, 10.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

29

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

2

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 301.
## CLAIMS AND DEFENSES

3

4

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

5

The Plaintiffs claim that the City failed to compensate them for all hours worked, as is required by the Fair Labor Standards Act (commonly referred to as the FLSA). The Plaintiffs have the burden of proving these claims.

6

7

The City denies those claims.  In addition, the City claims that even if the Plaintiffs were entitled to overtime compensation, the City is legally entitled to offset portions of the Plaintiffs' claimed overtime hours.  The City further claims that, in any event, it acted in good faith. These are affirmative defenses for which the City has the burden of proof.

8

9

The Plaintiffs deny the City's affirmative defenses.

10

**Authority**:  Ninth Circuit Model Jury Instructions, 1.2 Claims and Defenses (modified).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

30

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 302.
## ELEMENTS OF FAIR LABOR STANDARDS ACT CAUSE OF ACTION

2

3   The FLSA is a federal law that provides for the payment of time-and-a-half overtime pay under
certain circumstances.  The Plaintiffs claim that the City did not pay them the legally required
4   overtime pay.

5   In order to prevail on their claims, each Plaintiff must demonstrate all of the following by a
preponderance of the evidence:
6

7   1.  That the Plaintiff was employed by the City;

8   2.  That the Plaintiff's work was engaged in commerce or in the production of goods for
commerce;

9   3.  That the Plaintiff actually worked overtime without compensation;

10  4.  The amount and extent of overtime worked; and

11  5.  That the City "suffered or permitted" the Plaintiffs to work uncompensated overtime.

12

13  **Authority:**  Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act); Eleventh
Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act); *see also* 29 U.S.C. § 201 et seq.;
29 U.S.C. §§ 203(g), 207(a)(1), 216; 5 C.F.R. § 551.104 (2006); *Pforr v. Food Lion, Inc.*, 851
14  F.2d 106, 109 (4th Cir. 1988).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

31

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 303.
COMMERCE**

3

4

The term "commerce" has a very broad meaning and includes trade, commerce, transportation, transmission or communication between any state and any place outside that state.

5

6

**Authority**:  Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act) [verbatim]; Eleventh Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act) [verbatim].

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

32

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 304.
ENGAGED IN THE PRODUCTION OF GOODS**

2

3   A person is considered to have been engaged in the production of goods if the person produced,
manufactured, mined, handled, transported, or in any other manner worked on such goods or

4   worked in any closely related process or occupation directly essential to the production of the
goods.

5

6   **Authority**:  Fifth Circuit Model Jury Instruction 11.1 (Fair Labor Standards Act) [verbatim];
Eleventh Circuit Model Jury Instruction 1.7.1 (Fair Labor Standards Act) [verbatim].

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

33

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 305.
"WORK"**

2

3   "Work" is any (1) physical or mental exertion (whether burdensome or not), (2) controlled or
required by the employer, and (3) pursued necessarily and primarily for the benefit of the
4   employer and its business.

5

6   **Authority**:  *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944);
*Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162 (D.C. Cir. 1975).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

34

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 306.**
**"NECESSARILY AND PRIMARILY FOR THE BENEFIT OF THE EMPLOYER"**

2

3     Mere presence at the workplace does not require compensation.

4     If a Plaintiff engages in an activity as a matter of personal preference or convenience, it is not
      performed primarily and necessarily for the benefit of the employer and is not "work."

5

6     In addition, if job-related activities -- that could be completed during scheduled shift hours -- are
      performed by Plaintiff outside of his or her scheduled shift hours as a matter of his or her own
      convenience or preference, and not primarily for the City's benefit, this time is not "work" and

7     therefore not compensable under the FLSA.

8

**Authority**:  *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944);

9     *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984); *see also Lamon v. City of
      Shawnee*, 972 F.2d 1145, 1158 (10th Cir. 1992); *Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1162

10    (D.C. Cir. 1975);  *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 713 (E.D. Tex.
      2007); *Smith v. Aztec Well Servicing Co.*, 321 F. Supp. 2d 1234, 1237 (D. N.M. 2004), *aff'd* 462

11    F.3d 1274 (10th Cir. 2006); *Clarke v. City of New York*,  2008 WL 3398474, *8  (S.D.N.Y. June
      16, 2008); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 7, 10.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\663155.2

35

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 307.**
**"SUFFERED OR PERMITTED"**
**ACTUAL OR CONSTRUCTIVE KNOWLEDGE**

2

3

An employer has "suffered or permitted" an employee to work uncompensated overtime only if
the employer had "actual or constructive knowledge" that the employee worked overtime
without compensation, and the employer had the opportunity to prevent the work from being
performed.

4

5

6

An employer has *actual knowledge* of uncompensated overtime work when the employer
actually knows of the particular employee's performance of uncompensated overtime work.

7

An employer has *constructive knowledge* of uncompensated overtime work when the employer
should have known of the employee's uncompensated overtime work.  Thus, if you find that the
City merely "could have known" about uncompensated overtime work being performed by a
Plaintiff, there is no constructive knowledge.

8

9

10

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Lindow v.
United States*, 738 F.2d 1057, 1060–62 (9th Cir. 1984); *Forrester v. Roth's I.G.A. Foodliner,
Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir.
1988), *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Brumbelow
v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Fox v. Summit King Mines, Ltd.*, 143
F.2d 926, 932 (9th Cir. 1944); *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008); *Abbe v. City
of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 12–13.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

36

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1
2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 308.**
**"SUFFERED OR PERMITTED"**
**ACTUAL OR CONSTRUCTIVE KNOWLEDGE**

3
4

An employer who is armed with actual or constructive knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.

5
6
7
8

However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA, unless the employee can prove that the employer instructed the employee to falsify his or her time records to underreport overtime worked.

9
10

**Authority**:  *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS℠
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

37

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

2

3

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 309.
## "SUFFERED OR PERMITTED"
## ACTUAL OR CONSTRUCTIVE KNOWLEDGE

An employer must have an opportunity to comply with the provisions of the FLSA. This is not to say that an employer may escape responsibility by negligently maintaining records required by the FLSA, or by deliberately turning its back on a situation.  However, where the acts of an employee prevent an employer from acquiring knowledge of alleged uncompensated overtime hours, the employer cannot be said to have "suffered or permitted" the employee to work in violation of the FLSA.

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Millington v. Morrow County Bd. of Comm'rs*, No. 2:06-cv-347, 2007 WL 2908817, *9; 2007 U.S. Dist. LEXIS 74348, *23 (S.D. Ohio Oct. 4, 2007) (*citing Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984)); *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 310.**
**ACTUAL OR CONSTRUCTIVE KNOWLEDGE**
**THE EMPLOYER -- DEFINED**

For purposes of determining whether the City had "actual or constructive knowledge," you must look to the knowledge possessed by the City's upper management, in other words, City Officials or San Diego Police Department personnel of the rank of Lieutenant or above.

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *In re Food Lion Effective Scheduling Litig.*, 861 F. Supp. 1263, 1272–73 (E.D.N.C. 1994); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

39

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 311.**
**"SUFFER OR PERMITTED"**

2

**UNCOMPENSATED OVERTIME IN LIGHT OF EMPLOYER DIRECTIVE**

3

4

5

6

An employer may take steps to help live within its budget by issuing directives to employees not to work overtime without authorization.  If the employee could have performed the work during regular hours and the employer did not pressure the employee to work overtime, an employer's directive not to work overtime establishes that the employer did not "suffer or permit" work to be done.  Under these circumstances, the employer is not liable for overtime compensation.

7

8

9

10

11

**Authority**:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Lindow v. United States*, 738 F.2d 1057, 1060–62 (9th Cir. 1984); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981); *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988), *Davis  v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (companion cases); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Fox v. Summit King Mines, Ltd.*, 143 F.2d 926, 932 (9th Cir. 1944); *Abbey v. United States*, 82 Fed. Cl. 722, 727 (2008); *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 12–13; *Millington v. Morrow County Bd. of Comm'rs*, No. 2:06-cv-347, 2007 WL 2908817, *9; 2007 U.S. Dist. LEXIS 74348, *23 (S.D. Ohio Oct. 4, 2007) (*citing Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984)).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

40

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1
2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 312.
"AMOUNT AND EXTENT OF OVERTIME WORKED"**

3   If an employee establishes that he or she actually worked compensable overtime, then the
    employee must next prove the amount and extent of overtime worked.
4

5   If the employee is unable to produce accurate evidence of the overtime hours he or she worked
    using the employer's records, the employee may meet his or her burden of proof by showing that
6   the employer failed to keep accurate and complete records of all hours worked.  If the employee
    makes this showing, then the employee may establish the hours he or she worked by "just and
7   reasonable inference."

8   However, if the inaccuracy or incompleteness of the employer's records is caused by the
    employee's own failure to provide accurate information to the employer regarding the amount of
9   overtime worked, then the employee is responsible for inaccuracies in the records pertaining to
    him or her.  In that case, the employee may not claim that the employer's records were
10  inaccurate and incomplete, unless the employee can prove that the employer instructed the
    employee to falsify his or her time records to underreport overtime worked.

11

12  **Authority**:  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Newton v. City of
    Henderson*, 47 F.3d 746, 749–50 (5th Cir. 1995); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d
13  1324, 1327 (5th Cir. 1972), relied upon in *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 574 F.
    Supp. 630, 632 (D. Ore. 1979), *aff'd at* 646 F.2d 413 (9th Cir. 1981); *Walling v. Woodruff*, 49 F.
14  Supp. 52, 55 (M.D. Ga. 1942).

15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS⸤ᴸᴾ⸥
Attorneys At Law
San Diego

SD\663155.2

41

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 313.
### *"DE MINIMIS"*

2

3   If you find that any of the activities for which Plaintiffs claim compensation should be
considered "work," the City is not required to pay Plaintiffs for any of these activities that take

4   only an insubstantial or *"de minimis"* amount of time to complete.  *De minimis* is a legal term
that is used to describe something that is so insubstantial or minimal that it is unworthy of the

5   law's attention.  The *de minimis* rule allows the City to disregard insubstantial or insignificant
amounts of time outside of the scheduled work hours, which cannot be precisely recorded for

6   payroll purposes.

7   While there is no precise amount of time that should be considered *de minimis*, if an employee
spends less than ten minutes each day engaged in the activity, this time may be considered *de*

8   *minimis*.

9   Plaintiffs have the burden of proof, and must establish that the work performed is not *de minimis*.

10  In determining whether the time spent by Plaintiffs engaged in particular activities is *de minimis*,
you should consider the following three factors:

11

12  (1)  The practical administrative difficulty of recording the time.  The more difficult it would be
for the employer to record the overtime, the more likely it is that the time is *de minimis* and
therefore not compensable.

13

14  (2)  The aggregate or total amount of compensable time spent by each Plaintiff; and

15  (3)  The irregularity of the additional work.  In other words, are these activities performed at a
fixed time every day? Are they performed at the same location and in the same manner each
day? The more irregular and unpredictable the additional work, the more likely that the time is

16  *de minimis* and therefore not compensable.

17  Not all of these factors need to be proven for you to find that the activities are *de minimis*. If in
balancing these factors, you find that the time is *de minimis*, the plaintiffs will not be

18  compensated for these activities.

19

20  **Authority**:  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Alvarez v. IBP,
Inc.*, 339 F.3d 894, 903-04 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005); *Bobo v.

21  United States (Bobo)*, 136 F.3d 1465, 1468 (Fed. Cir. 1998); *Lindow v. United States*, 738 F.2d
1057, 1063–64 (9th Cir. 1984); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509,
518-20 (E.D. Tex. 2001); *Adams v. United States,* 65 Fed. Cl. 217, 222 (2005); *Abbe v. City of*

22  *San Diego*, Nov. 9, 2007 Order (Dkt. #265), at 11; *Bull v. United States (Bull I)*, 68 Fed. Cl. 212,
220-21 (Fed. Cl. 2005) (citing *Anderson,* 328 U.S. at 693).

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

42

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 314.
PRELIMINARY ACTIVITIES**

2

3    An activity is "preliminary" if it:

4    (1) is performed by an employee before the commencement of the principal activity that the
     employee is employed to perform; and

5

6    (2) is not "integral and indispensable" to the principal activity that the employee is employed to
     perform.

7    To be "integral and indispensable" to the principal activity, an activity must be necessary to the
     principal work performed and done primarily for the benefit of the employer.

8

9    You have heard testimony from the Plaintiffs that they arrived early before their shifts began to
     perform certain types of activities.  As to each particular activity that a Plaintiff contends he or
     she performed before his or her shift began, you must therefore consider whether those activities

10   were (1) necessarily performed prior to the commencement of the Plaintiff's shift and (2) done
     primarily for the benefit of the City, rather than for the Plaintiff's own convenience or

11   preference.

12   If you find that it is not necessary for a certain activity to be performed prior to the time the
     Plaintiff's shift began, the activity is preliminary and is not compensable.

13

14   However, if you find that it was necessary for a given activity to be performed prior to the start
     of the Plaintiff's shift time (i.e., could not be performed once the shift has begun or at some point
     later), the activity may be compensable if it is also performed primarily for the benefit of the

15   City.

16

17   **Authority:** 29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*, 546
     U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *Gorman v. Consol. Edison

18   Corp.*, 488 F. 3d 586, 586–94 (2d Cir. 2007); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d
     1340, 1344 (11th Cir. 2007); *Bull v. United States (Bull I)*, 68 Fed. Cl. 212, 220-21 (Fed. Cl.

19   2005) (quoting *Anderson*, 328 U.S. at 693); *Abbey v. United States*, 82 Fed. Cl. 722, 727 -728
     (2008).

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO                  SD\663155.2

43

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 315.
## POSTLIMINARY ACTIVITIES

2

3    An activity is "postliminary" if it:

4    (1) is performed by an employee after the completion of the principal activity that the employee
     is employed to perform; and

5

6    (2) is not "integral and indispensable" to the principal activity that the employee is employed to
     perform.

7    To be "integral and indispensable" to the principal activity, an activity must be necessary to the
     principal work performed and done primarily for the benefit of the employer.

8

9    You have heard testimony from the Plaintiffs that they stayed after their shifts ended to perform
     certain types of activities. As to each particular activity that a Plaintiff contends he or she
     performed after his or her shift ended, you must consider whether those activities were (1)
10   necessarily performed after the completion of the Plaintiff's shift and (2) done primarily for the
     benefit of the City, rather than for the Plaintiff's own convenience or preference.

11

12   If you find that it was not necessary for a certain activity to be performed after the completion of
     the Plaintiff's shift, the activity is postliminary and is not compensable.

13   However, if you find that it was necessary for a given activity to be performed after the
     completion of the Plaintiff's shift (i.e., could not be performed before the shift has ended or at
14   some point earlier), the activity may be compensable only if it is also performed primarily for the
     benefit of the City.

15

16   **Authority:** 29 U.S.C. § 254(a); 29 C.F.R. §§ 790.7(b) & (h), 790.8(c); *IBP, Inc. v. Alvarez*, 546
     U.S. 21, 40 n.8 (2005); *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *Gorman v. Consol. Edison*
17   *Corp.*, 488 F. 3d 586, 586–94 (2d Cir. 2007); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d
     1340, 1344 (11th Cir. 2007); *Bull v. United States (Bull I)*, 68 Fed. Cl. 212, 220-21 (Fed. Cl.
18   2005) (quoting *Anderson,* 328 U.S. at 693); *Abbey v. United States*, 82 Fed. Cl. 722, 727 -728
     (2008).

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS⊔P
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

44

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 316.
## MEAL PERIODS (CODE 7)

2

3   Where employees are paid for meal periods (whether duty-free or not), the Fair Labor Standards Act does not require employers to compensate employees for an additional half hour for times that the employees did not receive a duty-free meal period.

4

5   For example, if an employee is scheduled to work a ten-hour shift which includes a thirty-minute meal period, and the employer pays the employee for ten hours, the employee is not entitled to any additional compensation under the FLSA even if the employee's meal period is interrupted or the employee works through his or her meal-period, because he or she has already been compensated for a full ten hours.

6

7

8

9   **Authority**:  29 C.F.R. § 785.19; 29 C.F.R. §§ 553.223, 778.320; *Leahy v. City of Chicago*, 96 F.3d 228 (7th Cir. 1996); *Nelson v. Waste Mgmt. of Alameda County, Inc.*, 33 Fed. Appx. 273, 274 (9th Cir. 2002) (memorandum disposition).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

45

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 317.
## TRAVEL AND COMMUTING TIME

2

3  Under the FLSA, an employer is not required to compensate its employees for time spent
walking, riding, or traveling to and from the actual place of performance of the principal activity

4  that the employees are employed to perform.

5  Therefore, a Plaintiff is not entitled to compensation for time spent commuting from home to and
from work.  A Plaintiff's commuting time is not compensable even if the Plaintiff is commuting

6  to an initial work assignment at a site other than the City's premises.  For example, time spent by
a Plaintiff commuting from home to and from a court appearance on his or her off-duty day is

7  not compensable under the FLSA.

8  Travel time to off-site locations for purposes of attending training classes is not compensable
under the FLSA.

9

10  **Authority**:  29 U.S.C. § 254(a)(1); 29 C.F.R. §§ 785.34, 785.50; *Imada v. City of Hercules*, 138
F.3d 1294, 1296–97 (9th Cir. 1999).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

46

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

2

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 318.**
**POLICE OFFICER ACADEMY OR OTHER TRAINING**
**TIME SPENT**

3

4

5

Police officers who attend a police academy or other training facility are not considered to be on duty during those times when they are not in class or at a training session, if they are free to use such time for personal pursuits.  Such free time (i.e., time between classes, or during breaks) is not compensable.

6

7

**Authority**: 29 C.F.R. § 553.226(c); *see also Banks v. City of Springfield*, 959 F. Supp. 972, 976 (C.D. Ill. 1997).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

47

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1
2

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 319.
### UNPAID TRAINING
### TIME SPENT

3

4

Under the law, attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met:

5

1.  Attendance is outside of the employee's regular work hours;

6

2.  Attendance is voluntary;

7

3.  The course, lecture, or meeting is not directly related to the employee's job; and

8

4.  The employee does not perform any productive work during such attendance.

9

10

When an activity meets all four criteria above, the time is not compensable.  Examples of such activities include time studying for promotional examinations, voluntary off-duty physical fitness training and training to maintain weapons proficiency.

11

12

13

**Authority**:  29 C.F.R. § 785.27; *Bull v. United States*, 68 Fed. Cl. 212, 256–57 (2005); *Dade County v. Alvarez*, 124 F.3d 1380, 1384–86 (11th Cir. 1997); *Price v. Tampa Elec. Co.*, 806 F.2d 1551, 1551-52 (11th Cir. 1987) (per curiam); *Jackson v. City of San Antonio*, 2006 WL 2548545 at *14 (W.D. Tex. Aug. 31, 2006); Dep't of Labor W-H Adm. Op. (June 1, 1994); Dep't of Labor W-H Adm. Op. No. 1589 (Sept. 12, 1985).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

48

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 320.
UNIFORM AND EQUIPMENT ALLOWANCE**

2

3   Time spent caring for uniforms and equipment may be compensable under the FLSA.  However,
    if you find that Plaintiffs were paid an allowance in the amount defined by the Plaintiffs'
4   collective bargaining agreement (i.e., the Memorandum of Understanding, or MOU) for
    maintenance and upkeep of uniforms and equipment, then you must find that this time has been
5   compensated by the agreement and is not compensable under the FLSA.

6

    **Authority**:  *Hellmers v. Town of Vestal*, 969 F. Supp. 837, 844 (N.D.N.Y. 1997); *Local 1605
7   Amalgamated Transit Union v. Cent. Contra Costa County Transit Auth.*, 73 F. Supp. 2d 1117,
    1121 (N.D. Cal. 1999).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

49

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 321.
### § 207(k)

2

3   The City has adopted a special seven-day work period permitted for law enforcement employees
by the FLSA.  With this work period, each Plaintiff is entitled to overtime compensation under

4   the FLSA only for hours worked in excess of forty-three hours per seven-day work period.
Therefore, unless you find that any Plaintiff worked more than three uncompensated overtime

5   hours in any particular work period, your verdict must be entered against the Plaintiff and in
favor of the City.

6

7   All of these calculations are to be made on the Special Verdict Form which will be provided to
you.

8

9   **Authority**:  29 U.S.C. § 207(k); 29 C.F.R. § 553.230; *Abbe v. City of San Diego*, Nov. 9, 2007
Order (Dkt. #265), at 14–20; *see also* 29 C.F. R. §§ 778.201, 778.202(a).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

50

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 322.
## § 207(h) HOLIDAY PAY OFFSETS

2

3   The FLSA does not require employers to pay additional compensation to employees who work
    on official holidays above and beyond what they would normally receive on a non-holiday.
4   Compensation paid to an employee for work done on a holiday at a rate of at least one and one-
    half times the employee's regular rate (i.e., overtime rate) is creditable against any overtime
5   compensation that may be owed to an employee under the FLSA.

6   In this case, you have heard evidence that the City's contract with the Plaintiffs provides for
    "holiday pay."
7
    For each Plaintiff's "holiday pay" time, you will be asked to find:
8
    (1) whether Plaintiff received holiday pay for days that he was regularly scheduled to work; and
9
    (2) the number of hours per year of holiday pay each Plaintiff received.
10
    If any Plaintiff received holiday pay, the City may be entitled to credit such additional
11  compensation against other overtime compensation owed.

12  These calculations are to be made on the Special Verdict Form which will be provided to you.

13
    **Authority**: 29 U.S.C. § 207(e)(5)-(6) & (h); 29 C.F.R. §§ 553.233, 778.201, 778.203(a); *Abbe v.*
14  *City of San Diego*, Nov. 9, 2007 Order (Dkt. #265); *Alexander v. United States*, 32 F.3d 1571,
    1576-77 (Fed. Cir. 1994); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990);
15  *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517-19 (9th Cir. 1950); *Hesseltine v. Goodyear Tire*
    *& Rubber Co.*, 391 F. Supp. 2d 509, 522-23 (E.D. Tex. 2005); *Nolan v. City of Chicago*, 125 F.
16  Supp. 2d 324, 330-31 (N.D. Ill. 2000); *Abbey v. City of Jackson*, 883 F. Supp. 181, 185-86 (E.D.
    Mich. 1995).

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS⊔
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

51

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 323.
COURT APPEARANCES**

2

3    Because it is difficult for employers to determine the amount of time employees spend engaged
     in some types of work activities that are routinely performed at home or away from the work site,
4    employers are permitted under federal regulations to enter agreements with their employees that
     reflect reasonable compensation for this type of overtime work.  Through a reasonable agreement
5    that takes account of all pertinent facts, the parties can simplify the administration of the FLSA,
     while still ensuring that the employee's level of pay will approximate what the FLSA otherwise
6    would mandate for the hours the employee actually works.

7    The City has presented evidence and testimony regarding this type of agreement with regard to
     off-duty time spent preparing for and participating in court appearances.  If you find that the
8    amount of time reflected in the agreement reflects reasonable compensation for Plaintiff's court
     appearances and preparatory activities, no further compensation is due for these activities under
9    the FLSA.

10

11   **Authority**:  29 C.F.R. § 785.23; *Rudolph v. Metropolitan Airports Comm'n*, 103 F.3d 677, 680–
     81 (8th Cir. 1996); *Huss v. Huntington Beach*, 317 F. Supp. 2d 1151, 1157 (C.D. Cal. 2000).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

52

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 324.
## § 207(h) COURT PAY OFFSETS

Only if you find that the four hour minimum court pay is <u>not</u> reasonable compensation for each Plaintiff's court appearances and preparatory activities, then any "extra" overtime paid to Plaintiffs for court appearances may be credited against any overtime that may be owed to an employee under the FLSA.

Here, for each Plaintiff's "court pay" time, you will be asked to find the number of hours of "court pay" overtime pay each Plaintiff received in excess of the time he actually spent in court.

This calculations is to be made on the Special Verdict Form which will be provided to you.

**Authority**: 29 U.S.C. § 207(e)(5) & (h); 29 C.F.R. §§ 553.233, 778.201, 778.202; *Abbe v. City of San Diego*, Nov. 9, 2007 Order (Dkt. #265); *Alexander v. United States*, 32 F.3d 1571, 1576-77 (Fed. Cir. 1994); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990); *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517-19 (9th Cir. 1950); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 522-23 (E.D. Tex. 2005); *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 330-31 (N.D. Ill. 2000).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

53

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 325.
CALCULATION FOR EACH PLAINTIFF**

If you find that an activity is compensable, you will be asked to determine how much time (if any) each Plaintiff reasonably spent on the activity.

If you find that Plaintiffs have failed to prove that the City's record-keeping is inadequate, then you must treat the City's records as accurate and award overtime on the basis of those records. If those records do not establish any unpaid overtime, you must find that none of the Plaintiffs is entitled to compensation.

If, however, you find that Plaintiffs have proven that the City failed to keep accurate and complete records, then Plaintiffs may demonstrate the amount of time spent by "just and reasonable inference." This means the minimum amount of time it takes to perform certain tasks. For example, if an employee could perform an activity in five minutes, but chose to spend ten minutes performing the activity, you may not find that the Plaintiff spent more than five minutes performing the activity.

All of these calculations are to be made on the Special Verdict Form which will be provided to you.

**Authority**: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Newton v. City of Henderson*, 47 F.3d 746, 749–50 (5th Cir. 1995).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

54

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS

1

2

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 326.
### WILLFULNESS

3   If you find that the City violated the FLSA, you will be asked to determine whether the City's violation was willful.

4

5   Willful means voluntary, deliberate, or intentional.  Here, to be a willful violation of the FLSA, the City must have either known or showed reckless disregard for whether its conduct was prohibited by the statute.  If the City only knew that the law was potentially applicable then its

6   conduct was not willful.

7   Negligence is not enough to establish willfulness.  This means that even if the City acted unreasonably, but not recklessly, its conduct was not willful.

8

9   **Authority**:  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–135 (1998); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003); *Reich v. Gateway Press*, 13 F.3d 685, 702–703 (3d Cir.

10   1994); *Lockwood v. Prince George's County*, 58 F. Supp. 2d 651, 658 (D. Md. 1999); Kevin O'Malley et al., *Federal Jury Practice and Instructions, Civil*, Fair Labor Standards Act

11   § 175.35, p. 656 (5th ed. 2001) (current through 2008); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663155.2

55

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S REVISED
[PROPOSED] SPECIAL JURY INSTRUCTIONS