Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California  92101-3375
Telephone:  (619) 236-1234
Facsimile:   (619) 696-7419

George F. Schaefer (Bar No. 139399)
Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California  92101-4100
Telephone:  (619) 533-5800
Facsimile:   (619) 533-5856

Attorneys for Defendant
City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ABBE, *et al*.<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF SAN DIEGO,<br><br>                    Defendant. | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)<br><br>DEFENDANT CITY OF SAN DIEGO'S OBJECTIONS TO PLAINTIFFS' NOTICE OF INTENT TO PRESENT VIDEO RECORDED DEPOSITION TESTIMONY DURING OPENING STATEMENT AND AT TRIAL (DKT # 661)<br><br>Judge:  Hon. Dana M. Sabraw<br>Ctrm:   10<br>Trial:   January 5–30, 2009 |

LATHAM&WATKINS^LLP    SD\663311.2
ATTORNEYS AT LAW
SAN DIEGO

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

## I.      INTRODUCTION

On December 29, 2008, Plaintiffs filed a Notice of Intent to Present Video Recorded Deposition Testimony During Opening Statement and at Trial (Dkt # 661), wherein Plaintiffs identified excerpts of deposition testimony given by five sergeants who are not Plaintiffs, and eight of the City's witnesses.  The City requests that this Court issue an order prohibiting Plaintiffs from presenting any videotaped deposition testimony during opening statement.  At a minimum, pursuant to Federal Rule of Civil Procedure 32, this Court must preclude Plaintiffs from introducing the deposition testimony of non-Plaintiff sergeants because they are not parties to this action; they are not officers, directors, managing agents, or designees of the City; and they have not been shown to be unavailable to testify in person.  Additionally, the City requests permission to designate additional testimony -- as permitted under Rule 32(a)(6) -- and file supplemental objections once Plaintiffs have provided correct citations to the proposed testimony of the eight City witnesses.

## II.     ARGUMENT

### A.     Use of Video Deposition Testimony in Opening Statements Is Disfavored

This Court should exercise its broad discretion to control the opening remarks and preclude Plaintiffs from introducing video testimony of the City's witnesses during Plaintiffs' opening statement.  *See United States v. Friedland*, 660 F.2d 919, 929 (3d Cir. 1981) ("trial court should be given broad discretion to control the opening remarks"); *see also United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987) (district court has "broad discretion in determining the conduct and order of the trial"); *In re Yagman*, 796 F.2d 1165, 1171 (9th Cir. 1986) (same).

A district court in the Northern District of California recently precluded plaintiffs from playing videotaped deposition testimony during opening statements.  While recognizing that there is "sparse case law on whether a court should allow parties to play portions of video depositions in their opening statements[,]" the court was "less sanguine" regarding the practice. *Hynix Semiconductor, Inc. v. Rambus, Inc.*, Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-00244 RMW, 2008 WL 190990 *1 (N.D. Cal. Jan. 21, 2008) (unpublished order) (granting defendant's motion *in limine* to preclude plaintiff from playing video depositions during opening

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663311.2

1

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

statements); *but see MBI Acquisition Partners, L.P. v. Chronicle Publ'g Co.*, No. 01-C-0177-C, 2002 WL 32349903 (W.D. Wis. Oct. 2, 2002) (permitting excerpts from single video deposition during opening statement). As the court explained in *Hynix Semiconductor*: "Videotaped testimony may seem more believable or important to the lay jury because it can both see and hear the witness. . . . a video deposition can be shown once in opening, again during trial (at least once), and in closing in the exact same form. Repeatedly showing the same few deposition segments seems to exalt the relevance of those videotaped shreds of evidence over live testimony." 2008 WL 190990 *1.

Consistent with this reasoning, the City requests that the Court preclude Plaintiffs entirely from presenting videotaped deposition testimony during opening statement, and limit Plaintiffs presentation of deposition testimony to recitation or demonstrative presentation of excerpts from the written deposition transcripts.

### B. Rule 32 Precludes Use of the Non-Party Depositions Plaintiffs Seek to Present

Federal Rule of Civil Procedure 32 provides that in order for a non-party's deposition testimony to be used at trial for anything other than impeachment, there must be a showing that either (1) the witness, at the time of the deposition, was the adverse party's officer, director, managing agent, or designee; or (2) the witness is unavailable. *See* Fed. R. Civ. P. 32(a)(1)–(4); *see also Niver v. Travelers Indem. Co.*, 430 F. Supp. 2d 852, 863-64 (N.D. Iowa 2006). Plaintiffs have indicated they intend to use video recorded deposition testimony during opening statements for the following non-party witnesses: Sergeants Teresa Clark, Andra Brown, Marvin Polk, Alexis Blaylock, and Leticia Taylor. *See* Dkt # 661.[1] Because Plaintiffs have not established that the non-party witnesses were City management at the time of their deposition, nor that any of these witnesses will be unavailable during trial, Plaintiffs should be precluded

---

[1] These individuals were noticed for deposition by Plaintiffs during discovery in the summer of 2007. They are not now, and have never been, Plaintiffs in this action, and as explained *infra*, cannot be considered "officers, directors, managing agents, or designees" of the Defendant.

SD\663311.2         2         CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

from using their deposition testimony during opening statements or at any point during trial.[2]

First, Plaintiffs cannot establish that any of the non-party witnesses were officers, directors, managing agents, or designees of the City at the time of their depositions. At time of their depositions, Clark, Brown, Polk, Blaylock and Taylor were all SDPD Sergeants, a low-level supervisory position that clearly does not rise to the level of "officer" or "director" of the SDPD. Moreover, police sergeants are not "managing agents" or "designees" of the SDPD. In determining who qualifies as a "managing agent" for purposes of Rule 32(a), courts advise "[t]he term 'managing agent' should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his 'functions, responsibilities and authority * * * *respecting the subject matter of the litigation*.'" *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968) (quoting *Kolb v. A. H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962)) (emphasis in original). In FLSA cases, the knowledge of low-level supervisors, such as Sergeants, is insufficient to prove the City "suffered or permitted" overtime work. *See*, *e.g.*, *Maciel v. City of Los Angeles*, 542 F. Supp. 2d 1082, 1089–90 (C.D. Cal. 2008) (concluding that a sergeant's knowledge of alleged uncompensated overtime was insufficient to satisfy the plaintiff officer's burden of proof because police sergeants do not qualify as "management"); *see also* City's Trial Brief (Dkt # 673) at 28–30. Therefore, within the subject matter of this FLSA litigation, Sergeants are clearly not "managing agents" or "designees" for purposes of Rule 32(a), because the nature of their knowledge and responsibility is insufficient to bind the City.

Second, these officers were not treated as managing agents of the City for any purpose by any of the parties at the time these depositions were taken. These individuals were subpoenaed by Plaintiffs as third-party witnesses, and while the City and SDPD officials facilitated the scheduling of these depositions, the City's attorneys did not represent these individuals for purposes of this case, or for their depositions. Declaration of Aryn P. Thomas ("Thomas Decl.")

---

[2] Plaintiffs also indicate that they may use non-party deposition testimony at other points during trial. Rule 32 also prohibits Plaintiffs from using the above-referenced depositions at any point during trial, for the same reasons they cannot use the depositions during opening statements.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\663311.2   3   CASE NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

¶ 6. These individuals did not consult with the City's attorneys in preparation for their depositions. *Id.* To treat them now as managing agents of the City with the authority to bind the City would be manifestly unfair.

Third, Plaintiffs have not presented any evidence that any of the non-party witnesses will be unavailable during trial. Rule 32(a)(4) provides that deposition testimony may be used at trial only if the witness is dead; more than 100 miles from the place of trial; unable to testify because of age, illness, infirmity, or imprisonment, the party offering the deposition cannot procure the witness's attendance by subpoena; or other exceptional circumstances exist. *See* Fed. R. Civ. P. 32(a)(4). Absent a showing of unavailability of the non-party witnesses, Plaintiffs are precluded from using their deposition testimony at trial for any purpose, including presentation during opening statements.[3]

### C. The Rule of Completeness Requires Additional Testimony by the City's Witnesses Be Presented

Where a party introduces a portion of a writing, recorded statement, or deposition testimony, Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence 106[4] permit the adverse party to "require the offeror to introduce other parts that in fairness should be considered with the part introduced . . . ." Fed. R. Civ. P. 32(a)(6); *see also* Fed. R. Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."); *see*, *e.g.*, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718–19 (6th Cir. 1999) (finding district court abused discretion by limiting admission of deposition testimony to portion designated by offeror;

---

[3] Should this Court determine that deposition testimony by the non-party witnesses is admissible, the City reserves its right to designate the additional portions of testimony that "in fairness should be considered . . . ." Fed. R. Civ. P. 32(a)(6).

[4] Rule 32(a)(6) "is substantially a restatement of Fed. R. Evid. 106 pertaining specifically to deposition use at trial[.]" *Mattocks v. Daylin, Inc.*, 78 F.R.D. 663, 669 (W.D. Pa. 1978); *see also* Adv. Comm. Note to Orig. Rule 106 ("The rule is an expression of the rule of completeness. [] It is manifested as to depositions in Rule 32(a)([6]) of the Federal Rules of Civil Procedure, of which the proposed rule is substantially a restatement."); 21A Charles Alan Wright, *et al.*, Fed. Practice & Proc. § 5072.2 (2008) (Fed. R. Civ. P. 32(a)(6) "substantially restates" Fed. R. Evid. 106).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663311.2   4   CASE NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

adverse party can "require that [offeror] introduce enough of the deposition to put the originally admitted statement into context").

Moreover, "[t]he party who wants to complete the record is entitled under the Rule to compel the offer of the additional information at the time the proponent offers the partial evidence, rather than waiting until a later stage of the trial." Fed. R. Evid. 106 Commentary; *see also United States v. Walker*, 652 F.2d 708, 713 (7th Cir. 1981) (discussing dual considerations of Rule 106: "the misleading impression created by taking matters out of context" and "the inadequacy of repair work when delayed to a point later in the trial") (*quoting* Fed. R. Evid. 106 Adv. Comm. Note). Evidence Rule 106, and by extension Civil Procedure Rule 32, protects against "the danger that an out-of-context statement may create such prejudice that it is impossible to repair by a *subsequent* presentation of additional material." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 n.14 (1988).

Here, Plaintiffs seek to introduce excerpts of deposition testimony from a number of the City's witnesses -- including Captain Robert Kanaski, Payroll Manager Ron Villa, Chief William Lansdowne, Captain Mary Cornicelli, Assistant Chief David Ramirez, Assistant Chief Howard Kendall, Captain Sarah Creighton, and Captain Michael Cash. *See* Dkt # 661. In accordance with its rights under the Rules of Civil Procedure and Evidence, the City intends to request the Court order Plaintiffs to present additional portions of testimony that "in fairness should be considered . . . ." Fed. R. Civ. P. 32(a)(6). However, as explained *infra*, Plaintiffs have not provided correct citations for the deposition testimony they wish to introduce. Thomas Decl., ¶ 3. Accordingly, the City reserves its right to identify the additional portions of testimony that must be presented as a matter of "fairness" after Plaintiffs have provided the proper citations and the City's attorneys have had the opportunity to review the proposed testimonial excerpts. Likewise, until Plaintiffs provide the correct citations, the City is unable to make specific objections to the admissibility of the proffered testimony and thus reserves the right to supplement its objections.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663311.2

5

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY

### D. Plaintiffs Have Not Provided Correct Citations to Enable the City to Identify the Portions of Deposition Testimony Plaintiffs Seek to Introduce

Plaintiffs have not provided the correct citations to the record in their Notice of Intent. *See* Thomas Decl. at ¶ 3. The City suspects that Plaintiffs may have cited to the rough transcripts, but cannot be certain. *Id.* at ¶ 4. The City has requested that Plaintiffs provide the correct citations by close of business on January 1, 2009, *id.* at ¶ 5; should Plaintiffs fail to provide the requested information, the City requests that the Court direct Plaintiffs to provide the City with the correct citation information no later than 4:30 p.m. on Friday, January 2, 2008. Once the City has had the opportunity to review the portions of the transcripts Plaintiffs wish to present, the City will file supplemental objections identifying: (1) the additional portions of testimony that must be presented in "fairness" pursuant to Rule 32(a)(6); and (2) any objections the City may have regarding the admissibility of the testimony identified.

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests this Court issue an order altogether prohibiting Plaintiffs from presenting any videotaped deposition testimony during opening statement. Additionally, the City requests that the Court enter an order: (1) prohibiting Plaintiffs from presenting the deposition testimony of non-party deponents, including Sergeants Teresa Clark, Andra Brown, Marvin Polk, Alexis Blaylock, and Leticia Taylor during opening statements, or at anytime during trial, absent a showing that the witness is unavailable pursuant to Fed. R. Civ. P. 32(a)(4); (2) requiring Plaintiffs to provide correct citations to the proposed deposition testimony no later than 4:30 p.m. on January 2, 2009; and (3) permitting the City to designate additional testimony and file supplemental objections on or before January 4, 2009.

Dated: December 31, 2008

LATHAM & WATKINS LLP
Office of the City Attorney
George Schaefer, Deputy City Attorney

By: /s/ Aryn P. Thomas
    Aryn P. Thomas
    aryn.thomas@lw.com
Attorneys for Defendant the City of San Diego

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\663311.2

6

CASE NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)
CITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF
INTENT TO PRESENT DEPO. TESTIMONY