Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

George F. Schaefer (Bar No. 139399)
Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ABBE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant. | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB) <br><br> DEFENDANT CITY OF SAN DIEGO'S PROPOSED SPECIAL INTERROGATORIES AND VERDICT FORM REGARDING JOSEPH BANE <br><br> Judge: Hon. Dana M. Sabraw <br> Ctrm: 10 <br> Trial: January 5–February 10, 2009 |

LATHAM&WATKINS  SD\668155.4
ATTORNEYS AT LAW
SAN DIEGO

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

1    Pursuant to Local Civil Rule 16.1(f)(9)(b), Defendant the City of San Diego respectfully
2 submits this Proposed Special Interrogatories and Verdict Form Regarding Joseph Bane. The
3 City anticipates that a substantially similar form would be prepared and submitted to the jury as
4 to each Plaintiff.

5    The City is in the process of meeting and conferring with Plaintiffs regarding the
6 proposed special verdict form and an electronic verdict form; Plaintiffs have not expressed their
7 agreement to this proposed special verdict form. The City submits this draft simply for the
8 Court's reference.

10   Dated: February 6, 2009              LATHAM & WATKINS LLP

11                                        Office of the City Attorney
12                                        George Schaefer, Deputy City Attorney

13                                        By: /s/ Colleen C. Smith
                                              Colleen C. Smith
14                                            colleen.smith@lw.com
                                          Attorneys for Defendant the City of San Diego

LATHAM & WATKINS LLP    SD\668155.4
ATTORNEYS AT LAW
SAN DIEGO

i    CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
     DEFENDANT CITY OF SAN DIEGO'S PROPOSED
     SPECIAL VERDICT FORM

1.  Did Plaintiff prove that he actually performed "work" as defined in Jury Instruction 12.1 without compensation? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to the last question on this form.)

    YES ___    NO ___

2.  Did Plaintiff establish that the City failed to keep accurate records of the time Plaintiff worked? (If you answer NO, please answer question 2.a. If you answer YES, please proceed to question 2.b.)

    YES ___    NO ___

    a.  Did Plaintiff prove the amount and extent of overtime worked through the City's records? (If you answer YES, please proceed to question 3. If you answer NO, please proceed to the last question on this form.)

        YES ___    NO ___

    b.  Did Plaintiff establish the amount and extent of overtime worked as a matter of just and reasonable inference? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to the last question on this form.)

        YES ___    NO ___

    c.  Did the City establish that the inferences drawn from Plaintiff's evidence of the amount and extent of overtime worked were unreasonable? (If you answer NO, please proceed to the next question. If you answer YES, please proceed to the last question on this form.)

        YES ___    NO ___

3.  Did Plaintiff prove that the City "suffered or permitted" Plaintiff to work uncompensated overtime as defined in Jury Instruction 12.3? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to the last question on this form.)

    YES ___    NO ___

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\668155.4

1   CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

4. Did Plaintiff prove that he performed pre-shift activities prior to the start of his shift that were not "*de minimis*" as defined in Jury Instruction 13? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to question 6.)

YES ___   NO___

5. Did Plaintiff prove that he performed uncompensated pre-shift activities that were not "preliminary" as defined in Jury Instructions 14, 14.1, and 14.2? (If you answer YES, please proceed to questions 5.a through 5.c. If you answer NO, please proceed to question 6.)

YES ___   NO___

    a. For each of Plaintiff's assignments, what pre-shift activities did Plaintiff perform without compensation?

SWAT (8/16/2002-10/24/2003)_____

_____

Mounted (10/25/2003-1/27/2007)_____

_____


Traffic (1/27/2007-present)_____

_____

    b. With respect to the activities listed in your answer to question 5.a, and for each of Plaintiff's assignments, what is the reasonable amount of time per week that Plaintiff established he spent performing these activities?

SWAT (8/2002-10/24/2003) _____ hours per week

Mounted (10/25/2003-1/27/2007) _____ hours per week

Traffic (1/27/2007-present) _____ hours per week

c. With respect to the activities listed in your answer to question 5.a, were any of these activities principal activities that trigger the continuous workday rule, as defined in Jury Instructions 14.1 and 15? (If you answer YES, please answer questions 5.c.i and 5.c.ii below. If you answer NO, please proceed to question 6.)

YES ___      NO___

 i. Which activity triggered the continuous workday rule?

SWAT (8/16/2002-10/24/2003)_____

_____

Mounted (10/25/2003-1/27/2007)_____

_____

Traffic (1/27/2007-present)_____

_____

 ii. How much time on a weekly basis did Plaintiff work without compensation from the time he began his first principal activity listed in your answer to question 5.c.i above until the start of his compensated shift?

SWAT (8/16/2002-10/24/2003)      _____hours per week

Mounted (10/25/2003-1/27/2007)   _____hours per week

Traffic (1/27/2007-present)          _____hours per week

Please proceed to the next question.

6. Did Plaintiff prove that he performed post-shift activities after the end of his compensated shift that were not "*de minimis*" as defined in Jury Instruction 13? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to question 8.)

YES ___      NO___

LATHAM&WATKINS<sup>LLP</sup>  SD\668155.4
ATTORNEYS AT LAW
SAN DIEGO

3    CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

7.  Did Plaintiff prove that he performed post-shift activities after the end of his compensated shift that were not "postliminary" as defined in Jury Instructions 14, 14.1, and 14.3? (If you answer YES, please proceed to questions 7.a through 7.c. If you answer NO, please proceed to question 8.)

YES ___   NO ___

   a.  For each of Plaintiff's assignments, what post-shift activities did Plaintiff perform without compensation?

   SWAT (8/16/2002-10/24/2003)_____

   _____

   Mounted (10/25/2003-1/27/2007)_____

   _____

   Traffic (1/27/2007-present)_____

   _____

   b.  With respect to the activities listed in your answer to question 7.a, and for each of Plaintiff's assignments, what is the reasonable amount of time per week that Plaintiff established he spent performing these activities?

   SWAT (8/16/2002-10/24/2003)        _____hours per week
   Mounted (10/25/2003-1/27/2007)     _____hours per week
   Traffic (1/27/2007-present)        _____hours per week

   c.  With respect to the activities listed in your answer to question 7.a, were any of these activities within the continuous workday, as defined in Jury Instructions 14.1 and 15? (If you answer YES, please answer questions 7.c.i and 7.c.ii below. If you answer NO, please proceed to question 8.)

   YES ___   NO ___

      i.  Which activity was the last principal activity of the Plaintiff's continuous workday?

      SWAT (8/16/2002-10/24/2003)_____

      _____

LATHAM&WATKINS^LLP  SD\668155.4
ATTORNEYS AT LAW
SAN DIEGO

4   CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

|   |   |
|---|---|
| 1 | Mounted (10/25/2003-1/27/2007)_____ |
| 2 | _____ |
| 3 | Traffic (1/27/2007-present)_____ |
| 4 | _____ |

5  ii. How much time on a weekly basis did Plaintiff work without compensation from the end of his compensated shift until the performance of his last principal activity listed in your answer to question 7.c.i above?

SWAT (8/16/2002-10/24/2003)      _____hours per week

Mounted (10/25/2003-1/27/2007)   _____hours per week

Traffic (1/27/2007-present)      _____hours per week

Please proceed to the next question.

8. Did Plaintiff prove that he performed other activities at home or at other locations that are compensable "work" as defined in Jury Instructions 12.1, 16, 17, and 18? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to question 13.)

YES ___    NO___

9. Did Plaintiff prove that the City "suffered or permitted" Plaintiff to perform work at home or at other locations as defined in Jury Instruction 12.3 and 16? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to question 13.)

YES ___    NO___

10. Did Plaintiff prove that he performed other activities at home or at other locations that were not "*de minimis*" as defined in Jury Instruction 13? (If you answer YES, please proceed to the next question. If you answer NO, please proceed to question 13.)

YES ___    NO___

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\668155.4

5

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

11. Did the City prove that the agreed-upon four-hour-minimum for court pay was reasonable and adequate to compensate Plaintiff for court appearances and preparatory activities as described in Jury Instruction 22? (If you answer YES, you may not include any time associated with court appearances in your answer to questions 12.a or 12.b. Please proceed to the next question.)

YES____   NO____

12. Did Plaintiff establish by just and reasonable inference the amount and extent of time he spent performing activities at home or other locations for which he was not compensated? (If you answer YES, please answer questions 12.a and 12.b. If you answer NO, please proceed to question 13.)

YES____   NO____

   a. What activities did Plaintiff establish he performed at home or at other locations for which he did not receive compensation?

   SWAT (8/16/2002-10/24/2003)_____

   _____

   Mounted (10/25/2003-1/27/2007)_____

   _____

   Traffic (1/27/2007-present)_____

   _____

   b. With respect to these activities what is the reasonable amount of time per week that Plaintiff established he spent performing each of these activities? (Please list each activity and the number of hours per week Plaintiff spent performing the activity).

   SWAT (8/16/2002-10/24/2003):

   Activity:_____        _____hours per week

   Activity:_____        _____hours per week

   Activity:_____        _____hours per week

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\668155.4

6

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

Mounted (10/25/2003-1/27/2007):

Activity:_____          _____hours per week

Activity:_____          _____hours per week

Activity:_____          _____hours per week

Traffic (1/27/2007-present):

Activity:_____          _____hours per week

Activity:_____          _____hours per week

Activity:_____          _____hours per week

Please proceed to the next question.

13. Did Plaintiff prove by a preponderance of the evidence that the City "willfully" violated the FLSA as defined in Jury Instruction 23?

    YES ___ (damages calculations begin as of August 16, 2002)

    NO ___ (damages calculations begin as of August 16, 2003)

Please proceed to the next question.

14. Did the City establish that Plaintiff received "holiday pay" as described in Jury Instruction 21 for holidays that Plaintiff was regularly scheduled to work? (If you answer YES, please answer question 14a. If you answer NO, please proceed to question 15.)

    YES ____   NO ____

    a. Using the appropriate statute of limitations period as found in your answer to question 13, how many days did Plaintiff receive holiday pay for a holiday Plaintiff was regularly scheduled to work?

        _____ days

b. Using the appropriate statute of limitations period as found in your answer to question 13, how many hours of holiday pay did Plaintiff receive (i.e., what is the total of "holiday pay" offsets as described in Jury Instruction 21)?

_____ hours (number of days you found Plaintiff received holiday pay in your answer to question 14.a. multiplied by 10 hours)

Please proceed to the next question.

15. Answer this question only if you answered NO to question 11. Using the appropriate statute of limitations period as found in question 13, how many total hours of "court pay" overtime did Plaintiff receive in excess of the time he actually spent in court (i.e., what is the total of "court pay" offsets as described in Jury Instruction 23.1)?

_____ hours

Please proceed to the next question.

16. Using the appropriate statue of limitations period as found by your answer to question 13, how many days during this time period did Plaintiff <u>not</u> work due to vacation, illness, industrial leave or for any other reason?

_____ hours

Please proceed to the next question.

17. Using the appropriate statue of limitations period as found by your answer to question 13, enter the number of hours, if any, you determined in your responses to questions 5.b <u>or</u> 5.c.ii (whichever is greater), 7.b <u>or</u> 7.c.ii (whichever is greater), 12.b, 14.a, 15, and 16 into the appropriate fields in the electronic verdict form that has been provided to you.  If the final dollar amount if the electronic verdict form is a positive number, please proceed to question 18.  If the amount shown in the electronic verdict form is zero or a negative number, please proceed to question 19.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\668155.4

8

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM

18. Enter the amount shown in the electronic verdict form in the space below and signify that your verdict is in favor of the Plaintiff in that amount.

We find in favor of Plaintiff Joseph Bane in the amount of $_____.

19. If you have been directed to this question by reason of your responses to prior questions or because the amount shown in the electronic verdict form is zero or a negative number, enter your verdict in favor of the City.

We find in favor of Defendant the City of San Diego (please check).   ☐

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\668155.4

9

CASE NOS. 05 CV 1629 & 06 CV 0538 DMS (RBB)
DEFENDANT CITY OF SAN DIEGO'S PROPOSED
SPECIAL VERDICT FORM