Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
Christopher S. Olson (Bar No. 260163)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California  92101-3375
Telephone:  (619) 236-1234
Facsimile:   (619) 696-7419

George F. Schaefer (Bar No. 139399)
Deputy City Attorney
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California  92101-4100
Telephone:  (619) 533-5800
Facsimile:   (619) 533-5856

Attorneys for Defendant
City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ABBE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　Defendant. | NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)<br><br>DEFENDANT CITY OF SAN DIEGO'S MOTION PURSUANT TO RULE 50(a)(1) FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF<br><br>Judge:　Hon. Dana M. Sabraw<br>Ctrm:　10<br>Trial:　January 5–30, 2009 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER
OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 50(a)(1), Defendant the City of San Diego brings this motion for judgment as a matter of law. Now, having reached the close of all evidence, the City has presented uncontroverted evidence entitling it to judgment as a matter of law with respect to: (1) Plaintiffs' claimed uncompensated overtime hours that are not compensable pursuant to 29 U.S.C. § 207(k); and (2) the amount of offsets to which the City is entitled under 29 U.S.C. § 207(h).[1]

In addition, the City hereby renews the Motion for Judgment as a Matter of Law Pursuant to Rule 50(a) (Dkt # 736) that it filed at the close of Plaintiffs' case-in-chief, as to the issues upon which this Court has denied the City relief. The City maintains that in light of the totality of evidence as now presented, no reasonable jury could conclude in Plaintiffs' favor with respect to the issues therein presented.[2]

## II. STANDARD OF REVIEW

According to Rule 50 of the Federal Rules of Civil Procedure, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve

---

[1] Based on the evidence presented at trial, the City contends that should the jury find an FLSA violation, the City is entitled to a judicial determination of "good faith" and would request that this Court decline to award -- or at a minimum, significantly limit -- liquidated damages. *See* 29 U.S.C. § 260; *see also Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993); *McClanahan v. Mathews*, 440 F.2d 330, 322 (6th Cir. 1971). However, as the jury has not yet had the opportunity to determine whether any FLSA violation occurred, such a request is premature at this time. *See, e.g., Cusumano v. Maquipan Int'l, Inc.*, 390 F. Supp. 2d 1216 (M.D. Fla. 2005) ("In the absence of a determination of an FLSA violation, consideration of the issue of liquidated damages, and thus the associated affirmative defense of good faith, is premature."); *Andrews v. Dubois*, 888 F. Supp. 213 (D. Mass. 1995) (noting that if it first finds liability, "the Court will then decide whether as a matter of law correctional officers are entitled to . . . liquidated damages."); *Feniger v. Cafe Aroma*, No. 2:05-cv-319-TAW-SPC, 2007 WL 853735 (M.D. Fla. Mar. 16, 2007) (unpublished order) (seeking supplemental briefing on the issue of liquidated damages after the jury returned its verdict in favor of the plaintiff). Accordingly, the City intends to move formally for a finding of "good faith," should it become necessary, in the event of jury verdict in Plaintiffs' favor.

[2] The City is aware that it is no longer necessary to renew a Rule 50(a) motion "at the close of all the evidence" in order to move for a post-verdict judgment as a matter of law under Rule 50(b), or to preserve the issue for appeal. *See* Fed. R. Civ. P. 50, Notes of Advisory Committee on 2006 amendments. However, the City maintains that in light of the evidence it has now presented, Plaintiffs' evidence is even more clearly insufficient for any reasonable juror to conclude in Plaintiffs' favor.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

1

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER
OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

1  the issue against the party; and (B) grant a motion for judgment as a matter of law against the
2  party." The Court may also grant a motion for judgment as a matter of law *in favor of* a party
3  who bears the burden of proof, when the proof presented by the party is so overwhelming that it
4  bears on being incontrovertible. *See* Bender's Fed. Practice Forms, 9 Fed. R. Civ. P. 50-4 (2008)
5  (citing *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365, 1375 (Fed. Cir. 2001));
6  *see also*, *e.g.*, *Bangert Bros. Constr. Co. v. Kiewit W. Co.*, 310 F.3d 1278 (10th Cir. 2002); *Wharf*
7  *v. Burlington N. R.R. Co.*, 60 F.3d 631 (9th Cir. 1995).
8        Indeed, a Rule 50(a)(1) motion should be granted when the evidence "permits only one
9  reasonable conclusion." *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994); *see also Lewis v.*
10 *City of Irvine*, 899 F.2d 451, 454–55 (6th Cir. 1990). In deciding a motion for judgment as a
11 matter of law, the court "should review all of the evidence in the record." *Reeves v. Sanderson*
12 *Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Electro Source, Inc. v. United Parcel*
13 *Serv., Inc.*, 95 F.3d 837, 838 (9th Cir. 1996) (courts must view "evidence as a whole."). In doing
14 so, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may
15 not make credibility determinations or weigh the evidence." *Id.*; *see also Lytle v. Household*
16 *Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51
17 (1986); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004).
18       In sum, the Court applies the same standard when ruling on a Rule 50 motion for
19 judgment as a matter of law as it does when ruling on a Rule 56 motion for summary judgment.
20 *Reeves*, 530 U.S. at 147 (2000). The Court may grant relief on an issue-by-issue, claim-by-
21 claim, or defense-by-defense basis. *See* Fed. R. Civ. P. 50, advisory committee note 1993
22 ("[J]udgments as a matter of law in jury trials may be entered . . . with respect to issues or
23 defenses that may not be wholly dispositive of a claim or defense.").
24 **III.   ARGUMENT**
25     **A.   Plaintiffs' Remaining Claims to Compensable Overtime Are Severely Limited by 29 U.S.C. § 207(k)**
26
27       The City hereby renews its motion for judgment as a matter of law with respect to the
28 City's § 207(k) exemption. *See* Motion for Judgment as a Matter of Law Pursuant to Rule 50(a)

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

2

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER
OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

(Dkt # 736), at 42–48.  Initially, this Court was inclined to grant the City's Rule 50(a) motion on this issue.  Trial Tr. 2789:7–2790:16, Jan. 29, 2009.  Following the presentation of evidence, the Court ultimately granted the City's motion with respect to the applicability of the § 207(k) exemption.  Thus, as this Court has previously ruled, in order to be entitled to *any* compensation, each Plaintiff must prove that he is owed in excess of three hours of uncompensated overtime in each particular work period for which he seeks compensation.  *See* Aug. 19, 2008 Ord. at 6; Oct. 28, 2008 Ord. at 3–4.  In other words, if a Plaintiff establishes that he has worked uncompensated overtime during a work period, three hours must be subtracted from the total uncompensated overtime for that work period in order to determine the amount of uncompensated overtime to which Plaintiff may be entitled.  The City accordingly is entitled to a ruling by this Court applying § 207(k) as a matter of law and limiting the City's maximum potential liability to each of the trial Plaintiffs in the following hourly amounts per week:[3]

| Plaintiff | Pre-shift/wk | Post-shift/wk | "Other" claims/wk | Total claims/wk | Total claims remaining after 207(k) adjustment (3 hrs/wk) | Time Period |
|---|---|---|---|---|---|---|
| Bane | 2.0 | .67 | 6.55 | 9.23 | 6.23 | [4] |
|  | 1.67 | 1.33 | .95 | 3.95 | .95 | [5] |
|  | 1.67 | 0 | 0 | 1.67 | 0 | [6] |
| Browder | 1.67 | 1.0 | 2.08 | 4.74 | 1.74 | [7] |
| Broxtermann | 1.33 | 1.67 | 2.33 | 5.33 | 2.33 | [8] |

---

[3] The City inadvertently included a draft version of the following chart in the City's initial Rule 50 Motion which contained incomplete entries.  The following chart contains the proper numbers upon which the City relies on in its Motions.

[4] Bane's calculations for full-time SWAT assignment, August 2002 through October 2003.

[5] Bane's calculations for Mounted Enforcement Unit assignment, October 2003 through March 2006.

[6] Bane's calculations for Traffic Division assignment, March 2006 through 2008.

[7] Browder's calculations constant across all periods through 2008.

[8] Broxtermann's calculations constant across all periods, through 2008.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

3

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER
OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

| Plaintiff | Pre-shift/wk | Post-shift/wk | "Other" claims/wk | Total claims/wk | Total claims remaining after 207(k) adjustment (3 hrs/wk) | Time Period |
|---|---|---|---|---|---|---|
| Friedman | 2.0 | .67 | .75 | 3.42 | .42 | 9 |
|  | .25 | 0 | 0 | .25 | 0 | 10 |
|  | 1.67 | .67 | .75 | 3.09 | .09 | 11 |
| Larmour | 2.33 | 1.0 | .35 | 3.68 | .68 | 12 |
| McCollough | 1.33 | .33 | 0 | 1.66 | 0 | 13 |
| Sarot | 1.33 | 1.0 | 4.13 | 6.46 | 3.46 | 14 |
|  | 2.33 | 1.0 | 4.13 | 7.46 | 4.46 | 15 |
| Shiraishi | 1.33 | 1.0 | 3.77 | 6.1 | 3.1 | 16 |
|  | 1.33 | 1.0 | 0 | 2.33 | 0 | 17 |

**B.    Plaintiffs' Remaining Claims to Compensable Overtime Are Limited By 29 U.S.C. § 207(h)**

Under the FLSA, "extra compensation provided by a premium rate paid for work by the employee on . . . holidays" is creditable toward overtime compensation owed under the statute.

---

[9] Friedman's calculations for Accident Investigations Bureau assignment, August 2002 through November 2003.

[10] Friedman's calculations for Traffic Investigations Unit assignment, November 2003 through October 2004.

[11] Friedman's calculations for Accident Investigations Bureau assignment, November 2004 through 2008.

[12] Larmour's calculations constant across all periods, through retirement in May 2007.

[13] McCollough's calculations constant across all periods, for both Patrol and Traffic, through 2008.

[14] Sarot's calculations for Patrol assignments, between August 2002 and October 11, 2005.

[15] Sarot's calculations for Sergeant assignment, between October 12, 2005 and 2008.

[16] Shiraishi's calculations for Neighborhood Policing assignment, August 16, 2002 through February 28, 2003.

[17] Shiraishi's calculations for Patrol assignments, between March 1, 2003 and promotion to Sergeant on August 23, 2008.  Shiraishi is not asserting any claims since his promotion to Sergeant.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

4

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

29 U.S.C §§ 207(e)(6) & (h); *see also* Jury Instruction No. 21.1.[18] Plaintiffs who were scheduled to work (and actually did work) on any of the ten specified City holidays received premium overtime pay *in addition to* their ten hours regular pay. This "extra" premium-rate compensation unquestionably falls within the scope of § 207(e)(6). *E.g.*, *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 522 (E.D. Tex. 2005); *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 331 (N.D. Ill. 2000). Thus, as correctly outlined in this Court's final jury instruction on this issue, the City is entitled to this offset by simply demonstrating: (1) which holidays Plaintiffs worked; (2) whether the holiday fell on a day Plaintiff was regularly scheduled to work; and (3) how many hours of holiday pay Plaintiff received. *See* Jury Instruction No. 20 (Dkt # 763).

The City has now presented evidence establishing these offsets; thus, the City is entitled to these offsets with respect to each Plaintiff as a matter of law. Specifically, through Mr. Ronald Villa, the City presented evidence that SDPD officers and sergeants whose regular shifts fall on a holiday receive not only ten hours of regular time (which is all that is required under the FLSA), but also ten hours of premium pay.[19] Mr. Villa also explained how the payroll records reflect this occurrence through the use of a combination of two particular "job order codes," specifically 971206 (Holiday -- Scheduled) and 111206 (Holiday Worked -- Scheduled Work Day).[20] Notably, the payroll records are the only records that reflect the payment of holiday premium pay; such information is not recorded on overtime slips, so a jury would not be permitted to consider the City's failure to retain overtime slips in finding facts related to § 207(h) credits for holiday premium pay.[21]

---

[18] The plain language of the statute does not address whether the § 207(h) offset may be credited to any FLSA liability, or whether it should be limited to the specific work periods in which the hours were earned. *See* 29 U.S.C. § 207(h). The Court's final jury instructions correctly permit the City to credit its offset against potential liability under the FLSA from any time period.

[19] Trial Tr. 2675:8–25, Jan. 29, 2009 (Villa) (explaining holiday pay compensation and how officers record their time).

[20] *Id.* at 2674:1–2674:22 ("The two numbers are used in combination when a holiday falls on an officer's work day, and they use those two numbers to record the time for that holiday").

[21] *Id.* at 2675:14–25.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

5

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER
OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS

In addition, Mr. Cary Mack's uncontradicted testimony established that he reviewed the payroll records, identified the specific dates upon which each Plaintiff worked holidays as part of his regular shift, and calculated from that information how many hours each Plaintiff was paid "extra" premium pay, which is subject to § 207(h) offsetting. *See* City's Payroll Records for Trial Plaintiffs, Ex. 1106-0014; Ex. 1460 (Table of Holiday Offset Days).[22]  Plaintiffs did not present any evidence whatsoever rebutting the City's qualification for these offsets; indeed, no such evidence exists. *See Grayson v. Pride Golf Tee Comp.*, 433 F.2d 572, 576 (9th Cir. 1970) ("We do not think we are compelled, in passing on directed verdict, to exclude from our field of vision unquestioned documents which conclusively negate plaintiff's testimony.").

As a result, with a three-year statute of limitations, the City's liability (if any) should be reduced by the following number of hours, for the period of August 2, 2002 through July 25, 2008:

| Plaintiff | Number of Hours |
|---|---|
| Bane | 150 |
| Browder | 280 |
| Broxtermann | 290 |
| Friedman | 290 |
| Larmour | 200 |
| McCollough | 170 |
| Sarot | 230 |
| Shiraishi | 240 |

---

[22]  Trial Tr. 3537:22–3538:14, 3539:6–3540:2, Feb. 9, 2009 (Mack).

Assuming a two-year statute of limitations, the City's liability (if any) should be reduced by the following number of hours, for the period of August 2, 2003 through July 25, 2008:

| Plaintiff | Number of Hours |
|---|---|
| Bane | 150 |
| Browder | 230 |
| Broxtermann | 230 |
| Friedman | 260 |
| Larmour | 100 |
| McCollough | 120 |
| Sarot | 200 |
| Shiraishi | 230 |

Because no reasonable juror could find against the City with respect to these § 207(h) offsets, the Court should enter judgment as a matter of law in the City's favor.

**IV.   CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) in favor of the City, for the reasons -- and in the manner -- detailed above.

Dated:  February 11, 2009

LATHAM & WATKINS LLP

Office of the City Attorney
George Schaefer, Deputy City Attorney

By:  /s/ Colleen C. Smith
    Colleen C. Smith
    colleen.smith@lw.com
Attorneys for Defendant the City of San Diego

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\667860.4

7

CASE NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)
DEFENDANT'S MOT. FOR JUDG. AS A MATTER OF LAW AT CLOSE OF EVID.; MEMO. OF PS & AS