1 | Peter H. Benzian (Bar No. 47456)
Colleen C. Smith (Bar No. 231216)
2 | Michael P. Pulos (Bar No. 246474)
Aryn P. Thomas (Bar No. 247989)
3 | LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
4 | San Diego, California  92101-3375
Telephone:  (619) 236-1234
5 | Facsimile:   (619) 696-7419

6 | George F. Schaefer (Bar No. 139399)
Deputy City Attorney
7 | Office of the City Attorney
1200 Third Avenue, Suite 1100
8 | San Diego, California  92101-4100
Telephone:  (619) 533-5800
9 | Facsimile:   (619) 533-5856

10 | Attorneys for Defendant
City of San Diego

11

12 | UNITED STATES DISTRICT COURT

13 | SOUTHERN DISTRICT OF CALIFORNIA

14

15 | MARCUS ABBE, *et al.*                    NOS. 05-CV-1629 & 06-CV-0538 DMS (RBB)

16 |                   Plaintiffs,            DEFENDANT CITY OF SAN DIEGO'S
OPPOSITION TO PLAINTIFFS' MOTION TO
RETAX COSTS (DKT # 870)
17 |            v.

18 | CITY OF SAN DIEGO,                        Time:     1:30 p.m.
Date:     November 13, 2009
19 |                   Defendant.             Dept.:    10

20

21

22

23

24

25

26

27

28

SD\698343.2

# I.     INTRODUCTION

As detailed below, Plaintiffs' Motion to Retax Costs is untimely and should be rejected. However, even if this Court were to consider Plaintiffs' untimely motion, Plaintiffs' arguments as to why costs should be retaxed fail.  The City is entitled to full taxation of its costs as approved by the Clerk in the Order Taxing Costs issued September 9, 2009.  Accordingly, the City respectfully requests the Court affirm the Clerk's Order, and issue an order directing Plaintiffs to immediately remit to the City the sum of $193,637.83.  Additionally, the City requests the Court order taxation of $14,764.88 for court reporter costs.

# II.    ARGUMENT

## A.     Plaintiffs Waived Their Right To Challenge Taxation of Costs By Failing to File a Timely Motion

Rule 54 of the Federal Rules of Civil Procedure permits a party to petition the court for review of the clerk's order taxing costs "[o]n motion served within the next 5 days" following notice of the clerk's award.  Fed. R. Civ. P. 54(d)(1); *see also* Civ. LR 54.1(h)(1) ("A motion to retax shall be served and filed within five (5) days after receipt of the notice provided for in Civil Local Rule 54.1.g. . . .").  Failure to file a timely motion to retax costs results in waiver of the right to challenge the award.  *See Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) ("a party may demand judicial review of a cost award only if such party has filed a proper motion *within the five-day period* specified in Rule 54(d)(1)"); *see also Cooper v. Eagle River Mem. Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001) (objections filed eight court days after receipt of clerk's order "failed to comply with the timing requirement of Rule 54(d)(1)" and constituted waiver); *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1244 (7th Cir. 1988) (ruling that motion to reduce costs filed "outside Rule 54(d)'s five-day limit" was untimely, and district court did not have to consider challenge to costs taxed, where motion was filed eight court days after defendant received clerk's order); *Fleet Inv. Co., Inc. v. Rogers*, 87 F.R.D. 537, 540 (W.D. Okla. 1978) (failure to file motion to review clerk's taxation of costs within 5-day time period precluded review), *aff'd* 620 F.2d 792 (10th Cir. 1980); *Delaware Valley Marine Supply Co. v. American Tobacco Co.*, 199 F. Supp. 560, 561 (E.D.  Pa. 1960) (denying plaintiff's motion as

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

1

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO RETAX COSTS

1    untimely where it was filed one day late, and plaintiff "made no effort under Rule 6(b) to seek an

2    enlargement of the time in which to file its motions").

3         The hearing for taxation of costs in this case was held before the district clerk on

4    Thursday, September 10, 2009.  The clerk's order was issued on Friday, September 11, 2009.

5    Order Taxing Costs ("Order"), filed 9/11/2009 (Dkt # 869).  As notice of the order was provided

6    to all counsel through e-file notification, in accordance with Rule 5(b)(E) and Civil Local Rule

7    54.1(g), Plaintiffs' motion was due to be filed no later than Friday, September 18, 2009, in order

8    to be timely.  *See* Fed. R. Civ. P. 6(a).  However, Plaintiffs' motion was not filed until Tuesday,

9    September 22, 2009.  *See* Plaintiffs Represented by the Petersen Law Firm's Motion to Retax

10    Costs ("Motion"), filed 9/22/2009 (Dkt # 870); Jackson DeMarco Plaintiffs' Notice of Joinder

11    and Joinder in the Petersen Law Firm Plaintiffs' Motion to Retax Costs, filed 9/22/2009 (Dkt #

12    871).

13         As Plaintiffs' motion was untimely, they have waived their right to challenge the costs

14    award.  Although some courts have noted that the five-day period is not jurisdictional, and it is

15    thus within the Court's discretion to permit the untimely motion, the City respectfully avers that

16    such discretion is not warranted here, as the proscribed deadline was orally communicated to all

17    parties by the clerk at the end of the hearing, *see* Declaration of Aryn Thomas ("Thomas Decl.")

18    at ¶ 2, and reiterated in the Clerk's Order.  *See* Order Taxing Costs (Dkt #869) at 3 ("Counsels'

19    attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any

20    party, in accordance with Rule 54(d), F.R.Civ.P. and Local Rule 7.1, shall be filed and served

21    within five (5) days after receipt of the Order Taxing Costs.").  Plaintiffs' untimely motion

22    should be rejected.

23       **B.**      **The Clerk Properly Taxed Costs**

24         Notwithstanding the untimeliness of Plaintiffs' motion, even if the Court were to consider

25    the motion on its merits, it must be denied for Plaintiffs have not shown that the Clerk's taxation

26    of any item was improper.  All costs taxed are "allowable by law, are correctly stated, and were

27    necessarily incurred."  *See* Civ. LR 54.1(a).

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

2

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINITFFS'
MOTION TO RETAX COSTS

1      ### 1.      "Proof of Payment" Is Not Required

2      As a preliminary matter, Plaintiffs assert that the City is not entitled to recover costs

3      because the City "has not offered any proof of payment." *See* Mot. at 5:5–6, 7:17–18.  Plaintiffs

4      provide no support for this purported "requirement," which is not found anywhere in the Federal

5      or Local Rules.  *See* Fed. R. Civ. P. 54(d)(1) ("costs -- other than attorney's fees -- should be

6      allowed to the prevailing party."); Civ. LR 54.1(a) (permitting recovery of costs that "are

7      allowable by law, are correctly stated, and were necessarily incurred").  The only caselaw the

8      City has been able to find on this issue rejects such argument.  In *Thomasson v. GC Services*

9      *Limited Partnership*, 2007 WL 3203037, No. 05-cv-0940-LAB (CAB) (S.D. Cal. Oct 29, 2007)

10     (unpublished order), plaintiffs argued that costs "should be deducted for failure to provide a

11     cancelled check or the like to prove defendant actually paid that cost[,]" and that "*all* costs

12     awarded be retaxed for failure to provide 'cancelled checks [] or the declarations of any

13     individual with sufficient personal knowledge of payment procedures upon which to substantiate

14     the claimed costs'[.]"  *Id.* at *3 & n.3.  The *Thomasson* court rejected these arguments "as

15     unsupported by any authority and as contrary to the procedures authorized under the rules of this

16     court."  *Id.*  So should this Court.

17     ### 2.      The Clerk Properly Taxed Deposition Costs

18     #### a.      The Depositions Taken Were "Necessary"

19     Plaintiffs argue that the City is not entitled to recover costs for any of the 120 Plaintiff

20     depositions the City took because such depositions were, purportedly, "merely investigatory or

21     for the convenience of counsel."  Mot. at 3.  Incredibly, Plaintiffs aver that the City could have

22     gained all the evidence it required by deposing "one SWAT member, or one Sergeant, or one

23     patrol officer," and then "could simply have compared the oral testimony of the representative

24     deponent with the answers provided by plaintiffs performing the same duties within the same

25     time period and at the same work locale."  Mot. at 4.  Plaintiffs blithely suggest that

26     interrogatories and unspecified "other discovery devices" could have provided the same

27     information procured by deposition.  *Id.*

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

3

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINITFFS'
MOTION TO RETAX COSTS

1    Notwithstanding the fact that this was neither a class action nor a representative action,

2    that numerous Plaintiffs refused for years to respond to interrogatories propounded by the City,

3    and that no "documents" exist that could provide much of the information elicited from

4    deponents, Plaintiffs offer no support for their post-facto criticism of the depositions taken by the

5    City.

6    Moreover, the one case they cite is inapposite.  Plaintiffs' selective citation of *Hudson v.*

7    *Nabisco Brands*, 758 F.2d 1237 (7th Cir. 1985), belies the true test for whether deposition costs

8    are taxable.  In *Hudson*, the Seventh Circuit noted that "the generally accepted view . . . is that

9    introduction of deposition at trial is not a prerequisite for finding that it was necessary to take the

10   deposition."  *Id.* at 1243.  Rather, "[t]he determination of necessity must be made in light of the

11   facts known at the time of the deposition, without regard to intervening developments that later

12   render the deposition unneeded for further use."  *Id.* at 1243.  There, the court held that since it

13   was not clear at the time the deposition was taken what statute of limitations would apply, the

14   deposition was reasonably necessary "in light of the circumstances" known at the time, and the

15   appellee had "acted prudently"  by taking the deposition.  *Id.* at 1244.

16   Here, at the time the depositions were conducted, Plaintiffs had not yet identified which

17   Plaintiffs would appear at trial; accordingly, "it could reasonably be expected" that the

18   depositions would be used for trial preparation, and that those witnesses might be called at trial.

19   *See* Civ. LR 54.1(b)(3)(a).  Notably, Plaintiffs were not proceeding as a class, or even as a

20   representative action, but rather as more than 1400 individuals, meaning the City deposed *less*

21   *than 10%* of the Plaintiffs.  Since the City obtained all of the deposition transcripts "for use in

22   the case[,]" Civ. LR 54.1(b)(3)(a), and in fact cited scores of the depositions in support of its

23   various motions for summary judgment (as well as the City's oppositions to Plaintiffs' motions,

24   and replies), this small percentage can hardly be deemed "unnecessary."  *See* Dkt ## 152, 177,

25   181, 226, 327, 467.  As the *Hudson* court noted, even where a case is disposed of at summary

26   judgment, that "is no impediment to an award of costs, provided that they were otherwise

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

4

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINITFFS'
MOTION TO RETAX COSTS

1  reasonably necessary for use in the case." *Hudson*, 758 F.2d at 1243. Here, those deposition

2  transcripts were essential for the City's motions for summary judgment.[1]

3      Moreover, "[e]ven the ***costs related to discovery depositions*** may be assessed, provided

4  that the deposition is not merely for the convenience of the attorney, or purely investigative in

5  nature." *Hudson*, 758 F.2d at 1243 (emphasis added). In *Hudson*, as here, the appellee derived

6  relevant information at deposition that was *only* available through discovery. Accordingly, the

7  *Hudson* court found that the deposition in question was necessarily obtained for use in the case,

8  and held that the district court had not abused discretion in awarded such costs. *Id*. at 1244.

9      Additionally, the *Hudson* court noted that the deposition of a *plaintiff* will almost always

10  be "reasonably necessary."

> We can conceive of few, if any, situations in which a defendant's
> costs from taking a plaintiff's deposition in a private suit between
> individual litigants would not be reasonably necessary for use in
> the case. If a case is so meritless that it is unnecessary to depose
> the claimant, then there is strong support for requiring the claimant
> to bear the financial burden of having brought the case.

15  *Id.* at 1244. Here, the City's deposition of Plaintiffs was indisputably "reasonably necessary,"

16  and the Clerk's Order taxing such costs should be affirmed.

### b.   Local Rules Provide for Taxation of Costs for an Original Plus One Copy of Deposition Transcripts

19      Next, Plaintiffs argue that the City is not entitled to recover costs for copies of deposition

20  transcripts. *See* Mot. at 4–5. To the contrary, Civil Local Rule 54.1 provides that: "The cost of

21  an original *and one copy* of any deposition (including video taped depositions) necessarily

22  obtained for use in the case is allowable." Civ. LR 54.1(b)(3)(a) (emphasis added). Plaintiffs'

23  additional assertion that the Bill of Costs "fails to offer any sort of accounting indicating the

---

[1] The Court will recall that the issue of how many Plaintiffs were to be deposed first arose back in 2007, in advance of the parties' cross-motions for summary judgment. By Order dated May 25, 2007, the Court directed Plaintiffs to identify no more than 110 representatives upon whom Plaintiffs' motions would rely; likewise, the City was directed to identify the Plaintiffs it wished to depose. *See* Order re: Summary Judgment Motions (Dkt # 118); *see also* Dkt # 121 (Plaintiffs' Notice of Selection of 110 Representative Plaintiffs); Dkt # 122 (City's Notice of Designation of Representative Plaintiffs).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

5

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO RETAX COSTS

1    costs of any of these copies[,]" Mot. at 4:27–28, is belied by the itemized invoices provided for

2    each deposition. *See* Thomas Decl., Ex. 1; Ex. 2.

3                    **c.      Local Rules Provide for Taxation of Costs for Cancelled
                             Depositions**
4

5           Plaintiffs also argue that the City is not entitled to recover costs incurred for depositions

6    that were cancelled, without adequate notice, by Plaintiffs.[2]  *See* Mot. at 5.  However, Civil Local

7    Rule 54.1 provides that:  "The attendance fee of a reporter when a witness fails to appear is

8    allowable if the claimant made use of available process to compel the attendance of the witness."

9    Civ. LR 54.1(b)(3)(h).  Each of the cancellations for which the City seeks costs were properly

10   noticed depositions, cancelled unilaterally by Plaintiffs without adequate notice, such that the

11   City incurred cancellation fees.  *See* Thomas Decl. at ¶ 3; *id.*, Ex. 1; Ex. 2.

12                   **3.      The Clerk Properly Taxed Copy Costs**

13          Plaintiffs argue that the City is not entitled to recover any of its copying costs for

14   document production and trial exhibits because (1) $57,566.81 worth of costs are "unexplained,"

15   and (2) it is "impossible to tell from the chart . . . the exact processes involved here."  *See* Mot. at

16   5.  First, each cost is adequately supported by an invoice.  *See* App., Exh. 5.  The explanatory

17   footnotes Plaintiffs mention were added by counsel to identify particularly large expenses, such

18   as the copying of thousands of overtime slips at a cost of $18,288.92, so that Plaintiffs and the

19   Clerk would not be confused and think there was a typo since most of the costs  entries were

20   under $2000.  *See* Thomas Decl. at ¶ 5.  In response to Plaintiffs' concerns, the City has now

21   gone to the effort of identifying and describing the documents that comprised each copy job in

22   the chart attached hereto as Exhibit 3 to the Thomas Declaration.

23

24   _____

25   [2]   Whenever Plaintiffs notified the City of a change or cancellation, the City immediately
          contacted the court reporter to cancel the reservation so that no fees would be incurred.  The
26        City typically retained Kramm Court Reporters for its depositions; Kramm's cancellation
          policy was to charge an appearance fee for a cancelled deposition *only* if Kramm was not
27        notified before the reporter had left the office to travel to the deposition.  In each instance
          where a cancellation fee was incurred, this was due to either to the deponent-Plaintiff's
28        failure to appear without any notice, or Plaintiffs' counsel cancelling the deposition after the
          court reporter had left for the deposition.  *See* Thomas Decl., ¶ 3; *id.*, Ex. 6.

Second, the City has previously provided an explanation of the vendor's descriptive terms. *See* Thomas Decl., Ex. 4.  All of these costs were necessarily incurred due to Plaintiffs' demands for certain documents in native formats, the variety of formats that documents were stored in, the variety of locations that documents were stored in, and the sheer logistical impossibility of removing the hundreds of thousands of documents from the various locations in order to copy and process them.  This enormous undertaking was performed in the most efficient and cost-effective way possible, while ensuring the security and confidentiality of the Police Department's records.  Thomas Decl. at ¶ 4.

As these costs were properly and necessarily incurred, and Plaintiffs have not offered any valid reason why they should not be rewarded, the Clerk's taxation of these costs should be affirmed.

### 4.     The Clerk Properly Taxed Printing and Filing Costs

Plaintiffs also object, for the first time, to the $1900.80 incurred for filing and associated copying fees.  Plaintiffs argue that the City failed to "prove the necessity" or "offer any proof that the fees were paid." *See* Mot. at 7.  As discussed *supra*, "proof of payment" is not required.  The printing fees were incurred and assessed internally at a rate of $0.10/page.  The City provided a chart identifying every filing for which a courtesy copy (or service copies to counsel prior to mandatory e-filing) was provided, and the number of pages. *See* Thomas Decl., Ex. 5.  The Clerk's taxation of these costs should be affirmed.

### 5.     The Clerk Properly Taxed Witness Travel Costs

Plaintiffs argue that the City is not entitled to recover the $232.20 travel costs paid to Plaintiffs' expert, Oliver Lee Drummond, for travel expenses for his deposition, nor the $289.07 in lodging costs incurred by the City's expert Mr. Nunn. *See* Mot. at 8 ("Defendant's recovery is limited to $40 per day for each day's attendance.").

Although Plaintiffs are correct that the City may only tax $40 for attendance of an expert witness, *see* Civ. LR 54.1(b)(4)(d), Local Rule 54.1 provides that "[p]er diem, mileage, subsistence and attendance fees" are taxable, and that "[i]f the witness comes from outside the district, the transportation expenses taxable shall be based on the most direct route, and on the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

7

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO RETAX COSTS

1   most economical rate reasonably available, for means of the transportation used by the witness . .

2   . .”  Civ. LR 54.1(b)(4)(a)(4); *see also id.* at 54.1(b)(3)(f) (“Fees for the witness at the taking of a

3   deposition are taxable at the same rate as for attendance at trial.”); 28 U.S.C. § 1821(a)(1).  The

4   City paid Mr. Drummond $0.45 per mile for 516 miles, round trip from his home in Sanger to

5   Orange County where the deposition took place, for a total of $232.20, and is entitled to fully tax

6   that cost, in addition to $40 for the daily witness fee.  Likewise, the City is entitled to tax the

7   lodging costs it incurred for Mr. Nunn, who traveled from San Bernardino, in an amount of

8   $289.07.  The Clerk’s taxation of these costs should be affirmed.

9              **C.        Reporter’s Fees Should Have Been Taxed**

10                  Plaintiffs argue that the City is not entitled to costs incurred for court reporter fees for

11   trial transcripts because the City did not obtain prior approval from the court, and some of the

12   transcripts were of hearings that occurred prior to or after the trial.  *See* Mot. at 7.  While it is

13   true that the City did not obtain prior approval, the Local Rules expressly carve out exceptions to

14   the prior approval requirement for, *inter alia*, “transcripts necessarily obtained for appeal.”  *See*

15   Civ. LR 54.1(b)(2)(b) (“Fees Incident to Transcripts – Trial Transcripts.  *Except as provided*

16   *below*, the cost of transcripts is not normally allowable unless, before it is incurred, it is approved

17   by a judge or stipulated to be recoverable by counsel. . . . b. The cost of transcripts necessarily

18   obtained for appeal is allowable.”) (emphasis added).

19                  Given the history of this case, these transcripts were necessarily obtained for an appeal

20   since it was a virtual certainty that regardless of the outcome of trial the losing party would

21   appeal.  *See Asyst Techs. v. Emtrak Inc.*, 2009 U.S. Dist. LEXIS 23834 * 5 (N.D. Cal. Mar. 13,

22   2009) (permitting recovery of costs for trial transcripts given history of the case, where

23   defendant argued that “dailies were necessarily obtained for an appeal, because even at the time

24   of trial [defendant] knew with virtual certainty that however the trial came out the losing party

25   would appeal, . . . [plaintiff] had filed two previous appeals with respect to adverse rulings

26   against it, and so certainly could have been expected to appeal a third adverse ruling.  And given

27   the amount of damages sought by [plaintiff], [defendant] would have had no choice but to appeal

28   an adverse judgment.”); *Affymetrix, Inc. v. Multilyte Ltd.,* 2005 U.S. Dist. LEXIS 41177, 2005

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

8

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT’S OPPOSITION TO PLAINTIFFS’
MOTION TO RETAX COSTS

1   WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (permitting recovery of costs for hearing

2   transcripts where case was so contentiously litigated that it was to be expected that both parties

3   would obtain the transcripts for appeal); *Intermedics, Inc. v. Ventritex, Inc.,* 1993 U.S. Dist.

4   LEXIS 17803, 1993 WL 515879, at *4 (N.D. Cal. Dec. 2, 1993) (same).  These costs should be

5   taxed in the amount of $14,764.88.  *See* Thomas Decl., Ex. 7; Ex. 8.

6   **III.      CONCLUSION**

7          Based on the foregoing, the City respectfully requests the Court deny Plaintiffs' motion

8   and affirm the Clerk's Order taxing costs to the City in the amount of  $193,637.83.

9   Additionally, the City requests the Court order taxation of $14,764.88 for court reporter costs.

10

11  Dated:  October 30, 2009                    LATHAM & WATKINS LLP

12                                                             Office of the City Attorney
                                                               George Schaefer, Deputy City Attorney
13
                                                               By:  /s/ Aryn P. Thomas
14                                                                  Aryn P. Thomas
                                                                    aryn.thomas@lw.com
15                                                             Attorneys for Defendant the City of San Diego

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\698343.2

9

CASE NOS. 05-CV-1629 &06-CV-0538 DMS (RBB)
DEFENDANT'S OPPOSITION TO PLAINITFFS'
MOTION TO RETAX COSTS