1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARCUS R. ABBE, et al.,                          CASE NO. 05cv1629 DMS (JMA)
                                                                 06cv0538 DMS (JMA)
12                                   Plaintiffs,
            vs.                                       **ORDER DENYING PLAINTIFFS'**
13                                                    **MOTION TO RETAX COSTS**

14   CITY OF SAN DIEGO,                               [Doc. 870]

15                                   Defendant.

16

17         Pending before the Court is Plaintiffs' motion to retax costs.  For the following reasons,

18   Plaintiffs' motion is denied.

19                                            **I.**

20                                      **DISCUSSION**

21         On August 26, 2009, Defendant filed an application with the Court Clerk to tax costs in the

22   amount of $210,091.80. (Doc. 853.)  Plaintiffs objected.  A hearing was held on September 10, 2009,

23   and costs were taxed in the amount of $193,637.83. (Doc. 869.)  Plaintiffs filed the instant motion on

24   September 22, 2009.

25         Initially, the Court notes that Plaintiffs' motion to retax costs is untimely.  Pursuant to Federal

26   Rule of Civil Procedure 54(d), Local Rule 54.1(h)(1), and the Clerk's order taxing costs, Plaintiffs had

27   five days from the date the Order was entered to file its motion to retax costs.  Thus, Plaintiffs' motion

28

                                             - 1 -                           05cv1629 DMS (RBB)

1  was due Friday, September 18, 2009, not Tuesday, September 22, 2009.  However, since it is not clear

2  that this five-day limitation is jurisdictional, the Court will address Plaintiffs' contentions on the

3  merits.

4  **A. Deposition Transcripts**

5  Defendant originally sought $92,383.84 for deposition transcripts.  The Clerk found several

6  charges not taxable and taxed costs in the amount of $90,207.83.  Plaintiffs object on several grounds.

7  *1. Necessity*

8  Defendant seeks costs for the depositions of 120 plaintiffs.  Plaintiffs argue that many of the

9  depositions were unnecessary and duplicative because many of the deponents had similar jobs and

10  work experiences.  Plaintiffs suggest Defendant could have taken the deposition of one SWAT

11  member or one Sergeant or one patrol officer and then compared the deposition testimony to answers

12  to written discovery provided by other plaintiffs.  Defendant points out that the case was not a class

13  action or representative action and Defendant deposed less than 10% of the 1400 plaintiffs.  Further,

14  at the time the depositions were conducted, Plaintiffs had not yet identified which Plaintiffs would

15  appear at trial.  Thus, Defendant argues all of the deposition transcripts were for use in the case and

16  were reasonably expected to be used for trial preparation.  The Court agrees with Defendant and allows

17  the costs.

18  *2. Copies of Transcripts*

19  Plaintiffs argue that Defendant is not entitled to copies of deposition transcripts and that

20  Defendant has not offered any sort of accounting indicating the costs of the copies.  Local Rule

21  54.1(b)(3)(a) states that "the cost of an original and one copy of any deposition (including video taped

22  depositions) necessarily obtained for use in the case is allowable."  Defendant provided the invoices

23  for the transcripts. (Thomas Decl., Ex. 2.)  Although the invoices do not break down the cost of the

24  original and the cost of the copy, they clearly state that the cost billed is for the "original and 1 certified

25  copy" of the transcript. (*See, e.g.*,  Invoice No. 15150.)  Thus, the costs are taxable.

26  / / /

27  / / /

28

*3. Cancelled Depositions*

Plaintiffs argue Defendant cannot recover the costs associated with cancelling a deposition. However, Local Rule 54.1(b)(3)(h) states that "the attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness." The cancellations occurred when Plaintiffs failed to appear for properly noticed depositions. (Thomas Dec., ¶ 3.)  The costs are taxable.

**B. Copies**

Defendant sought $101,042.28 for exemplification and copies, of which the Clerk found $100,423.82 taxable. Plaintiffs argue that $57,566.81 of these costs are unexplained and that it is impossible to tell what copying processes were involved.  Defendant has stated that the costs were necessary due to Plaintiffs' need to have certain documents in native formats, the variety of formats and locations where the documents were stored, and the logistics of copying hundreds of thousands of documents.  (Thomas Dec., ¶ 4.)  Defendant has provided a chart describing the documents being copied and the invoice amounts, as well as an explanation of the vendor's terminology used in the invoices.  (Thomas Dec., Exs. 3-4.)  In its original Bill of Costs filed with the clerk, it provided all of the invoices associated with the copying costs.  (Doc. 840-4 at Ex. 5.)  These costs are allowed as copies necessarily obtained for use in the case.

**C. Reporter Fees**

Plaintiff objects to the $14,764.88 requested for court reporter fees for transcripts, despite the fact that the Clerk did not allow those costs.  Defendant argues the costs should have been allowed under Local Rule 54.1(b)(2)(b) as "necessarily obtained for appeal" because it was a virtual certainty that the losing party would appeal.

The Court agrees with Defendant that those costs should have been allowed.  The case was very contentiously litigated, there were often questions as to what had previously been stated on the record, and it was clear from the beginning that the case would be appealed. *See Asyst Techs. v. Emtrak Inc.*, 2009 U.S. Dist LEXIS 23834 at *5-6 (N.D. Cal. 2009); *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 U.S. Dist. LEXIS 41177 at *5-6 (N.D. Cal. 2005); *Intermedics v. Ventitrex, Co.*, 1993 U.S. Dist.

1  LEXIS 17803 at *12 (N.D. Cal. 1993).  Thus, $14,764.88 shall be added to the amount taxed.

2  **D. Filing Costs**

3  Defendant requested costs in the amount of $1,900.80 for filings and associated copying fees.

4  Plaintiff did not object to these costs and the Clerk taxed costs in the full amount.  Plaintiff now

5  argues the costs were unnecessary.  The Court declines to consider an objection not raised to the Clerk.

6  **E. Witness Fees**

7  Defendant sought $6,904.87 in witness fees.  The Clerk found several charges not taxable and

8  taxed costs in the amount of $1,105.27.  Plaintiffs continue to object to the full $6,904.87 without

9  stating specifically which of the fees allowed by the Clerk are objectionable.[1]  The only charges at

10  issue appear to be the travel costs and lodging costs of two of Defendant's experts.  These costs are

11  taxable pursuant to Local Rule 54.1(b)(4)(a)(3) as travel expenses for witnesses from outside the

12  district.

13  **II.**

14  **CONCLUSION**

15  Transcript fees in the amount of $14,764.88 shall be added to the amount already assessed by

16  the Clerk. Costs shall be taxed in the total amount of $208,402.71.

17  **IT IS SO ORDERED.**

18  DATED:  December 16, 2009

19

20  HON. DANA M. SABRAW
    United States District Judge

21

22

23

24

25

26

27

28

---

[1]  Plaintiffs, in a footnote, refer the Court to "Exhibit E" for a breakdown of witness fees and specific objections; however, no exhibits were filed with the Court.